UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*, | Case No. 25-cv-09681 |

**DEBTORS-APPELLEES' LIMITED STATEMENT**
**REGARDING LETTER FROM ROSEMARY WALKER**

On December 1, 2025, the Debtors received notice through ECF of a letter from *pro se* appellant Rosemary Walker that was filed at Dkt. No. 5 (the "**Walker Letter**") in the above-captioned proceeding. The Walker Letter appears to duplicate Ms. Walker's designation of the record and statement of issues on appeal filed in the Bankruptcy Court. (Designation of Contents and Statement of Issues, Bankr. Dkt. No. 8275[1].) Consistent with the requirements of Fed. R. Bankr. P. 8009(a)(2), the Debtors will file a counter-designation of the record and counter-statement of issues on appeal in the Bankruptcy Court in due course.

The Walker Letter also appears to request a stay of the Bankruptcy Court's *Findings Of Fact, Conclusions Of Law, And Order Confirming The Eighteenth Amended Joint Chapter 11 Plan Of Reorganization Of Purdue Pharma L.P. and Its Affiliated Debtors*, Bankr. Dkt No. 8263 (the "**Confirmation Order**"). (Walker Letter at 1.) A stay pending appeal must be sought by motion, supported by appropriate pleadings and evidence, rather than by letter. *See* Fed. R. Bankr. P. 8007, U.S. Dist. Ct. Rules S.&E.D.N.Y. Civ. R. 7.1(a). Out of an abundance of

[1] References to "Bankr. Dkt. No." identify filings on the docket in the case captioned *In re Purdue Pharma L.P.*, No. 19-23649-SHL (Bankr. S.D.N.Y.).

caution, however, Appellees Purdue Pharma L.P. and its affiliated debtors[2] respectfully submit that if the Walker Letter is treated as a motion for a stay pending appeal, it should be denied.

Less than two weeks ago, the Bankruptcy Court denied Ms. Walker's similar request for a stay pending appeal of the order confirming the Debtors' plan, which is supported by over 99% of voting creditors, including the statutory Official Committee of Unsecured Creditors and every organized creditor group of both public and private claimants, all 50 U.S. States, and thousands of municipalities across the country. Just five individuals, all proceeding *pro se*, have filed notices of appeal. In denying the stay, the Bankruptcy Court held that a movant seeking a stay is "required to 'show satisfactory evidence on all four'" of the requisite criteria for a stay pending appeal. Modified Bench Ruling Granting Confirmation of the Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("**MBR**") at 63 n.3 (quoting *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014)), Bankr. Dkt. No. 8270. Ms. Walker's letter offers only conclusory assertions that each of the four stay factors is satisfied, devoid of any legal analysis or evidentiary support. In particular, Ms. Walker fails here (as she did before the Bankruptcy Court) to demonstrate that she will suffer irreparable harm, an essential prerequisite for a stay pending appeal. *E.g.*, *Teva Pharms. USA,*

---

[2] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Inc. v. Sandoz, Inc.*, 572 U.S. 1301 (2014) (Roberts, C.J., in chambers) (denying stay where movant failed to show irreparable harm, despite demonstrating reasonable probability that the Supreme Court would grant certiorari and fair prospect that the Court would reverse). By contrast, in denying her request for a stay, the Bankruptcy Court found that there is "harm that will be caused to claimants by a delay in these proceedings after six long years." MBR at 63 n.3. Ms. Walker identifies no reason to question that conclusion.

In the event that a stay motion is properly filed, or if the Court wishes to construe the Walker Letter as a motion to stay the Confirmation Order and would benefit from additional briefing, the Debtors and other plan supporters are prepared to respond expeditiously with full briefing and supporting evidence[3] at the appropriate time.

[*Signatures on next page*.]

---

[3] At an earlier stage in these cases, the Debtors-Appellees provided extensive evidence of the harm the Estates and their creditors would suffer from imposition of a stay. *See* Decl. of Jesse DelConte dated October 22, 2021 ¶ 26, Bankr. Dkt. No. 4015 (demonstrating in 2021 that just a three-month stay of the confirmation order would delay $1.2212 billion in distributions and cause net present value loss of $15.7 million); Decl. of Jesse DelConte dated July 17, 2023 ¶ 21, *In re Purdue Pharma, L.P.*, No. 22-110-bk(L) (2d Cir. July 17, 2023), Dkt. No. 1019 (demonstrating in 2023 that just a three-month stay would cause billions of dollars in delayed distributions and approximately $50 million in net present value loss). In the event a stay motion is properly filed or the Court orders full briefing on a stay, the Debtors-Appellees would provide new evidence of the extraordinary harms that the Estates and creditors would suffer from imposition of a stay. The Debtors would further demonstrate, among other things, that a bond would be appropriate. *See* Fed. R. Bankr. P. 8007.

Dated: December 3, 2025
New York, New York

Respectfully Submitted,

By: */s/ Marshall S. Huebner*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors*
*and Debtors in Possession*