**Davis Polk**

Ben Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

December 16, 2025

Re: *In re Purdue Pharma L.P.*, No. 25-cv-09681 (S.D.N.Y)

Hon. Nelson S. Román
United States District Court for the
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St., Room 218
White Plains, NY 10601-4150

Your Honor:

Davis Polk & Wardwell LLP represents the Debtors-Appellees in this action. As Your Honor may already be aware, the above-captioned appeal is one of eight appeals, five of which were timely filed, that were taken from the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 18, 2025) (Dkt. No. 8263) (the "**Confirmation Order**") in the bankruptcy proceedings of the Debtors before the Honorable Sean H. Lane. Each of the Appellants is proceeding *pro se*.

The Debtors-Appellees write to respectfully request that (i) the case caption be amended to reflect the comprehensive list of appellees in this appeal; (ii) the appeals identified below be administratively consolidated under the first-docketed appeal at case number 25-cv-09681; and (iii) the Court enter an order providing a consolidated schedule for merits briefing on the appeals.[1]

**Participation of Additional Appellees**

At present, the Debtors-Appellees alone are identified as appellees in these actions. In appeals from a prior confirmation order in these bankruptcy cases, several groups representing creditors also participated as appellees. These included the statutorily-appointed Official Committee of Unsecured Creditors, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Multi-State Governmental Entities Group, and the Ad Hoc Group of Individual Victims (together, the "**Creditor Appellees**").[2] Each of these groups submitted briefs and offered witness testimony in the bankruptcy court in support of confirmation, and was granted status as an appellee in connection with the appeal of confirmation to the District Court in 2021.[3] The Debtors-Appellees believe these groups' participation is both appropriate and

---

[1] Pursuant to Local Civil Rule 7.1(d), "non-dispositive" matters such as these may be brought by letter-motion.

[2] *See, e.g.*, Brief Regarding Status as Appellees of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P., Et Al., Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, Multi-State Governmental Entities Group, Ad Hoc Group of Individual Victims and NAS Committee, *Washington v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 21-cv-7532(CM) (S.D.N.Y.).

[3] *See, e.g.*, Ad Hoc Committee's Reply to Plan Objections, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8172); The Multi-State Governmental Entities Group's Statement In Support of the Fourteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8153); The Ad Hoc Group of Individual Victims' Statement in Support of Confirmation of the Debtors' Joint Chapter 11 Plan of Reorganization and Limited Reply to Certain Plan Objections, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8151); Statement of the Official Committee of Unsecured Creditors in Support of Confirmation of the Fourteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8165).

**Davis Polk**

necessary: they represent essential creditor constituencies that support the Plan, that stand to receive long-awaited distributions for opioid remediation and victim compensation, and that therefore have a great interest in the outcome of this Appeal.

With the permission of each of the Creditor Appellees, the Debtors-Appellees request that the Court amend the case caption to reflect that each of the Creditor Appellees are properly appellees in this action, alongside the Debtors.

**Request for Consolidation of Appeals**

The eight appeals from the Confirmation Order present common questions of both law and fact. All eight of these appeals are taken by *pro se* parties, taken from the same order, present substantially similar theories, and are based on a single record. The appellants each contend that the Debtors' plan of reorganization was not properly confirmed. Despite this overlap, the appeals are proceeding separately; only four of the appeals have been docketed to date, and as each appeal is docketed the associated deadlines will lead to uncoordinated and duplicative briefing of identical issues.

The Court has the power to administratively consolidate appeals pursuant to Federal Rule of Civil Procedure 42(a), which provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The Second Circuit has interpreted this rule as granting "broad discretion" to the district courts to consolidate cases with factual or legal overlap. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (affirming consolidation and recognizing that "considerations of judicial economy favor consolidation[]"); *see also In re MF Glob. Holdings, Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (recognizing the court's "broad discretion" to consolidate or alternatively dismiss multiple overlapping actions). Given the overlap in subject matter and the record on appeal, consolidation of these appeals, and coordination of their briefing schedules, serves the aims of judicial economy and of preserving the value of the Debtors' estates for their creditors.

Below, we list the captions of the eight pending appeals (include those that were untimely noticed), and the docket number of the appeal where available.

- *Walker v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 25-cv-09681 (S.D.N.Y.)

- *Bass v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 25-cv-10282 (S.D.N.Y.)

- *Morales v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 25-cv-10158 (S.D.N.Y.)

- *Redwood v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 25-cv-10327 (S.D.N.Y.)

- *Ecke v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 25-cv-10420 (S.D.N.Y.)

- *Pitts-Tillman v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, (S.D.N.Y.)[4]

- *Isaacs v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, (S.D.N.Y.)[5]

---

[4] Ms. Pitts-Tillman's appeal is untimely. The Confirmation Order was entered on November 18, 2025, and the 14-day time to appeal ran on December 2, 2025. Ms. Pitts-Tillman filed her notice of appeal on December 3, 2025. *See* Notice of Appeal and Statement of Election, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8339).

[5] Ms. Isaacs' appeal is untimely. The Confirmation Order was entered on November 18, 2025, and the 14-day time to appeal ran on December 2, 2025. Ms. Isaacs filed her notice of appeal on December 4, 2025. *See* Notice of Appeal, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8336).

**Davis Polk**

- *Jannotta v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, (S.D.N.Y.)[6]

Consolidation will also reduce the administrative burden of the Court, and the burden on the estates, of ensuring the participation of creditor representatives in these appeals as described above.

Finally, consolidation of these appeals is consistent with the approach taken by the District Court and Second Circuit, which consolidated appeals taken from the 2021 order confirming a prior plan of reorganization.  *See Washington v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 21-cv-7532(CM) (S.D.N.Y.) (Dkt. No. 55) (*sua sponte* consolidating appeals from the Debtors' prior confirmed plan of reorganization).

For the foregoing reasons, the Debtors respectfully request that the Court administratively consolidate the above-referenced appeals.

**Request for Scheduling Order**

In the interests of conserving judicial resources and addressing these bankruptcy appeals in a cost-efficient manner, the Debtors respectfully request that the Court order a consolidated schedule governing briefing in the above-referenced appeals.  Given the overlap in legal issues and the common factual record, a consolidated schedule will "achieve the orderly and expeditious disposition of [these] cases."  *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (recognizing that "a district court possesses inherent powers . . . to manage [its] own affairs); *see also In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (holding that the district courts' "well established" power to manage their dockets "is particularly acute where the litigation is complex and continuing" (internal quotation marks omitted)).

To limit the burden on the Court and the parties, the Debtors propose that the Court order the following consolidated schedule.

| Event | Date |
| --- | --- |
| Appellees' Deadline to File Omnibus Counter-Statement of Issues and Counter-Designation of the Record | January 6, 2025 |
| Appellants' Deadline to File Opening Briefs on the Merits and Appendices | February 5, 2026 |
| Appellees' Deadline to File Responsive Briefs on the Merits and Appendices | March 9, 2026 |
| Appellants' Deadline to file Reply Briefs | March 23, 2026 |

Respectfully yours,


*/s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky

**Electronic Filing**

---

[6] Ms. Jannotta's appeal is untimely.  The Confirmation Order was entered on November 18, 2025, and the 14-day time to appeal ran on December 2, 2025.  Ms. Jannotta filed her notice of appeal on December 9, 2025.  *See* Notice of Appeal of Mary Jannotta, Pro Se Creditor, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. 2025) (Dkt. No. 8370).