# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**Case No.Consolidated: 25-cv-09681 Individual District case: 25-cv-10427**

**Referred from SDNY: 19-23469**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/30/2025

**Purdue Pharma, et al.**

_____

**Ellen Isaacs,**

   **Appellant**

**Purdue Pharma, et al**

   **Appellee(s)**

## MOTION FOR LEAVE TO FILE AN OVERSIZED OPENING BRIEF

WITH MEMORANDUM OF LAW

Appellant Ellen Isaacs, appearing *pro se*, respectfully moves this Court for an order granting leave to file an Opening Brief in excess of the page limitation set forth in Federal Rule of Bankruptcy Procedure 8015(a)(5). Appellant acknowledges that Appellees oppose this request. Nevertheless, for the reasons set forth below, good cause exists, and the requested relief is consistent with the practice of this Court and others within the Second Circuit.

This appeal presents unprecedented issues involving:

- structural constitutional error;

*MEMO ENDORSED*

*See* Pg. 5

- violations of *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2078 (2024);

- conflicts invoking **28 U.S.C. § 455(a)**;

- ultra vires adjudication under *Stern* and *Marathon*;

- fraud on the court (*Hazel-Atlas*, *Chambers*);

- concealed plan modifications;

- the removal of the affidavit pathway;

- defective and delayed notice;

- coercive releases;

- unfair discrimination; and

- cumulative due-process violations.

# MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

This appeal arises from confirmation proceedings and related rulings in a complex, multi-year bankruptcy case involving a voluminous record and multiple independent grounds for appellate review. Appellant acknowledges that Appellees oppose the present request. As reflected in the procedural history of this matter, Appellees have consistently opposed Appellant's filings throughout the proceedings, including at each stage of appellate review. Notwithstanding such opposition, Appellant respectfully submits that a modest enlargement of the page limit is warranted to ensure that the issues are presented accurately, coherently, and in a manner that assists the Court in its review.

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8015(a)(5) authorizes the Court to permit briefs exceeding the default page limits upon a showing of good cause. The determination is committed to the Court's discretion and turns on whether an enlarged brief will aid, rather than burden, judicial review.

Courts in the Southern District of New York have recognized that good cause exists where:

- the record is unusually large or procedurally complex;
- the appeal raises multiple distinct legal issues; or
- strict enforcement of page limits would risk obscuring material arguments.

See, e.g., *In re Motors Liquidation Co.*, 514 B.R. 377, 382 n.4 (S.D.N.Y. 2014) (permitting enlarged briefing due to scope and complexity of record);
*In re MF Glob. Holdings Ltd.*, No. 14 Civ. 1520, 2015 WL 5741424, at *1 n.1 (S.D.N.Y. Sept. 30, 2015) (granting leave to exceed page limits where appeal involved numerous issues and extensive history).

---

## III. GOOD CAUSE EXISTS NOTWITHSTANDING OPPOSITION

Although Appellees oppose this motion, opposition alone does not defeat a showing of good cause. Courts focus on whether the enlargement is reasonable and whether it will materially assist the Court. See *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (recognizing district court discretion to permit expanded briefing where necessary for fair presentation of issues).

Good cause exists here for the following reasons:

### A. The Appeal Presents Multiple Independent Legal Questions

The appeal raises several distinct categories of issues, including jurisdictional authority, adjudicatory structure, conflicts of interest, notice and due-process concerns, and the scope and enforceability of plan provisions. Each issue rests on a different legal framework and must be addressed separately to avoid confusion or conflation.

Courts have recognized that page extensions are appropriate where "compression would undermine clarity." *In re Sabine Oil & Gas Corp.*, 547 B.R. 503, 509 n.6 (S.D.N.Y. 2016).

### B. The Record on Appeal Is Extensive

The record includes multiple confirmation hearings, written opinions, transcripts, and plan-related filings spanning several years. Accurate citation and contextual explanation are required to present the issues fairly. See *In re Residential Capital, LLC*, 533 B.R. 379, 382 n.3 (S.D.N.Y. 2015) (allowing expanded briefing due to size of record and number of rulings challenged).

### C. The Requested Enlargement Is Modest and Proportional

Appellant seeks leave to file an Opening Brief not to exceed **40–45 pages**, representing a limited expansion beyond the default rule. Courts routinely permit such modest enlargements where justified. See *In re Quigley Co.*, 437 B.R. 102, 106 n.2 (S.D.N.Y. 2010).

## IV. APPELLEES WILL NOT BE PREJUDICED

Appellees will not be prejudiced by the requested relief. The enlargement:

- does not alter the standard of review;
- does not expand the record;
- does not impose additional briefing obligations beyond those already contemplated by the Rules.

Courts have consistently held that the absence of meaningful prejudice weighs strongly in favor of granting such motions. See *In re LATAM Airlines Grp. S.A.*, 620 B.R. 722, 726 n.5 (S.D.N.Y. 2020).

## V. CONCLUSION

For the foregoing reasons, and notwithstanding Appellees' opposition, Appellant respectfully requests that the Court grant leave to file an oversized Opening Brief not to exceed **40–45 pages**, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Ellen Isaacs**
Ellen Isaacs
Pro Se Appellant
1029 Queensway Drive
Weidman, Michigan 48893
Email: ryansopc@gmail.com
Telephone: (561) 860-0770

Dated: December 23, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2025, I caused a true and correct copy of the foregoing:

- **Motion for Leave to File an Oversized Opening Brief**, and

- **Certificate of Service**

to be served via the Court's CM/ECF and/or prose@nysd.uscourts.gov electronic filing system upon all registered parties in this appeal.

**Ellen Isaacs**
Pro Se Appellant
1029 Queensway Dr.
Weidman, Michigan 48893

**The Court has received *pro se* Appellant's motion for leave to file excess pages in connection with the opening brief addressing the merits of this bankruptcy appeal. (ECF No. 19.) First, since this matter is currently not consolidated, the Court directs Appellant file submissions only under her own individual case number—7:25-cv-10427. Second, because the merits of this bankruptcy appeal are stayed pending the Court's ruling on Appellee's anticipated motion for consolidation (*see* ECF No. 11), the Court DENIES Appellant's motion without prejudice. Should Appellant wish to refile the motion, she is instructed to wait until the Court has addressed the Appellee's anticipated motion for consolidation.**

**The Clerk of Court is kindly directed to mail this Endorsement to *pro se* Appellant at the address listed on ECF and to show service on the docket. The Clerk of Court is also kindly directed to terminate the motions at ECF No. 19 on this docket, and ECF No. 44 on docket number 7:25-cv-9681.**

**Dated: December 30, 2025**
    **White Plains, NY**

SO ORDERED:

[signature]

NELSON S. ROMÁN
United States District Judge