**Davis Polk**

Ben Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

January 5, 2026

Re: *In re Purdue Pharma L.P.*, No. 25-cv-09681 (S.D.N.Y)

Hon. Nelson S. Román
United States District Court for the
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St., Room 218
White Plains, NY 10601-4150

Your Honor:

The Appellees[1] respectfully submit this joint letter pursuant to the Court's Memorandum Endorsement (Dkt. No. 20[2]) directing the Appellees to respond to Appellant Rosemary Walker's letter motions seeking leave to file a motion to stay the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 18, 2025) (Bankr. Dkt. No. 8263) (the "**Confirmation Order**").

For the reasons detailed below, the Appellees respectfully request that Ms. Walker's request be denied without prejudice to refile at the appropriate juncture, if any, or held in abeyance. Ms. Walker has filed multiple renewed stay motions that are currently pending before the Bankruptcy Court, as are stay motions filed by other appellants. The Appellees have recently filed their oppositions to those stay motions. Judicial efficiency would be best served by this Court considering Ms. Walker's request for a stay from this Court only after the Bankruptcy Court has ruled on her three pending stay motions (and any others).

**Procedural Background**

Bankruptcy Rule 8007 provides that "a party must move first in the bankruptcy court" for "a stay of the bankruptcy court's judgment, order, or decree pending appeal[.]" Fed. R. Bankr. P. 8007(a)(1)(A). After disposition of a motion before the bankruptcy court (or showing that awaiting such disposition would be "impracticable"), an appellant may move for a stay from the court where the appeal is pending. Fed. R. Bankr. P. 8007(b)(2)(A).

Currently, Ms. Walker and four other individuals are prosecuting stay motions in the Bankruptcy Court as Rule 8007 requires.[3] Ms. Walker has filed five motions in the Bankruptcy Court for a stay of the Confirmation Order as well as numerous motions seeking other relief since the Bankruptcy Court held the

---

[1] The Appellees are Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (the "**Debtors**"), the Official Committee of Unsecured Creditors of Purdue Pharma L.P., the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., and the Multi-State Governmental Entities Group.

[2] Unless otherwise specified, "Dkt. No." references filings in the above-captioned appeal and "Bankr. Dkt. No." references filings in *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y.).

[3] Ms. Walker did not file a proof of claim before the July 2020 bar date in Purdue's chapter 11 cases, and the Bankruptcy Court has not yet decided whether she has shown the requisite cause to treat the proof of claim she filed in 2025 as timely. As an accommodation to Ms. Walker, the Debtors permitted her to submit a provisional ballot and provisionally elect to opt-in to the third party releases contained in the plan of reorganization, notwithstanding that her putative proof of claim was submitted to the Debtors' claims agent after the record date for voting on the plan.

**Davis Polk**

confirmation hearing.  Two of Ms. Walker's motions were filed before the Bankruptcy Court even issued its Modified Bench Ruling setting forth the Bankruptcy Court's reasons for confirming the plan of reorganization.[4]  Because these initial requests for a stay did "not address any of the four factors that the Court should consider in granting a motion to stay an order pending appeal," the Bankruptcy Court denied her requests for a stay in its Modified Bench Ruling.  Modified Bench Ruling at 63 n.3 (Bankr. Dkt. No. 8270).

Ms. Walker then filed two requests seeking leave to file a motion to stay the Confirmation Order in this Court at Dkt. Nos. 8, 12 (the "**Stay Letter Motions**").  Ms. Walker also filed several iterative stay requests before the Bankruptcy Court, after that Court had entered the Modified Bench Ruling.  (Bankr. Dkt. Nos. 8387, 8410, 8445, 8448, 8449).

Four other individuals, also proceeding *pro se*, filed stay motions in the Bankruptcy Court seeking identical relief.  The Bankruptcy Court ordered a consolidated schedule for filing and briefing the *pro se* stay motions.  Order Setting Deadlines Related to the Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization, (Bankr. Dkt. No. 8394) (the "**Bankruptcy Scheduling Order**").[5]  Pursuant to that order, Ms. Walker's three pending stay requests in the Bankruptcy Court are subject to a consolidated briefing schedule with stay requests by four other *pro se* parties.

