DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Ben Kaminetzky
Eli J. Vonnegut
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Case No. 25-cv-09681** |
| | **Case No. 25-cv-10282** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 25-cv-10158** |
| | **Case No. 25-cv-10327** |
| **Debtors.**[1] | **Case No. 25-cv-10420** |
| | **Case No. 25-cv-10433** |
| | **Case No. 25-cv-10427** |
| | **Case No. 25-cv-10646** |

**APPELLEES' MEMORANDUM OF LAW IN SUPPORT OF CONSOLIDATION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 2

    I.   The Debtors' Bankruptcy.......................................................................................... 2

    II.  Confirmation of the Plan of Reorganization............................................................ 5

         A.  The Confirmation Hearing and Objections.................................................5

         B.  The Confirmation Decision.........................................................................6

    III. The Appeals ............................................................................................................. 6

ARGUMENT........................................................................................................................... 8

    I.   Consolidation Is Appropriate Because the Appeals Involve Common Questions of Law or Fact .......................................................................................................... 10

    II.  Judicial Efficiency Favors Consolidation and Any Risk of Prejudice Is Minimal........... 12

         A.  Judicial Efficiency Favors Consolidation .................................................12

         B.  Consolidation Will Not Prejudice Appellants.............................................13

CONCLUSION....................................................................................................................... 15

i

# TABLE OF AUTHORITIES

### CASES

PAGE(S)

*Buczek v. KeyBank N.A.,*
   2022 WL 3648567 (W.D.N.Y. Aug. 24, 2022) ..........................................................................10

*In re Buczek*,
   2023 WL 7180644 (2d Cir. Nov. 1, 2023)................................................................................ 10

*City of New York v. Fedex Ground Package Sys., Inc.*,
   2016 WL 1532252 (S.D.N.Y. Apr. 15, 2016) .....................................................................11, 12

*Delaney v. Messer,*
   2023 WL 2614099 (E.D.N.Y. Mar. 20, 2023) ........................................................................10

*Delre v. Perry,*
   288 F.R.D. 241 (E.D.N.Y. 2012) ......................................................................................13, 14

*In re Great Atl. & Pac. Tea Co., Inc.*,
   2011 WL 5546954 (S.D.N.Y. Nov. 14, 2011) ..........................................................................10

*Hall v. Hall,*
   584 U.S. 59 (2018) .....................................................................................................8, 12, 14

*Harrington v. Purdue Pharma L.P.,*
   603 U.S. 204 (2024).........................................................................................................4

*In re Highland Cap. Mgmt., L.P.*,
   2022 WL 2193000 (N.D. Tex. June 17, 2022) .........................................................................10

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).............................................................................2, 8, 9, 12, 14

*KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*,
   600 B.R. 214 (S.D.N.Y. 2019)...............................................................................................12

*In re Mergenthaler*,
   2015 WL 13227954 (E.D.N.Y. Apr. 29, 2015) ........................................................................10

*In re MF Glob. Holdings, Ltd.*,
   464 B.R. 619 (Bankr. S.D.N.Y. 2012) ................................................................................. 8-9

*Ocean Ships, Inc. v. Stiles*,
   2003 WL 22741457 (S.D.N.Y. Nov. 19, 2003).................................................................12, 13, 14

*In re Purdue Pharma, L.P.,*
    69 F.4th 45 (2d Cir. 2023) ................................................................................................4

*In re Purdue Pharma, L.P.,*
    633 B.R. 53 (Bankr. S.D.N.Y. 2021) ...............................................................................3

*In re Tronox Inc.,*
    2022 WL 3903558 (S.D.N.Y. Aug. 30, 2022) ............................................................9, 10, 13

*Waldman v. Electrospace Corp.,*
    68 F.R.D. 281 (S.D.N.Y. 1975) ......................................................................................12

*In re Windstream Holdings, Inc.,*
    2020 WL 4481933 (S.D.N.Y. Aug. 3, 2020) ..............................................................9, 10, 11

## Statutes & Rules

11 U.S.C. § 1129 .............................................................................................................. 6

Fed. R. Bankr. P. 8003 ..................................................................................................... 9

Fed. R. Civ. P. 42(a) ........................................................................................................9

The Appellees[1] hereby file this motion (the "**Motion**") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 8003(b)(2) of the Federal Rules of Bankruptcy Procedure seeking to consolidate eight appeals–all of which challenge the same order confirming the Debtors' chapter 11 plan of reorganization–pending before this Court.[2]

