**<u>Exhibit E</u>**

**Letter addressed to Judge Nelson Stephen Román from Amanda Morales dated December 22, 2025**

December 22, 2025

Purdue Pharma L.P. No. 25-cv-10158 (S.D.N.Y)

Hon. Nelson S. Roman
United States District Court of New for the
Southern District of New York
300 Quarrpas St. Room 218
White Plains, NY 10601-4150

Your Honor,

Appellant Amanda Morales, as the debtors have stated the "long-awaited distributions for opioid remediation and victim compensation and that therefore have a great interest in the outcome of this appeal." The facts and procedural history of this case are well known to the parties and the Court and in an effort to moot and thereby prevent the judiciary from ruling on the merits of the claims, would irreparably harm the plaintiff.

The defendants claims there's an "overlap of issues" but that's incorrect the other appeals are related to the opioid crisis and addictions and those types of claims are the goal of confirmation plan to fund the abatement program. My claims are distinct and unrelated to the other claims. There isn't a common question of fact or law, they are distinct so it wouldn't be fair to consolidate the appeals into a single record. I'm appealing because my claims arent "similar" or "related" so denying me due process again isn't constitutional.

(b) Rule 42(a)(2) provides that if "actions before the court involve acommon question of law or fact, the court may . . . consolidate the actions." The meaning of the term "consolidate" in this context is ambiguous. But the term has a legal lineage stretching back at least to the first federal consolidation statute, enacted by Congress in 1813.

Act of July 22, 1813, §3, 3 Stat. 21 (later codified as Rev. Stat. §921 and 28 U. S. C. §734 (1934 ed.)). That history makes clear that one of multiple cases consolidated under the Rule retains its independent character, at least to the extent it is appealable when finally resolved, regardless of any ongoing proceedings in the other cases.

This isn't a one size fits all issue and there's no need to prolong this when the briefing schedule can be shortened. If other pro se claimants agree to the one the debtors proposed then they should have the right to follow through with that schedule but I do not agree.

The court may shorten the time to schedule the hearing to five days, provided the notice is served within 24 hours. An expedited schedule is necessary and in the interest of justice based on the urgency of the issues and the importance to the public interest. Plaintiff, In contrast, a shortened briefing schedule would not harm Defendants. Given their stated intent to rapidly finalize and enforce confirmation plan, they would not be prejudiced by an expedited resolution of Plaintiffs' motion.

The debtors proposed a brief schedule with appellees counter statement of issues and designation of the record deadline by January 6, 2026. They already filed counter statement of issues and designation of the record on 12/05/2025 docket number 8347. They mailed it to me and I have a copy of it. Its not necessary to have this on the briefing schedule deadline for January 6, 2026.

**Proposed schedule**

Appellants Deadline for opening brief on the merits and appendices January 6, 2026

Appellees deadline to file responsive brief on the merits

January 20, 2026

Appellants Deadline to file reply brief January 30, 2026

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order shortening brief schedule and ruling on the motions by February 3, 2026

Respectfully Submitted

Amanda Morales
205 Calle Del bamco

Bernalillo, NM 87004

(505)318-2400