DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Ben Kaminetzky
Eli J. Vonnegut
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Case No. 25-cv-09681** |
| | **Case No. 25-cv-10282** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 25-cv-10158** |
| | **Case No. 25-cv-10327** |
| **Debtors.[1]** | **Case No. 25-cv-10420** |
| | **Case No. 25-cv-10433** |
| | **Case No. 25-cv-10427** |
| | **Case No. 25-cv-10646** |

**APPELLEES' REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**CONSOLIDATION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**TABLE OF CONTENTS**

P<small>AGE</small>

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT..................................................................................................................... 3

    I.      Consolidation of the Appeals Is Appropriate, Judicially Efficient and Will Not Prejudice any Appellant ....................................................................................... 3

    II.     Appellants' Submissions Do Not Warrant Denial of the Motion for Consolidation ....................................................................................................... 5

CONCLUSION................................................................................................................... 8

i

# TABLE OF AUTHORITIES

### CASES

PAGE(S)

*In re Mergenthaler*,
  2015 WL 13227954 (E.D.N.Y. Apr. 29, 2015) ......................................................................... 5

*In re Straightline Const. & Dev. LLC*,
  2026 WL 675196 (W.D. Wash. Mar. 10, 2026) ........................................................................ 4

*In re Windstream Holdings, Inc.*,
  2020 WL 4481933 (S.D.N.Y. Aug. 3, 2020) ............................................................................ 3

### STATUTES & RULES

Fed. R. Civ. P. 42 ........................................................................................................................ 3

The Appellees[1] hereby file this reply memorandum of law (the "**Reply**") in further support of their Motion, and in response to the various opposition papers[2] filed by the Appellants. For the reasons discussed herein and in the Motion, the Appellees respectfully request that the Court consolidate the eight Appeals.

## PRELIMINARY STATEMENT

None of the Appellants have articulated any reason why allowing these eight appeals to proceed separately would be fair or efficient to any party. Indeed, none of the Appellants has served or filed any response that engages with the legal standard for consolidation, or served any opposition brief in a manner consistent with the Court's Scheduling Order dated December 23, 2025 by the March 10, 2026 deadline. Nevertheless, the Appellees respond herein to certain

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Appellees' Memorandum of Law in Support of Consolidation (the "**Opening Brief**"), which was served together with the Motion on Appellants on February 6, 2026, in accordance with the Court's Scheduling Order. In further compliance with the Scheduling Order, the Debtors-Appellees have filed contemporaneously with this reply memorandum the Motion and all Opposition Papers.

[2] For completeness, the Appellees have treated as an opposition to the Motion all submissions from the Appellants that are styled as such or otherwise address the Appellees' request for consolidation, regardless of whether such submissions pre- or postdate the Appellees' Opening Brief, or whether such submissions were filed with this Court or the Bankruptcy Court. These submissions (together, the "**Oppositions**") include: Maria Ecke's Motion to Object to the Consolidation, *In re Purdue Pharma L.P.*, No. 25-cv-10420, (Dkt. No. 26) (S.D.N.Y. Jan. 6, 2026), which she refiled in the Bankruptcy Court following this Court's denial of her request, *see In re Purdue Pharma L.P.*, No. 19-23649, (Dkt. No. 8916) (Bankr. S.D.N.Y. Mar. 12, 2026) (together, the "**Ecke Objection**"); Ellen Isaacs' Opening Consolidated Brief, *In re Purdue Pharma L.P.*, No. 25-cv-10427, (Dkt. No. 44) (S.D.N.Y. Feb. 3, 2026) (the "**Isaacs Objection**"); Amanda Morales's December 22, 2025 Letter, *In re Purdue Pharma L.P.*, 25-cv-10158, (Dkt. No. 25) (S.D.N.Y. Dec. 26, 2025) (the "**Morales Objection**"); Mr. Redwood's Proposed Order Regarding Briefing Schedule the Opposition Papers for Consolidation of Pending Appeals and Challenge to UCC's Conduct, *In re Purdue Pharma*, No. 19-23649, (Dkt. No. 8676) (Bankr. S.D.N.Y. Feb. 17, 2026) (the "**Redwood Objection**"); and Ms. Walker's New Motion, *In re Purdue Pharma L.P.*, No. 25-cv-09681, (Dkt. No. 31) (S.D.N.Y. Dec. 19, 2025), Objection to Consolidate Appeals, (Dkt. No. 32) (S.D.N.Y. Dec 19, 2025), and February 9, 2026 Letter, (Dkt. No. 78) (S.D.N.Y. Feb. 9, 2026) (together, the "**Walker Objection**").

submissions filed by five Appellants across various dockets, which can liberally be construed as an opposition to consolidation even though they largely address issues entirely unrelated to the Appellees' requested relief.

