USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.

ROSEMARY HELEN ZIZIROS WALKER, *et al*.,

Appellants,

-against-

PURDUE PHARMA L.P., *et al.*,

Appellees.

No. 25-cv-09681 (NSR)
No. 25-cv-10158 (NSR)
No. 25-cv-10282 (NSR)
No. 25-cv-10327 (NSR)
No. 25-cv-10420 (NSR)
No. 25-cv-10427 (NSR)
No. 25-cv-10433 (NSR)
No. 25-cv-10646 (NSR)
No. 26-cv-00045 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

These appeals arise from a Chapter 11 proceeding that has traversed multiple levels of the federal judiciary, from the United States Bankruptcy Court for the Southern District of New York to the Supreme Court of the United States. Following confirmation of the reorganization plan of Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), nine *pro se* litigants filed notices of appeal to this Court.[1] Appellees[2] now move to

---

[1] The pending appeals are Case Nos. 25-cv-09681, 25-cv-10158, 25-cv-10282, 25-cv-10327, 25-cv-10420, 25-cv-10427, 25-cv-10433, 25-cv-10646, and 26-cv-00045 (collectively, the "Appeals"). The Appellants consist of Rosemary Helen Ziziros Walker, Amanda Morales, Ronald Bass, Laurie Danielle Pitts-Tillman, Keith E. Redwood, Ellen Isaacs, Mary Jannotta, Maria Ecke, and Joshua Williams (collectively, the "Appellants"). Although Appellees did not include Mr. Williams's case, as his appeal was filed after the Court set the briefing schedule, the Court *sua sponte* includes it for purposes of consolidation. *See Strongbow Holdings, LLC v. RMS Titanic, Inc.*, 2023 WL 4897393, at *10 (S.D.N.Y. Aug. 1, 2023) ("A district court can consolidate related cases under [Rule 42(a)] *sua sponte*.") (quoting *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

[2] The Appellees are Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession; the Official Committee of Unsecured Creditors of Purdue Pharma L.P. (the "UCC"); the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "AHC"); the Ad Hoc Group of Individual Victims of Purdue Pharma L.P. (the "Ad Hoc Group of Individual Victims"); and the Multi-State Governmental Entities Group (the "MSGE Group") (collectively, the "Appellees").

consolidate the pending appeals pursuant to Federal Rule of Civil Procedure 42(a) and Federal Rule of Bankruptcy Procedure 8003(b)(2), arguing that the appeals arise from the same confirmation order, are based on a single record, and present overlapping legal and factual issues.[3] (ECF No. 88.[4])

For the following reasons, Appellees' Motion to Consolidate is GRANTED.

## BACKGROUND

### I.    The Debtors' Bankruptcy Proceedings and Prior Appeals

The Debtors are pharmaceutical companies that manufacture and sell prescription medications, including opioid products such as OxyContin. *In re Purdue Pharma L.P.*, No. 19-23649 (SHL), Modified Bench Ruling ("MBR") at 10, 13 (Bankr. S.D.N.Y. Nov. 20, 2025), ECF No. 8270. On September 15, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *In re Purdue Pharma L.P.*, No. 19-23649, ECF No. 17. At the time of filing, the Debtors were named defendants in numerous civil actions brought by a variety of plaintiffs—including individuals, governmental entities, and other organizations—asserting claims arising from the manufacture, marketing, and distribution of opioid medications. MBR at 13.

Following the commencement of the bankruptcy proceedings, the parties engaged in extensive litigation, discovery, and court-ordered mediation. *See In re Purdue Pharma L.P.*, 633 B.R. 53, 85–86 (Bankr. S.D.N.Y. 2021). On September 17, 2021, the Bankruptcy Court confirmed

---

[3] Although Appellees allude to arguments concerning the timeliness of certain Appellants' notices of appeal, (*see e.g.*, ECF No. 89, "Appellees' Mem.," at 6–7), the Court does not address those issues at this time. The Court's analysis is limited to whether the Appeals should be consolidated. Any motion practice concerning the timeliness of particular appeals may be pursued following resolution of the present motion.