On December 30, 2025, the Debtors filed an omnibus response in opposition to the stay motions pending before the Bankruptcy Court and a supporting declaration providing evidence of the extraordinary harms that other creditors and the Debtors would suffer should a stay be issued. (Bankr. Dkt. No. 8458).  The Debtors' omnibus response is attached hereto as **Exhibit A**, and the supporting declaration is attached hereto as **Exhibit B**.  Several creditor groups and Appellees in this Appeal filed joinders to the Debtors' stay opposition, including the Official Committee of Unsecured Creditors (Bankr. Dkt. No. 8462) the statutory fiduciary for all unsecured creditors appointed by the Department of Justice; the Ad Hoc Committee of Governmental and other Contingent Litigation Claimants (Bankr. Dkt. No. 8461); the Multi-State Governmental Entities Group (Bankr. Dkt. No. 8457); and the Ad Hoc Group of Individual Victims (Bankr. Dkt. No. 8461).  Replies in further support of the stay motions pending before the Bankruptcy Court are due on January 8.  Bankruptcy Scheduling Order ¶ 3.

### Ms. Walker's Stay Motions Should be Held in Abeyance or Denied Without Prejudice Until the Bankruptcy Court Disposes of All Pending Stay Motions

The Bankruptcy Rules provide that stay motions should be addressed by appellate courts only after being resolved by the bankruptcy court unless circumstances make that orderly procedure "impracticable."  Fed. R. Bankr. P. 8007.  Under that procedure, Ms. Walker's stay motions before this Court should be held in abeyance or denied without prejudice until the Bankruptcy Court addresses all of the stay motions before it, including Ms. Walker's three stay motions that remain pending in the Bankruptcy Court.

Ms. Walker has offered no evidence to suggest that moving in the Bankruptcy Court is "impracticable" as Rule 8007 requires.  To the contrary, the Bankruptcy Court ruled on Ms. Walker's first two stay motions within days of their filing.  There is every reason to believe that the Bankruptcy Court will also promptly adjudicate her iterative stay requests together with those of the other appellants.  Under the consolidated briefing schedule for stay motions, and as noted above, briefing will be completed later this week, on January 8, 2026.  *See* Bankruptcy Scheduling Order ¶ 3.

---

[4] *See* Bankr. Dkt. Nos. 8259 (Nov. 17, 2025); 8261 (Nov. 18, 2025); 8264 (Nov. 18, 2025) (amending Dkt. No. 8261).

[5] Ms. Walker's most recent stay request in the Bankruptcy Court was filed on December 29, eleven days after the December 18 deadline to file such a request.  Bankruptcy Scheduling Order ¶ 1.

**Davis Polk**

Through her three pending stay motions before the Bankruptcy Court, Ms. Walker seeks identical relief to that which she seeks from this Court.  Should the Bankruptcy Court deny the pending stay motions, it would conserve limited judicial resources and minimize duplicative briefing and costs to the parties to order that any stay motions be briefed and litigated in the District Court on a consolidated basis.  And should the Bankruptcy Court grant Ms. Walker's stay motion—or any other pending stay motion—and should any successful movant post the requisite bond if required by the Bankruptcy Court, the imposition of a stay by the Bankruptcy Court would moot Ms. Walker's request before this Court.  In either case, judicial economy would be best served by addressing any stay motion in this Court only *after* the Bankruptcy Court has ruled on the stay motions that are pending before it.

The need for procedural efficiency is particularly acute in these appeals given the number of active appellants and appellees.  As the Court is aware, the Appellees include the Debtors and four creditor groups; Ms. Walker and four other Appellants have moved for a stay in the Bankruptcy Court, likely resulting in five stay motions being pursued in this Court if the Bankruptcy Court does not issue a stay.  And the relatively brief history of these appeals suggests that the Court may receive multiple duplicative filings from Appellants.  If Appellees are required to oppose iterative stay requests such as Ms. Walker's on an uncoordinated basis, the Court will be burdened with a multiplicity of largely duplicative briefs and a piecemeal presentation of the issues.

For the foregoing reasons, the Appellees respectfully request the Court (i) defer consideration of Ms. Walker's stay motions until after the resolution of all of her pending stay motions in the Bankruptcy Court or deny without prejudice her motions for leave to file a stay motion; and (ii) address Ms. Walker's existing stay motions, as well as any future iterations, on a consolidated basis with any other stay motions that may be filed by the four other movants currently seeking a stay in the Bankruptcy Court.

If the Bankruptcy Court denies the stay motions pending before that court, the Appellees expect to propose, for this Court's consideration, a consolidated schedule for briefing any and all stay motions filed in this Court.

Respectfully yours,

*/s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky

**Electronic Filing**