## PRELIMINARY STATEMENT

Eight appeals of a single bankruptcy court order confirming the Debtors' reorganization plan are pending before this Court, scattered across as many dockets. This state of affairs is a recipe for wasteful duplication and procedural confusion. Appellees' responses to these eight appeals will involve overlapping issues of law and fact. Yet, if the appeals proceed in an unconsolidated fashion, Appellees would likely be required to file a total of 40 responsive briefs— one brief for each of the five Appellees on each of the eight separate dockets. Such unnecessary duplication is bound to tax the resources of the Court. It is also bound to squander the resources of the Debtors' estates—value that should instead be preserved for distribution to creditors, pursuant to a plan of reorganization supported by over 99% of voting creditors, including all U.S. States, the Official Committee of Unsecured Creditors, and every ad hoc organized creditor group representing the interests of virtually all persons in the United States.

Consolidation of these appeals would avoid such a prejudicial waste of resources and piecemeal presentation of issues to the Court. Importantly, consolidation would <u>fully preserve</u> the

---

[1] The Appellees are Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (the "**Debtors**"), the Official Committee of Unsecured Creditors of Purdue Pharma L.P. (the "**UCC**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**AHC**"), the Ad Hoc Group of Individual Victims of Purdue Pharma L.P. (the "**Ad Hoc Group of Individual Victims**"), and the Multi-State Governmental Entities Group (the "**MSGE Group**").

[2] The pending appeals are Case Nos. 25-cv-09681, 25-cv-10282, 25-cv-10158, 25-cv-10327, 25-cv-10420, 25-cv-10433, 25-cv-10427, 25-cv-10646 (together, the "**Appeals**").

rights of each Appellant to raise her or his own arguments, in her or his own separate brief, while allowing Appellees to respond in an omnibus fashion, on a coordinated schedule.

This Court has broad discretion to consolidate actions that involve a common question of law or fact, where judicial economy and the absence of prejudice favor consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In the context of appeals from bankruptcy court orders, district courts regularly consolidate actions stemming from the same bankruptcy proceeding, even where, unlike here, appeals are taken from *different* orders. Consolidation of appeals taken from the *same* bankruptcy court order—as is the case here—is routine.

Earlier in these very cases, Judge McMahon of this Court consolidated, and the Second Circuit continued to treat as a single proceeding, sixteen appeals taken from two orders: the prior confirmation order and a separate order authorizing advance funding to the trusts to be established under a prior plan. Judge McMahon, and later, the Second Circuit, consolidated those appeals even though the then-appellants were a diverse group of States, municipalities, foreign municipal and tribal entities, individuals, and one federal government office, advancing an array of arguments on appeal. Now, when the Appellants are all individual *pro se* creditors of the Debtors advancing overlapping theories as to why a single Bankruptcy Court order should be vacated, it is even more apparent that consolidation is appropriate because adjudicating the appeals will require the Court to review the same body of law and factual record. For these reasons and the reasons that follow, the Appellees respectfully request that the Appeals be consolidated.

## BACKGROUND

### I.    The Debtors' Bankruptcy

The Debtors are pharmaceutical companies that manufacture FDA-approved medications, including the prescription drug OxyContin and other synthetic opioids. (Modified Bench Ruling

2

("**MBR**") at 10, 13, *In re Purdue Pharma L.P.,* Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 20, 2025) (Dkt. No. 8270).)  On September 15, 2019, the Debtors filed for bankruptcy under Chapter 11 of the Bankruptcy Code.  (Debtors' Informational Brief, *In re Purdue Pharma L.P.,* Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Sept. 16, 2019) (Dkt. No. 17).)  At the time of the filing, the Debtors were named Defendants in thousands of cases across a variety of jurisdictions alleging trillions of dollars in liability in connection with the Debtors' marketing, manufacturing, and sale of opioid medications.  (MBR at 13.)  The plaintiffs in these suits included individuals, corporations, states, territories, Native American tribes, and municipalities.  (*Id.*)

After extensive litigation, several rounds of court-ordered mediation, and a discovery process the bankruptcy court described as "the most extensive discovery process [that] I believe any court in bankruptcy has ever seen," (*See In re Purdue Pharma L.P.*, 633 B.R. 53, 85-86 (Bankr. S.D.N.Y. 2021)), the Bankruptcy Court confirmed a plan of reorganization (the "**2021 Plan**") in September 2021.  That plan provided for a non-consensual release of creditors' claims against certain of the Debtors' former shareholders, officers, and directors, including members of the Sackler families (together, the "**Sackler Parties**"), in exchange for billions of dollars in consideration from the Sackler Parties.  (MBR at 20.)