The Appellants do not credibly dispute that the eight Appeals—which arise out of the same underlying proceedings, challenge the same Confirmation Order, implicate the same group of Appellees, and seek the same form of relief—will invoke common questions of law and fact. The Appellants likewise do not dispute that consolidation of the Appeals will promote judicial efficiency and preserve assets from the Debtors' estates without prejudicing the Appellants. Instead, a handful of Appellants argue that the unique nature of their underlying personal injury claims would make consolidation of their appeals improper, or assert in conclusory fashion that consolidation will infringe upon their due process rights. Such arguments are without merit.

Although the Appellees disagree with the Appellants' legal position, the Appellees deeply sympathize with the Appellants' individual circumstances and the alleged harms they have suffered. Appellees are a diverse group of constituencies, including the Debtors, the Official Committee of Unsecured Creditors (a statutory fiduciary for all unsecured creditors), and ad hoc creditor groups representing, among others, state governments, municipalities, and personal injury victims. All support consolidation because it is legally proper and will provide the most efficient pathway to resolution of the Appeals and conserve estate resources to ensure that as much value as possible is directed to compensating victims and abating the opioid crisis. For the reasons set forth herein and in the Motion, this Court should exercise its broad discretion to consolidate the Appeals.

## **ARGUMENT**

The Court should consolidate the Appeals because the Appellees have shown that the standard for consolidation is amply met here, and no Appellant has meaningfully contested that showing or engaged with the applicable legal standard.

**I.      Consolidation of the Appeals Is Appropriate, Judicially Efficient and Will Not Prejudice any Appellant**

None of the Oppositions credibly challenge the core factors that counsel in favor of consolidation of the eight Appeals.  The Appeals are taken from the same Confirmation Order, are based on a single factual record, raise overlapping legal issues, and implicate the same group of Appellees.  (*See* Mot. at 10–12.)  As a result, consolidation of the Appeals would promote judicial efficiency by streamlining overlapping proceedings without any prejudicial impact on Appellants. (*See id.* at 12–15.)

Certain Appellants assert that the unique factual circumstances of their underlying claims render consolidation improper.  (*See, e.g.*, Ecke Objection [Dkt. No. 26] at 3.)  But that contention is entirely beside the point.  The law provides that consolidation is appropriate where the actions to be consolidated involve "common question[s] of law or fact."  *See* Fed. R. Civ. P. 42(a); *see also In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2 (S.D.N.Y. Aug. 3, 2020) (consolidating bankruptcy appeals was appropriate "given the interrelated nature of the orders on appeal"); (Mot. at 9 (collecting cases)).  Here, the actions that are subject to consolidation are the appeals of the Confirmation Order, not Appellants' underlying claims against the Debtors.  Ms. Walker asserts that the other Appellants "do not have the same issues" (*see* Walker Objection [Dkt. No. 78] at 1) and Ms. Morales argues that her "claims are distinct and unrelated" to those of other Appellants (Morales Objection at 1); these arguments confound individual issues related to their

3

underlying personal injury claims with the overlapping legal and factual issues they raise in their appeals of the Confirmation Order.

All eight Appellants are individual creditors of the Debtors and are subject to the same classification under the Plan. (Mot. at 11.)  All appeal from the same Confirmation Order and seek its reversal and vacatur.  (*See id.*)  These overlapping circumstances are grounded in common questions of law and fact sufficient to support consolidation.  *See In re Straightline Const. & Dev. LLC*, 2026 WL 675196, at *1–2 (W.D. Wash. Mar. 10, 2026) (consolidating two bankruptcy appeals, predicated on separate rulings and filed over a month apart, because both "stem from the same underlying case and therefore involve the same parties and attorneys").[3]

Further, no Appellant disputes that consolidation of the Appeals would promote judicial efficiency.  As stated in the Motion, consolidation would allow for a single briefing schedule that permits the Appellees each to submit an omnibus response to the individual submissions of each Appellant.  That will avoid duplicative briefing and allow each Appeal to advance expeditiously and contemporaneously.  (*See* Mot. at 13.)  This likewise permits the Court to issue one omnibus decision, which is likely to consume less time and judicial resources than would be required to issue eight separate decisions.  This result aligns with, rather than thwarts, the Appellants' requests