[4] Because these proceedings span multiple related cases, the Court cites to filings by the Appellees using the docket in *In re Purdue Pharma L.P.*, No. 7:25-cv-09681 (S.D.N.Y.), unless otherwise noted.

a plan of reorganization (the "2021 Plan"), which, among other provisions, included non-consensual releases of certain claims against non-debtor third parties in exchange for substantial financial contributions totaling billions of dollars. *Id*. at 115. The Sackler Parties were among those non-debtor third parties. MBR at 20.

Several parties, including governmental entities and individual claimants, appealed confirmation of the 2021 Plan to the United States District Court for the Southern District of New York (the "District Court"). MBR at 20–21. Those appeals were initially filed across multiple dockets. (Appellees' Mem. at 3.) The District Court, acting *sua sponte*, consolidated the appeals. (*Id*.) On December 16, 2021, the District Court vacated the confirmation order, concluding that the Bankruptcy Code does not authorize non-consensual third-party releases. *See In re Purdue Pharma, L.P.*, 635 B.R. 26, 115, 118 (S.D.N.Y. 2021). On further appeal, the United States Court of Appeals for the Second Circuit reversed the District Court and reinstated the confirmation order on May 30, 2023. *See In Re Purdue Pharma L.P.*, 69 F.4th 45, 85 (2d Cir. 2023). The Supreme Court thereafter reversed the Second Circuit's decision and remanded for further proceedings on June 27, 2024. *See Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 227 (2024).

## II.    The Plan and Confirmation Proceedings

Following the Supreme Court's decision, the Debtors and other relevant parties engaged in a multi-month mediation process aimed at reaching a revised resolution of claims against third parties. MBR at 22. On June 5, 2025, the parties reached an agreement in principle, and the Debtors subsequently proposed a plan of reorganization (the "Plan"). *See In re Purdue Pharma L.P.*, No. 19-23649, ECF No. 7508. The Plan contemplates providing more than $7 billion for distribution to creditors and, consistent with the Supreme Court's decision, includes only consensual third-party releases. *Id*. The Plan further provides that settlement proceeds, together

with the Debtors' assets, will be used to fund distributions to claimants and to support efforts related to opioid abatement.  MRB at 22–23.

On November 12, 2025, the Bankruptcy Court commenced a multi-day confirmation hearing on the Plan.  (Appellees' Mem. at 5.)  By the conclusion of the hearing, nineteen *pro se* litigants—including several of the Appellants in this case—had submitted papers that could reasonably be construed as objections to the Plan.  *In re Purdue Pharma L.P.*, No. 19-23649, ECF No. 8164.  The Bankruptcy Court afforded those objectors an opportunity to present arguments and be heard on November 13, 2025.  *In re Purdue Pharma L.P.*, No. 19-23649, ECF No. 8252. On November 18, 2025, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order").  *In re Purdue Pharma L.P.*, No. 19-23649, ECF No. 8263.  The Bankruptcy Court subsequently issued a 64-page bench ruling setting forth its findings of fact and conclusions of law in support of confirmation on November 20, 2025.  *See* MBR.  In that ruling, the Bankruptcy Court concluded that the Plan complied with the Supreme Court's decision and overruled the objections submitted by the *pro se* litigants.  *See id*. at 41–54.

### III.    The Present Appeals and the Motion to Consolidate

Following entry of the Confirmation Order, Appellants filed notices of appeal to this Court on various dates.  Although Appellants raise a number of issues, each Appellant ultimately seeks vacatur of the Plan on two overarching grounds: (1) that the Plan was not properly confirmed by the Bankruptcy Court; and (2) that the Plan contains non-consensual third-party releases in violation of the Supreme Court's decision.[5]