The United States Trustee, eight states, the District of Columbia, a handful of local governments, a group of Canadian municipalities and tribes, and certain *pro se* individuals—some of whom are again appellants here—appealed the 2021 confirmation to the United States District Court for the Southern District of New York.  (*See* MBR at 20-21.)  Their appeals were initially scattered across sixteen dockets in the District Court.  Acting *sua sponte*, the District Court consolidated the appeals.  The District Court vacated the 2021 Plan in December 2021.  It held that the Bankruptcy Code does not authorize non-consensual third-party releases, but rejected other

3

challenges, including to the Plan's classification and treatment of unsecured creditors.  (MBR at 21.)

The Debtors and four supportive organized creditor constituencies, including the Appellees in this Appeal, sought interlocutory appeal to the Second Circuit; a group of Canadian municipal and tribal claimants, whose appeal had been unsuccessful at the District Court also cross-appealed. The Court of Appeals granted leave to appeal and consolidated the appeals and cross-appeal on a single docket.  In May of 2023, the Second Circuit reversed the District Court and affirmed the Bankruptcy Court's order confirming the plan of reorganization.  *In re Purdue Pharma, L.P.*, 69 F.4th 45 (2d Cir. 2023).  The US Trustee sought certiorari, which the Supreme Court granted to consider the permissibility of nonconsensual third-party releases under the Bankruptcy Code. (MBR at 21.)  In June of 2024, the Supreme Court—in a 5 to 4 decision—reversed the Second Circuit, and held that the Bankruptcy Code does not authorize non-consensual, non-debtor releases.  *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024) (the "**Supreme Court Decision**").  The Supreme Court remanded the case for further proceedings.

Following the Supreme Court Decision, the Debtors and other parties in interest, including the creditor groups who are Appellees in these Appeals, engaged in a multi-month mediation process in an effort to preserve many of the interdependent intercreditor settlements under the 2021 Plan and reach a new resolution of claims against third parties to fund those intercreditor settlements, all while complying with the Supreme Court Decision.  (MBR at 22.)  The mediation was ultimately successful, and on June 5, 2025, the Debtors proposed a plan of reorganization that will provide over $7 billion to creditors, and, consistent with the Supreme Court Decision, only contains <u>consensual</u> third-party releases.  (*See* Thirteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors, *In re Purdue Pharma L.P.,* Case

No. 19-23649 (SHL) (Bankr. S.D.N.Y. June 5, 2025) (Dkt. No. 7508) (as amended, supplemented or otherwise modified from time to time, the "**Plan**").) The Plan only releases creditors' claims against the Sackler Parties where a creditor affirmatively elects to do so, and no creditor is required to give a release to be eligible to receive consideration on account of their claims against the Debtors. (MBR at 22-23.) The Plan provides for the settlement proceeds, along with Debtors' assets, to be channeled to compensating victims and abating the opioid crisis. (*Id.*)

II.    **Confirmation of the Plan of Reorganization**

A.    **The Confirmation Hearing and Objections**

On November 12, 2025, the Bankruptcy Court commenced a multi-day trial on confirmation of the Plan. The Debtors and other plan supporters including Appellees in these Appeals put forth 19 witnesses and thousands of pages of evidence in support of confirmation of the Plan. (MBR at 30.) Not a single party objected to the introduction of the testimony of any of the Debtors' witnesses, or to the exhibits introduced through their testimony. (*Id.*) Only one *pro se* claimant—who is not an Appellant—elected to cross examine any of the 19 witnesses.

By the end of the confirmation hearing, only 19 *pro se* litigants (eight of whom are Appellants in these cases)–out of hundreds of thousands of creditors–filed papers that could reasonably be construed as objections to the Plan. (*See* Debtors' Memorandum of Law in Support of Confirmation at 1 n.2, *In re Purdue Pharma L.P.,* Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 3, 2025) (Dkt. No. 8164)). These objectors were given an opportunity to present argument and be heard by the Bankruptcy Court on November 13th, 2025, and Appellants Bass, Jannotta, Morales, Pitts-Tillman, Walker, and Ecke spoke on the record.[3]

---

[3] Nov. 13, 2025 Hr'g Tr. 74:5:75-7 (Bass); 80:7-86:3 (Jannotta); 86:16-88:21 (Morales); 89:2-98:24 (Pitss-Tillman); 100:2-112:12 (Walker); 126:11-133:7 (Ecke) [Dkt No. 8252].