---

[3] The overlapping nature of the Appeals is further reflected in two motions to stay that were recently filed in this Court by Ms. Morales—*In re Purdue Pharma L.P.*, No. 25-cv-10158, (Dkt. No. 40) (S.D.N.Y. Feb. 17, 2026)—and Ms. Pitts-Tillman—*In re Purdue Pharma L.P.*, No. 25-cv-10433, (Dkt. No. 40) ((S.D.N.Y. Feb. 23, 2026).  In separate orders on two different dockets, this Court denied both motions on substantially similar grounds given the overlapping nature of both Appellants' arguments.  (*See* No. 25-cv-10158, Dkt. No. 45 (denying Ms. Morales's stay request, among other reasons, because the Court rejected her arguments that a risk of equitable mootness and a denial of her right to pursue presently enjoined claims constituted irreparable harm); No. 25-cv-10433, Dkt. No. 44 (denying Ms. Pitts-Tillman's stay request, among other reasons, because there was a lack of irreparable harm, notwithstanding "that Appellant is presently barred from suing the Debtors-Appellees and other related parties" and "that her appeal may be rendered equitably moot").)

that the Appeals move quickly and efficiently.  (*See, e.g.*, Walker Objection [Dkt. No. 31] at 1 (arguing that her appeal "not be delayed"); Walker Objection [Dkt. No. 78] at 1 ("None of us should have to repeat ourselves yet again" (cleaned up)); Morales Objection at 1 (arguing that there is "no need to prolong" her appeal).)

By allowing proceedings to advance on a single docket, consolidation would further assist in reducing any confusion for individuals proceeding *pro se*.  *See, e.g.*, *In re Mergenthaler*, 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (finding that, where appeals involved orders that "relate to the same facts . . . involve the same parties, and  [ ] were issued by the same judge . . . it would be more confusing to allow Appellant's cases to proceed separately than to consolidate them").  In addition, the Appellants do not dispute that consolidated proceedings would conserve resources from the Debtors' estates and, by extension, resources that would otherwise be available for distribution to creditors—which may include the Appellants.  (Mot. at 13.)  Especially given that the Appellants will be free to submit individual merits briefs, the Appellants also cannot meaningfully assert any prejudice resulting from consolidation of the Appeals.  (*See id.* at 14.)

## II.      Appellants' Submissions Do Not Warrant Denial of the Motion for Consolidation

At bottom, the Appellants have failed to argue that consolidation of the Appeals is inappropriate.  The Oppositions largely focus on the Appellants' merits arguments and other issues that are unrelated to the relief sought in the Appellees' Motion.  In addition to the arguments set forth above and in the Motion, the Appellees will briefly address each Appellant's opposition and why it does not support denial of the Motion:

**Ecke Objection**.  Ms. Ecke's Objection predates, and is therefore not responsive to, the Appellees' Opening Brief.  In her submission, Ms. Ecke objects to consolidation of the Appeals on grounds that the circumstances surrounding her claims against the Debtors and Sacklers "distinguish" them from other Appellants' claims.  (Ecke Objection [Dkt. No. 26] at 3.)  Even if

true, as noted above, this has no bearing on whether Ms. Ecke's challenges to the Confirmation Order—the subject of her appeal—overlap with those factual and legal issues presented in the remaining Appeals.[4]

**Isaacs Objection**.  Ms. Isaacs's Objection predates, and is therefore not responsive to, the Appellees' Opening Brief.  Her opposition amounts to a 39-page submission detailing the merits arguments in support of her appeal, and is silent on the Appellees' request for consolidation.  (*See, e.g.*, Issacs Objection at 10–17 (providing a list of issues presented, which includes, among other things, whether she was denied procedural due process by the Bankruptcy Court, whether the Plan's third-party releases violate the Supreme Court's ruling, and whether the pre-confirmation mediation violated Fed. R. Bankr. P. 9019).)

**Morales Objection**.  Ms. Morales's Objection predates, and is therefore not responsive to, the Appellees' Opening Brief.  Therein, she opposes consolidation of the Appeals on grounds that her claims "are distinct and unrelated to the other [Appellants'] claims" because those other claims, unlike hers, "are related to the opioid crisis and addiction[]."  (Morales Objection at 1.)  As discussed above, the specific issues related to Ms. Morales's underlying personal injury claims have no bearing on whether her appeal of the Confirmation Order involves common questions of law or fact with seven other appeals of the same order, arising out of the same underlying proceedings.  Ms. Morales further asserts, that it "wouldn't be fair to consolidate the appeals into a single record."  (Morales Objection at 1.)  Each of the Appeals, however, already arises out of a single underlying Bankruptcy Court record (*see* Mot. at 9), further underscoring why consolidation is appropriate.  And Ms. Morales provides no support for her contention that consolidation would deny her constitutionally protected due process rights.  (Morales Objection at 1.)

---

[4] The relief Ms. Ecke requests is also entirely unrelated to the Appellees' Motion.  (*Id.* at 3–7.)