---

[5] *See, e.g.*, *Bass v. Purdue Pharma L.P.*, No. 7:25-cv-10282, ECF No. 15 at 5 (S.D.N.Y. Dec. 23, 2025) (arguing that the Plan's releases are invalid because the Sackler Parties did not seek bankruptcy protection); *Isaacs v. Purdue Pharma L.P.*, No. 7:25-cv-10427, ECF No. 9 at 4 (S.D.N.Y. Dec. 23, 2025) (arguing that the Plan's opt-in mechanism improperly circumvents the Supreme Court's decision in *Harrington*); *Morales v. Purdue Pharma L.P.*, No. 7:25-cv-10158, ECF No. 4-1 at 3 (S.D.N.Y. Dec. 11, 2025) (arguing that her claim is distinct and should be treated differently, and that the Plan includes overly broad releases); *Pitts-Tillman v. Purdue Pharma L.P.*, No. 7:25-cv-10433, ECF No. 15 at 1 (S.D.N.Y. Dec. 23, 2025) (arguing that the Plan's releases were imposed without proper consent and raise

In light of the number of Appellants, the Debtors filed a letter on December 16, 2025, requesting consolidation of the Appeals on the grounds that they present common questions of law and fact, arise from the same order, advance substantially similar legal theories, and are based on a single record. (ECF No. 16.) On December 17, 2025, the Court entered a memorandum endorsement setting a briefing schedule for the consolidation motion, which was later memorialized in a scheduling order. (ECF No. 20.) Appellees thereafter served a memorandum of law in support of consolidation on February 6, 2026. (ECF No. 89.) On March 24, 2026, Appellees filed materials compiling submissions from *pro se* Appellants that were construed as oppositions to consolidation.[6] (ECF No. 90.) On that same date, Appellees filed a reply in further support of their motion. (ECF No. 91.)

## DISCUSSION

Appellees argue that consolidation is warranted because the Appeals arise from the same Confirmation Order, are based on a single factual record, and present overlapping questions of law and fact, such that consolidation would promote judicial efficiency, avoid duplicative briefing, and result in no prejudice to any party. (*See generally* Appellees' Mem.) The Court agrees.

### I.    Legal Standard for Consolidation of Bankruptcy Appeals

Federal Rule of Civil Procedure 42(a) prescribes, in relevant part, that consolidation is warranted where "actions before the court involve a common question of law or fact." Fed. R.

---

fairness concerns); *Walker v. Purdue Pharma L.P.*, No. 7:25-cv-09681, ECF No. 12 at 4 (S.D.N.Y. Dec. 8, 2025) (characterizing the Plan's third-party releases as coercive and improper); *In re Purdue Pharma L.P.*, No. 19-23649, Designation of Contents and Statement of Issues filed by Mary S. Jannotta, ECF No. 8433 at 4, 6 (Bankr. S.D.N.Y. Dec. 29, 2025) (arguing that the Plan violates the Supreme Court's decision in *Harrington* and improperly treats similarly situated personal injury claimants differently); *Redwood v. Purdue Pharma L.P.*, No. 7:25-cv-10327, ECF No. 18 at 2 (S.D.N.Y. Dec. 23, 2025) (arguing that the Plan was improperly confirmed based on alleged misclassification of claims).

[6] For the most part, Appellants' submissions did not comply with the Court's briefing schedule. (*See* ECF No. 90.) Appellant Maria Ecke likewise filed an "objection" after the deadline, on April 2, 2026. *In re Purdue Pharma L.P.*, No. 7:25-cv-10420 (S.D.N.Y. Apr. 2, 2026), ECF No. 41. Nevertheless, in light of Appellants' *pro se* status, the Court has considered all submissions in resolving the Debtors-Appellees' motion.

Civ. P. 42(a).  District courts have "broad discretion to consolidate actions under Rule 42(a)." *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143 (S.D.N.Y. 2012) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).  "Consolidation is warranted where it promotes judicial economy and serves to eliminate . . . the danger of inconsistent verdicts."  *In re Tronox Inc.*, 2022 WL 3903558, at *1 (S.D.N.Y. Aug. 30, 2022) (quoting *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014)).  While the risk of prejudice or confusion is a potential concern, such risks may be outweighed by the risk of inconsistent adjudications, the burden on the parties and judicial resources, and considerations of efficiency and cost.  *See In re MF Glob. Holdings, Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (citing *Johnson*, 899 F.2d at 1285).