### B.    The Confirmation Decision

On November 18, 2025, the Bankruptcy Court confirmed the Plan and overruled the *pro se* objections in a multi-hour bench ruling.  That same day, the Bankruptcy Court entered the order confirming the Plan.  (Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization, *In re Purdue Pharma L.P.,* Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 18, 2025) (Dkt. No. 8263) (the "**Confirmation Order**").)  This ruling was later memorialized in a 64-page modified bench ruling issued on November 20, 2025. (*See* MBR.)

The MBR reflects the Bankruptcy Court's conclusion that the Plan satisfies all applicable requirements of the Bankruptcy Code, pursuant to 11 U.S.C. § 1129.  (MBR 41-54.)  Judge Lane held that the Plan's classification scheme is fair and equitable and the various Plan mechanics are consistent with the Bankruptcy Code and governing law, including the Supreme Court Decision. (*Id.*)  In nine pages of careful analysis, the Bankruptcy Court overruled the *pro se* objections to confirmation.  (*Id.* at 54-63.)

### III.    The Appeals

Eight individual appeals from the Confirmation Order were filed by Ronald Bass, Maria Ecke[4], Ellen Isaacs, Mary Jannotta, Amanda Morales, Laurie Danielle Pitts-Tillman, Keith Redwood, and Rosemary Walker (the "**Appellants**").[5]  Although the Appellants raise a number of

---

[4] Ms. Ecke's Statement of Issues and Designation of Contents was untimely filed in the Bankruptcy Court on January 12 and 15, 2026. (*See In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. January 12, 2026) (Dkt. Nos. 8505, 8521).)

[5] Six of the appeals were filed before the December 2, 2025 deadline to file a Notice of Appeal. Ms. Jannotta's appeal was filed on December 9, 2025—a full week after the deadline to file a notice of appeal lapsed.  *In re Purdue Pharma L.P.,* Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Dec. 9, 2025) (Dkt. No. 8370).  Ms. Isaacs contends that she timely filed her notice of appeal and that there was a clerical delay that led to its late docketing.  *In re Purdue Pharma L.P.,* Case No. 7:25-cv-10427 (S.D.N.Y. Dec. 18, 2025) (Dkt. No. 7 at 2).  But, Ms. Isaacs' notice of appeal was

issues—some of which relate to the merits of their individual claims—each Appellant seeks vacatur of the Plan on two overarching bases: (1) that the Plan was not properly confirmed by the Bankruptcy Court; and (2) that the Plan contains nonconsensual third-party releases in violation of the Supreme Court Decision.  *See, e.g.*, *Bass v. Purdue Pharma*, No. 7:25-cv-10282, (Dkt. No. 15 at 5) (S.D.N.Y. Dec. 23, 2025) (arguing that the releases are invalid because "[t]he Sackler family hasn't petitioned personally to the bankruptcy court for the protection and release they're seeking"); *Isaacs v. Purdue Pharma*, No. 7:25-cv-10427, (Dkt. No. 9 at 4) (S.D.N.Y. Dec. 23, 2025) ("The plan's opt-in mechanism is a transparent attempt to circumvent *Harrington*"); *Morales v. Purdue Pharma*, No. 7:25-cv-10158, (Dkt. No. 4-1 at 3) (S.D.N.Y. Dec. 11, 2025) (arguing that the Plan was required to treat her claim differently from other personal injury claims because it is "distinct[] from opioid crisis claims"); *id*. (arguing that the Plan improperly "include[s] broad releases shielding the Sackler family and extinguishing claims far beyond opioid-crisis litigation."); *Pitts-Tillman v. Purdue Pharma*, No. 7:25-cv-10433, (Dkt. No. 15 at 1) (S.D.N.Y. Dec. 23, 2025) (stating the Plan's releases are "imposed without proper consent"); *id*. (issues include "[w]hether confirmation of the plan denied the appellant equal protection and fair treatment compared to other similarly situated claimants"); *Walker v. Purdue Pharma*, No. 7:25-

---

filed and entered on December 4, 2025—two days after the deadline to file a notice of appeal.  *In re Purdue Pharma L.P.*, Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Dec. 4, 2025) (Dkt. No. 8336).  Another *pro se* individual, Joshua Williams, who did not object to confirmation of the Plan, filed a notice of appeal 24 days after the December 2 deadline.  *In re Purdue Pharma L.P.*, Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Dec. 26, 2025) (Dkt. No. 8447).  As of the time of service of this submission, Mr. Williams has not filed any statement of issues or designation of record. Mr. Williams' appeal, which is docketed before this Court at Case No. 26-cv-00045, is not the subject of this motion to consolidate because the untimely appeal was filed after this Court's entry of the *Order Regarding Briefing Schedule*, *In re Purdue Pharma L.P.* (the "**Scheduling Order**"), Case No. 25-cv-09681 (NSR) (S.D.N.Y Dec. 23, 2025) (Dkt. No. 36).  The Appellees reserve all rights and arguments with respect to the untimely appeals, and intend to address issues related to timeliness of such appeals in an efficient manner should the Court grant consolidation.