**Redwood Objection**.  Mr. Redwood's Objection, which was filed in the Bankruptcy Court, is styled as an opposition to consolidation of the Appeals (*see* Redwood Objection at 1), but does not speak to the substance of the Appellees' requested relief.  Mr. Redwood's submission otherwise addresses a number of entirely unrelated issues, which appear to be generated by artificial intelligence, and have no bearing on consolidation of the Appeals.

**Walker Objection**.  Ms. Walker has made three submissions opposing consolidation, two of which predate the Appellees' Opening Brief.  (*See* Walker Objection [Dkt. No. 31] (filed December 19, 2025); [Dkt. No. 32] (filed December 19, 2025); [Dkt. No. 78] (filed February 9, 2026).)  In her submissions, Ms. Walker opposes consolidation on grounds that her "issues have [nothing] to do with any other . . . claimants."  (Walker Objection [Dkt. No. 32] at 1; [Dkt. No. 78] at 1.)  However, as described above and in the Motion, Ms. Walker's Appeal and the remaining Appeals arise out of the same underlying proceedings, and each challenges the merits of the same Confirmation Order.  (Mot. at 11.)  Indeed, Ms. Walker appears to raise some of the same merits arguments as other Appellants, such as challenging the propriety of the Plan's third-party releases.[5] (*See* Walker Objection [Dkt. No. 32] at 1 (describing the Plan's releases as a "Sackler cash opt in scheme" and "bribe").)  Further, like Ms. Morales, Ms. Walker provides no basis for her assertion that consolidation would violate her due process rights.  (Walker Objection [Dkt. No. 32] at 2.)  The remaining issues in Ms. Walker's submissions are unrelated to the Appellees' requested relief.

---

[5] For example, in support of her emergency stay request before this Court, Ms. Pitts-Tillman argued that she was likely to succeed on the merits of her appeal in challenging the propriety of the Plan's third-party releases.  (*See* Emergency Motion for Stay Pending Appeal, *In re Purdue Pharma L.P.*, No. 25-cv-10433, (Dkt. No. 40) (S.D.N.Y. Feb. 23, 2026) (arguing a likelihood of success on the merits because "Appellant timely objected to the third-party release provisions" in the Plan).)

(*See, e.g.*, Walker Objection [Dkt. No. 31] at 1 (challenges fees paid to professionals); [Dkt. No. 78] at 1 (requesting amendment to the Americans with Disabilities Act of 1990).)

Because the Appellants have failed to engage with the applicable legal standard for consolidation, and largely do not respond to the arguments advanced in the Appellees' Opening Brief, the Court should reject the Opposition and grant the Motion.

## **CONCLUSION**

For the foregoing reasons, and for those reasons articulated in the Motion, the Appellees respectfully request that the Court consolidate the Appeals.

8

Dated:   March 24, 2026                                 Respectfully Submitted,
          New York, New York

/s/ *Ben Kaminetzky*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800
Marshall S. Huebner
Ben Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors*
*and Debtors in Possession*


/s/ *Rachel Ringer*

HERBERT SMITH FREEHILLS
KRAMER (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
Kenneth.Eckstein@hsfkramer.com
Rachael.Ringer@hsfkramer.com
David.Blabey@hsfkramer.com

*Counsel for the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

/s/ *Arik Preis*

AKIN GUMP STRAUSS
HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Arik Preis
Sara L. Brauner
Mitchell P. Hurley
Theodore James Salwen

*Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma*
*L.P., et al.*


/s/ *Kevin C. Maclay*

CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave., NW, 8th Floor
Washington, DC 20036
Telephone: (202) 862-5000
Fax: (202) 429-3301
Kevin C. Maclay, Esq. (admitted pro hac vice)
Todd E. Phillips, Esq.
Serafina Concannon, Esq.
Lucas H. Self, Esq. (admitted pro hac vice)
kmaclay@capdale.com
tphillips@capdale.com
sconcannon@capdale.com
lself@capdale.com

*Counsel for the Multi-State Governmental*
*Entities Group*

9

*/s/ J. Christopher Shore*
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Fax: (305) 358-5744
J. Christopher Shore
Michele J. Meises
cshore@whitecase.com
michele.meises@whitecase.com

Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-2700
Fax: (305) 358-5744
Thomas E. Lauria (admitted *pro hac vice*)
tlauria@whitecase.com

-and-

ASK LLP
60 East 42nd Street, 46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Fax: (212) 918-3427
Edward E. Neiger
Jennifer A. Christian
eneiger@askllp.com
jchristian@askllp.com

*Co-Counsel for Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al.*

10