In the context of bankruptcy appeals, "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."  Fed. R. Bankr. P. 8003(b)(2). Where separate bankruptcy appeals arise from the same bankruptcy court order and involve common questions of law and fact, district courts routinely consolidate them.  *See, e.g.*, *In re Great Atl. & Pac. Tea Co., Inc.*, 2011 WL 5546954, at *1–2 (S.D.N.Y. Nov. 14, 2011) (considering four consolidated appeals from the same bankruptcy court order); *In re Tronox Inc.*, 2022 WL 3903558, at *1 (consolidating thirteen appeals from the same bankruptcy court order); *Washington v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 21-cv-7532 (CM) (S.D.N.Y.) (ECF Nos. 55, 75) (*sua sponte* consolidating appeals from the Debtors' prior confirmed plan of reorganization and a related order).  Indeed, district courts likewise consolidate appeals when they arise from different bankruptcy court orders.  *See, e.g.*, *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2 (S.D.N.Y. Aug. 3, 2020) (consolidating appeals from separate, but interrelated bankruptcy court orders); *In re Mergenthaler*, 2015 WL 13227954, at *1 (E.D.N.Y. Apr. 29, 2015) (consolidating

6

appeals from separate orders where they related to the same facts, involved the same parties, and were issued by the same judge); *Delaney v. Messer*, 2023 WL 2614099, at *2 (E.D.N.Y. Mar. 20, 2023) (consolidating appeals where "the bankruptcy orders were issued by the same judge, involve the same parties and raise interrelated factual and legal questions").

## II.    Consolidation of the Appeals Is Warranted

Guided by these principles, the Court concludes that consolidation of the Appeals is appropriate.  The Appeals arise from the same Confirmation Order, which was issued by a single judge.  *In re Purdue Pharma L.P.*, No. 19-23649, ECF No. 8263.  All Appellants are *pro se* individual creditors of the Debtors and participated in the underlying bankruptcy proceeding. (Appellees' Mem. at 11.)  In one form or another, all Appellants seek the same relief—reversal of the Confirmation Order and vacatur of the Plan.  (*Id*.)  It is difficult to reach any other conclusion where, as here, the Appeals "respect the same facts, involve the same or similar parties, and were issued by the same Judge."  *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2; *see also In re Mergenthaler*, 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (same).  Because these Appeals involve common questions of law and fact, the Court likewise concludes that "consolidation would be in the interest of judicial economy." *In re Tronox Inc.*, 2022 WL 3903558, at *1.

Although several Appellants filed oppositions to consolidation, none substantively addresses the governing standard.  Instead, the oppositions largely object to consolidation on the grounds that the Appellants' individual circumstances, injuries, or underlying claims are unique.[7]

---

[7] The Court has reviewed Appellants' submissions in opposition to consolidation and finds them unpersuasive.  For instance, Ms. Ecke's opposition argues that her claims are factually distinct from those of other Appellants; however, that contention is beside the point, as the relevant inquiry concerns whether the Appeals—not the underlying claims— present common questions of law or fact.  (ECF No. 90, Exs. B–C.)  Ms. Morales similarly contends that her claims are "distinct and unrelated"; however, that argument likewise conflates the nature of her underlying claims with the issues presented on appeal.  (*Id*. Ex. E.)  Ms. Isaacs's submission focuses on the merits of her appeal and does not address consolidation at all.  (*Id*. Ex. D.)  Mr. Redwood raises arguments unrelated to consolidation, (*id*. Ex. F), and

Those arguments, however, misconstrue the relevant inquiry. The question before the Court is not whether the Appellants' underlying claims are identical, but whether their appeals—each of which challenges the same Confirmation Order—present common questions of law or fact. *See* Fed. R. Civ. P. 42(a); Fed. R. Bankr. P. 8003(b)(2). They plainly do. All of the Appeals arise from the same bankruptcy proceeding, are based on the same factual record, seek the same relief, and require the Court to address overlapping legal issues concerning the validity of the Confirmation Order. That is sufficient to satisfy Rule 42(a). *See Johnson*, 899 F.2d at 1284–85 (consolidation appropriate where actions involve common issues, notwithstanding differences among them); *Stone*, 280 F.R.D. at 143 (same); *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2 (same).