cv-09681, (Dkt. No. 12 at 4) (S.D.N.Y. Dec. 8, 2025) (describing the third-party releases as "blackmail, quid pro quo for no thing [sic] … fraud [and] bribe[ry]"); *Designation of Contents and Statement of Issues filed by Mary S. Jannotta,* No. 19-23649, (Dkt. No. 8433 at 4) (Bankr. S.D.N.Y. Dec. 29, 2025) (arguing that "the Plan violates Harrington"); *id.* at 6 (Issues include "[w]hether the Plan violates §1123(a)(4) by treating similarly situated PI claimants differently"); *Redwood v. Purdue Pharma*, No. 7:25-cv-10327, (Dkt. No. 18 at 2) (S.D.N.Y. Dec. 23, 2025) (alleging that the Plan was improperly confirmed because it misclassifies his economic damages claims).

On December 16, 2025, the Debtors filed a letter requesting consolidation of the Appeals on the basis that they present common questions of both law and fact, are taken by *pro se* parties from the same order, present substantially similar legal theories, and are based on a single record. (*See* Letter Motion to Consolidate Cases, Amend Case Caption, and Set Briefing Schedule (Dkt. No. 16).) On December 17, 2025, the Court entered a memorandum endorsement setting a briefing schedule for consolidation.[6] (*See* Memo Endorsement (Dkt. No 20); Scheduling Order (Dkt. No. 36).)

## ARGUMENT

The Supreme Court has held that "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 66, 77 (2018) (detailing the "legal lineage" of consolidation "stretching back at least to the first federal consolidation statute, enacted by Congress in 1813"); *see also Johnson*, 899 F.2d 1285 (in exercising discretion, "courts have taken the view that considerations of judicial economy favor consolidation"); *In re MF Glob. Holdings, Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012)

---

[6] *In re Purdue Pharma L.P.*, *Order Regarding Briefing Schedule*, Case No. 7:25-cv-09681, (Dkt. No. 36) (S.D.N.Y. Dec. 23, 2025).

(recognizing the court's "broad discretion" to consolidate or alternatively dismiss multiple overlapping actions).

This power derives from Federal Rule of Civil Procedure 42(a) and, in the context of appeals taken from the bankruptcy court, Bankruptcy Rule of Civil Procedure 8003(b)(2). Pursuant to Bankruptcy Rule 8003(b)(2), "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals." Fed. R. Bankr. P. 8003(b)(2). In applying Bankruptcy Rule 8003(b)(2), courts have turned to the standard of Federal Rule of Civil Procedure 42—that is, they evaluate whether the actions to be consolidated involve "common questions of law or fact" and balance the considerations of judicial economy with the specific risks of prejudice that could result from consolidation. Fed. R. Civ. P. 42(a); *Johnson* 899 F.2d at 1284-85; *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2 (S.D.N.Y. Aug. 3, 2020) (consolidating bankruptcy appeals); *In re Tronox Inc.*, 2022 WL 3903558, at *1 (S.D.N.Y. Aug. 30, 2022) (consolidating thirteen bankruptcy appeals).

That standard is clearly satisfied here: all of the Appeals are taken from the same order, are based on a single record, and raise overlapping legal issues. Judicial efficiency—as well as preservation of the limited resources of the Debtors' estates for the benefit of creditors—would be best served by consolidation of these appeals, which would eliminate the need for piecemeal, duplicative briefing of the same legal issues and application of the same factual record across eight different proceedings. Moreover, there is no risk of any prejudice to the Appellants because the Appeals are all in the same procedural posture, involve the same Appellees, are taken from the same order, and consolidation will not limit the Appellants' ability to argue any issue they may properly raise on appeal.