Nor do Appellants demonstrate that consolidation will result in prejudice. To the extent Appellants are concerned that their independent arguments will be lost through the consolidation process, Rule 42(a) ensures that consolidated cases "retain[] . . . [their] independent character, at least to the extent it is appealable when finally resolved, regardless of any ongoing proceedings in the other cases." *Hall v. Hall*, 584 U.S. 59, 66 (2018). Appellants will also be afforded the opportunity to submit individual merits briefs at the appropriate juncture. Finally, given the volume of filings, consolidation will provide that all submissions are maintained on a single, unified docket—minimizing potential confusion for individuals appearing before this Court *pro se*.[8] Absent a showing of prejudice, and given the considerable overlap between the Appeals, "consolidation will prevent needless duplication, thus avoiding inefficiency, a waste of judicial resources, and possible confusion." *City of New York v. FedEx Ground Package Sys., Inc.*, 2016

---

Ms. Walker asserts, without support, that her issues differ from those of other Appellants; however, her appeal, like the others, challenges the same Confirmation Order and seeks the same relief. (*Id*. Exs. G–I.) In short, none of the oppositions meaningfully engages with the governing legal standard or undermines the conclusion that these Appeals present common questions of law and fact.

[8] As Appellees note, Appellants have on multiple occasions filed documents on incorrect dockets. Consolidation would eliminate this issue.

WL 1532252, at *2 (S.D.N.Y. Apr. 15, 2016) (citing *Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009)).  Consolidation of the Appeals is therefore warranted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Appellees' request to consolidate the Appeals.  The Clerk of Court is respectfully directed to terminate the motions at (1) ECF No. 88 in 25-cv-09681 (NSR); (2) ECF No. 47 in 25-cv-10158 (NSR); (3) ECF No. 66 in 25-cv-10282 (NSR); (4) ECF No. 39 in 25-cv-10327 (NSR); (5) ECF Nos. 37 and 41 in 25-cv-10420 (NSR); (6) ECF No. 51 in 25-cv-10427 (NSR); (7) ECF No. 45 in 25-cv-10433 (NSR); (8) ECF No. 36 in 25-cv-10646 (NSR).  The Clerk of Court is further directed to mail a copy of this Order to each *pro se* Appellant at the address listed on ECF and to note service on the docket.  Finally, the Clerk of Court is directed to consolidate the below-listed appeals into the earliest-filed action, *In re Purdue Pharma L.P.*, No. 25-cv-09681 (NSR).

| Case Name | Case Number |
| --- | --- |
| 1.  *Walker v. Purdue Pharma L.P.* | 25-cv-09681 (NSR) |
| 2.  *Morales v. Purdue Pharma L.P.* | 25-cv-10158 (NSR) |
| 3.  *Bass v. Purdue Pharma L.P.* | 25-cv-10282 (NSR) |
| 4.  *Redwood v. Purdue Pharma L.P.* | 25-cv-10327 (NSR) |
| 5.  *Ecke v. Purdue Pharma L.P.* | 25-cv-10420 (NSR) |
| 6.  *Isaacs v. Purdue Pharma L.P.* | 25-cv-10427 (NSR) |
| 7.  *Pitts-Tillman v. Purdue Pharma L.P.* | 25-cv-10433 (NSR) |
| 8.  *Jannotta v. Purdue Pharma L.P.* | 25-cv-10646 (NSR) |
| 9.  *Williams v. Purdue Pharma L.P.* | 26-cv-00045 (NSR) |

SO ORDERED.

Dated: April 16, 2026
　　　 White Plains, NY

_____
Nelson S. Román, U.S.D.J.

9