9

**I.      Consolidation Is Appropriate Because the Appeals Involve Common Questions of Law or Fact**

District courts weigh consolidation of appeals taken from bankruptcy court orders by considering whether the order(s) being appealed from "respect the same facts, involve the same or similar parties, and were issued by the same Judge." *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2; *In re Mergenthaler*, 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (same). Applying this standard, district courts routinely consolidate appeals from the same bankruptcy proceeding, even where (unlike here) the appeals are taken from *different* bankruptcy court orders. *See, e.g.*, *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2 (consolidating appeals from separate, but interrelated bankruptcy court orders); *In re Mergenthaler*, 2015 WL 13227954, at *5 (consolidating appeals from separate Bankruptcy Court orders where "all of the orders (1) relate to the same facts, (2) involve the same parties, and (3) were issued by the same Judge"); *Buczek v. KeyBank N.A.*, 2022 WL 3648567, at *1, n.1 (W.D.N.Y. Aug. 24, 2022) (same), *aff'd sub nom. In re Buczek*, 2023 WL 7180644 (2d Cir. Nov. 1, 2023); *Delaney v. Messer*, 2023 WL 2614099, at *2 (E.D.N.Y. Mar. 20, 2023) (same); *see also In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-3129-B, 2022 WL 2193000, at *4 (N.D. Tex. June 17, 2022) (consolidating appeals from the same hearing in the same adversary proceeding). Consolidation of appeals from the *same* bankruptcy court order is uncontroversial and, indeed, routine. *See, e.g.*, *In re Great Atl. & Pac. Tea Co., Inc.*, 2011 WL 5546954, at *1-2 (S.D.N.Y. Nov. 14, 2011) (considering four consolidated appeals from the same bankruptcy court order); *In re Tronox Inc.*, 2022 WL 3903558, at *1 (S.D.N.Y. Aug. 30, 2022) (consolidating thirteen appeals from the same Bankruptcy Court order); *Washington v. Purdue Pharma L.P.* (*In re Purdue Pharma L.P.*), No. 21-cv-7532 (CM) (S.D.N.Y.) (Dkt. Nos. 55, 75) (*sua sponte* consolidating appeals from the Debtors' prior confirmed plan of reorganization and a related order).

That the order being appealed from here "respect[s] the same facts, involve[s] the same or similar parties, and [was] issued by the same Judge," is self-evident. *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2. The Appeals all arise from the Confirmation Order, which was issued by a single judge. All but one of the Appellants filed objections to confirmation in the Bankruptcy Court. Their arguments against confirmation were addressed by the Debtors in a single brief in support of confirmation of the Plan; and were all overruled in the Confirmation Order. (*See* Debtors' Memorandum of Law in Support of Confirmation at 126-137, *In re Purdue Pharma L.P.,* Case No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 3, 2025) (Dkt. No. 8164); Confirmation Order ¶ 2.) Each Appeal also involves the same group of five Appellees: the Debtors, the UCC, the AHC, the Ad Hoc Group of Individual Victims, and the MSGE Group.

Consolidation of these appeals is also consistent with the path the District Court and Second Circuit took in the appeals from the 2021 confirmation order. There, Judge McMahon *sua sponte* consolidated sixteen appeals taken by a diverse body of appellants, including the U.S. Trustee, eight states, the District of Columbia, a group of Canadian municipalities and tribes, and *pro se* claimants, notwithstanding that the appeals raised a wide variety of legal issues and involved appellants with distinct positions in the Debtors' bankruptcy proceedings. *Id.* The appeals from the District Court's 2021 ruling also proceeded in a consolidated fashion before the Second Circuit.

It is even more apparent that these appeals from the 2025 Confirmation Order should be consolidated. All eight appellants are *pro se* individual creditors of the Debtors. They are all subject to the same classification under the Plan (unlike the appellants in 2021) and their appeals raise substantially similar legal issues, as discussed above. Moreover, each of the Appellants seeks the same relief: reversal of the Confirmation Order and vacatur of the Debtors' Plan of Reorganization. *See generally City of New York v. Fedex Ground Package Sys., Inc.*, 2016 WL

11

1532252, at *2 (S.D.N.Y. Apr. 15, 2016) (consolidating cases in part because both "[p]laintiffs seek the same form of relief."); *KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 224 (S.D.N.Y. 2019) (holding that consolidation was appropriate in part because "[b]oth cases involve the same defendants … and the relief sought [is] identical").

## II.    Judicial Efficiency Favors Consolidation and Any Risk of Prejudice Is Minimal

### A.    Judicial Efficiency Favors Consolidation

In exercising their discretion to consolidate cases, district courts weigh considerations of judicial economy against any specific risks of prejudice that could result from consolidation. *Johnson*, 899 F.2d at 1285; *Ocean Ships, Inc. v. Stiles*, 2003 WL 22741457, at *3 (S.D.N.Y. Nov. 19, 2003). At its core, "consolidation is permitted as a matter of convenience[,] economy in administration" and where it "enable[es] more efficient case management[.]" *Hall*, 584 U.S. at 67, 70. As this Court has observed, consolidation is appropriate where it will "avoid duplicative motion and discovery proceedings and streamline adjudication of related matters." *See In re IBM Data Breach Litig.*, No. 7:23-cv-08421-NSR (Román, J.) (S.D.N.Y. Apr. 30, 2024) (Dkt. No. 49); *see also Hall*, 584 U.S. at 68 (noting that "[c]onsolidation was 'allowed by the practice of the court for its convenience, and the saving of time and expense to the parties'") (quoting *Rich v. Lambert*, 12 How. 347, 353 (1852))); *City of New York*, 2016 WL 1532252, at *2 ("[C]onsolidation will prevent needless duplication, thus avoiding inefficiency, a waste of judicial resources, and possible confusion, as well as potentially inconsistent jury verdicts." (citing *Crowe v. JPMorgan Chase & Co.*, No. 09-cv-778, 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009))); *Waldman v. Electrospace Corp.*, 68 F.R.D. 281, 284 (S.D.N.Y. 1975) ("It is this court's opinion that rather than requiring expenditure of unnecessary counsel fees, consolidation will result in a savings of expense for both the parties and the court.") (internal quotation omitted).

12

Ultimately, judicial efficiency is promoted by consolidation of cases that share common questions of law and fact. *See Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) ("[A]s these cases involve almost identical questions of law and fact as well as almost identical parties, it appears that consolidation will economize both judicial resources and the resources of the parties."); *In re Tronox Inc.*, 2022 WL 3903558, at *1 ("Because these Appeals were consolidated before the Bankruptcy Court and because the Court finds that the Appeals involve common questions of law and fact, the Court concludes that consolidation would be in the interest of judicial economy."). If these appeals are consolidated, Appellees will seek to proceed on a single merits briefing schedule, with each Appellee submitting one omnibus brief in response to the consolidated appeals (for a total of five responsive briefs) rather than eight separate briefs from each Appellee (for a total of 40 responsive briefs, which would address Appellants' arguments piecemeal and repetitively). This will reduce costs, avoid duplicative briefing of the same legal and factual issues, save time, and preserve the judicial resources of this Court—resulting in efficient case management.

Moreover, considerations of economy are particularly acute in these Appeals, given that the Debtors are bankrupt entities. The resources that the Debtors spend on litigating these appeals impact the *res* that is available for distribution to creditors—including some Appellants—upon the Debtors' emergence from bankruptcy. Thus, not only would consolidation ease the burden on the Court, it would also conserve the Debtors' limited resources for the benefit of the Debtors' creditor body.

### B.     Consolidation Will Not Prejudice Appellants

In determining whether consolidation is warranted, courts consider whether specific risks of prejudice "outweigh the interests of judicial economy served by consolidation." *Delre*, 288 F.R.D. 241 at 247; *see also Ocean Ships, Inc.*, 2003 WL 22741457, at *3 ("Consolidation is

generally appropriate as long as any prejudice … does not outweigh efficiency concerns."); *Johnson*, 899 F.2d at 1285 (considering "the specific risks of prejudice").  Under this standard, "concerns of efficiency should only defer to issues of paramount concern for a fair and impartial trial." *Ocean Ships, Inc.*, 2003 WL 22741457, at *3 (finding that a brief delay "would not rise to the level of a paramount concern and thus does not outweigh the gains in efficiency from consolidation").

Here, the Appellees are not asking the Appellants to consolidate or coordinate briefing, or to present evidence or legal theories to a jury that could be confused or overwhelmed by overlapping presentations.  It is therefore difficult to conceive of <u>any</u> specific risk of prejudice that could result to the Appellants from consolidation of these Appeals, much less any prejudice that "*outweighs* the interests of judicial economy served by consolidation."[7] *Delre* 288 F.R.D. at 247 (emphasis added).  To the contrary, consolidation of these Appeals will generally benefit the Appellants by streamlining the adjudication of their Appeals and ensuring that no Appellant is prejudiced by a ruling on another Appellant's appeal.[8]  Consolidation will also benefit the Appellants by ensuring all filings will be on a single, unified docket, which will minimize potential confusion for individuals who are appearing before the Court *pro se*.[9]

---

[7] *See supra* § II.A.

[8] To the extent any Appellant is concerned that their independent arguments will get lost through the consolidation process, the Supreme Court of the United States has made clear that this is not the result that follows from consolidation.  *See Hall*, 584 U.S. at 66 (clarifying that for 125 years the court has understood and held that "one of multiple cases consolidated under the Rule retains its independent character").

[9] Indeed, certain Appellants have already filed documents in other Appellants' cases. *See, e.g.*, Letter Addressed to Judge Nelson Stephen Román from Ronald Bass filed in the appeal of Rosemary Walker.  *In re Purdue Pharma L.P.*, No. 25-cv-09681 (NSR) (Dkt. No. 40).

Further, each Appeal is in an "identical procedural posture" pending before this Court—they are all appeals from the same order filed within twenty-four days of each other (albeit some were untimely),[10] and under this Court's order, merits briefing in all eight pending appeals is stayed pending resolution of this Motion.[11] There is thus no risk of prejudice to the Appellants. By contrast, the Debtors and their creditors would be severely prejudiced by having to bear the costs of litigating eight appeals taken from the same order separately. Without consolidation of these appeals, the Debtors' estates, and thus their creditors, will incur extraordinary costs. This would drain estate assets and harm the Debtors' thousands of other creditors, including other personal injury claimants, who have not appealed the Confirmation Order.

## CONCLUSION

For the foregoing reasons, the Appellees respectfully request that the Court consolidate the Appeals.

---

[10] *See* Notice of Appeal filed by Rosemary Helen Ziziros Walker, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. Nov. 15, 2025) (Dkt. No. 8248) (filed before the issuance of the Confirmation Order); Notice of Appeal filed by Mary Jannotta, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. Dec. 9, 2025) (Dkt. No. 8370).

[11] *See* Order Regarding Briefing Schedule, *In re Purdue Pharma L.P.*, No. 25-cv-09681 (NSR) (S.D.N.Y. Dec. 23, 2025) (Dkt. No. 36).

Dated:    February 6, 2026                              Respectfully Submitted,
          New York, New York

 /s/ *Ben Kaminetzky*                                    /s/ *Arik Preis*
DAVIS POLK & WARDWELL LLP                AKIN GUMP STRAUSS
450 Lexington Avenue                     HAUER & FELD LLP
New York, New York 10017                 One Bryant Park
Telephone:    (212) 450-4000             New York, New York 10036
Facsimile:    (212) 701-5800             Telephone: (212) 872-1000
Marshall S. Huebner                      Facsimile: (212) 872-1002
Ben Kaminetzky                           Arik Preis
James I. McClammy                        Sara L. Brauner
Marc J. Tobak                            Mitchell P. Hurley
Joshua N. Shinbrot                       Theodore James Salwen

*Counsel to the Debtors*                 *Counsel to the Official Committee of*
*and Debtors in Possession*              *Unsecured Creditors of Purdue Pharma*
                                         *L.P., et al*


/s/ *Rachael Ringer*                      /s/ *Kevin C. Maclay*
HERBERT SMITH FREEHILLS                  CAPLIN & DRYSDALE, CHARTERED
KRAMER (US) LLP                          1200 New Hampshire Ave., NW, 8th Floor
1177 Avenue of the Americas              Washington, DC 20036
New York, NY 10036                       Telephone: (202) 862-5000
Telephone: (212) 715-9100                Fax: (202) 429-3301
Kenneth H. Eckstein                      Kevin C. Maclay, Esq. (admitted pro hac
Rachael Ringer                           vice)
David E. Blabey Jr.                      Todd E. Phillips, Esq.
Kenneth.Eckstein@hsfkramer.com           Serafina Concannon, Esq.
Rachael.Ringer@hsfkramer.com             Lucas H. Self, Esq. (admitted pro hac vice)
David.Blabey@hsfkramer.com               kmaclay@capdale.com
                                         tphillips@capdale.com
                                         sconcannon@capdale.com
*Counsel for the Ad Hoc Committee of*    lself@capdale.com
*Governmental and Other Contingent*
*Litigation Claimants*
                                         *Counsel for the Multi-State Governmental*
                                         *Entities Group*

16

/s/ J. Christopher Shore
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Fax: (305) 358-5744
J. Christopher Shore
Michele J. Meises
cshore@whitecase.com
michele.meises@whitecase.com

Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-2700
Fax: (305) 358-5744
Thomas E Lauria (admitted *pro hac vice*)
tlauria@whitecase.com

-and-

ASK LLP
60 East 42nd Street, 46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Fax: (212) 918-3427
Edward E. Neiger
Jennifer A. Christian
eneiger@askllp.com
jchristian@askllp.com

*Co-Counsel for Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al.*

17