**Davis Polk**

Ben Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

April 17, 2026

Re: *In re Purdue Pharma L.P.*, No. 25-cv-09681 (S.D.N.Y)

Hon. Nelson S. Román
United States District Court for the
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St., Room 218
White Plains, NY 10601-4150

Your Honor:

We write on behalf of Purdue Pharma L.P. and its affiliated debtors, which are Appellees (the "**Debtors-Appellees**") in the above-referenced action (the "**Appeal**"), pursuant to the Court's memorandum endorsement (Dkt. No. 51) directing the Debtors-Appellees to respond to Laurie Danielle Pitts-Tillman's Motion for Reconsideration of Order Denying Stay Pending Appeal (Dkt. No. 49) (the "**Reconsideration Motion**").[1] We respectfully request that the Court deny Ms. Pitts-Tillman's Reconsideration Motion for the reasons set forth below, as well as for the reasons explained in the Debtors-Appellees' letter response (Dkt. No. 43) (the "**Stay Opposition**") to Ms. Pitts-Tillman's Emergency Motion for Stay Pending Appeal (Dkt. No. 40) (the "**Stay Motion**") and the Court's Order denying the Stay Motion (Dkt. No. 44) (the "**Stay Denial Order**"). The Debtors-Appellees are authorized to represent that the Official Committee of Unsecured Creditors of Purdue Pharma L.P., the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., and the Multi-State Governmental Entities Group (together with the Debtors-Appellees, the "**Appellees**") join in this request.

## I.        Applicable Standard for Reconsideration

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Public Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)) (internal quotation marks omitted). It is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also* L.R. 6.3 (providing that motions for reconsideration must be served with a "memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked"). "The burden of proof is on the party seeking the relief," and such relief "is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

---

[1] References to docket numbers are to entries in *Pitts-Tillman v. Purdue Pharma L.P.*, No. 25-cv-10433 (S.D.N.Y.). The Debtors-Appellees submit this response in letter form pursuant to the Court's direction that this response need not be "fully briefed." (Dkt. No. 51.) Should the Court require further information, however, the Debtors-Appellees are prepared to submit briefing in opposition to the Reconsideration Motion.

**Davis Polk**

For the reasons discussed below, Ms. Pitts-Tillman has not met the exacting standard necessary to warrant reconsideration of the Court's Stay Denial Order.  Her motion should be denied.

## II.        The Reconsideration Motion Should be Denied

The Reconsideration Motion does not set forth any basis for reconsideration of the Court's Stay Denial Order. Instead, Ms. Pitts-Tillman largely reiterates the reasons she believes a stay pending appeal is warranted (Reconsideration Mot. at 2–5) and articulates new merits-related arguments that are unrelated to the Court's Stay Denial Order (*id.* at 5–10).  These are not proper bases for reconsideration.  And insofar as Ms. Pitts-Tillman contends that the Court overlooked "controlling legal standards" (*id.* at 2), such contention is without merit.

As an initial matter, Ms. Pitts-Tillman identifies the same four stay factors that the Court considered, applied, and which serve as the basis of its ruling.  (*Compare* Reconsideration Mot. at 3 ("A stay requires consideration of: [l]ikelihood of success[,] [i]rreparable harm[,] [b]alance of hardships[,] [p]ublic interest") *with* Stay Denial Order at 1 (articulating the same four factors and citing *In re World Trade Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007)), 2–3 (applying the stay factors).)  The Reconsideration Motion does not identify any alternative controlling legal standard that, if considered, "might reasonably be expected to alter the court's decision and order."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (affirming denial of reconsideration motion).

Indeed, Ms. Pitts-Tillman identifies no controlling law the Court failed to consider that would have altered its finding that she failed to satisfy the four stay factors.  On the first factor—likelihood of success on the merits—the Court applied the same legal standard for standing that Ms. Pitts-Tillman advocates for, and concluded that she likely has not suffered any injury-in-fact.  (*See* Stay Denial Order at 2 (observing that if Ms. Pitts-Tillman "did not consent to release the Sackler Parties she likely lacks standing . . . because she is not a party aggrieved by the confirmation order[]" (internal quotation marks omitted) (citing *In re Kaiser Gypsum Co., Inc.*, 60 F.4th 73, 81 (4th Cir. 2023)).)  Because standing is "an indispensable part of the [appellant]'s case" the Court's determination that one of the standing factors may not be satisfied was sufficient for an evaluation of the likelihood of success of Ms. Pitts-Tillman's appeal.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Hwa v. Frontier Commc'ns Corp.*, 2020 WL 5628054, at *2 (S.D.N.Y. Sept. 21, 2020) ("[the appellant] lacks standing to appeal . . . , so he has no likelihood of succeeding on the appeal").

On irreparable harm—the only other stay factor the Reconsideration Motion addresses—Ms. Pitts-Tillman incorrectly asserts that the Court failed to consider the risk of equitable mootness.  (Reconsideration Mot. at 5.)  The Court <u>did</u> address equitable mootness, and held that such risk alone was insufficient to demonstrate that Ms. Pitts-Tillman would suffer irreparable harm absent a stay.  (*See* Stay Denial Order at 2 (citing *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016)).)  Ms. Pitts-Tillman does not offer any competing authority that would change the Court's analysis.

Ultimately, Ms. Pitts-Tillman's desire that the Court reach a different conclusion is not a basis for reconsideration.  *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)); *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019).

The remaining contentions in the Reconsideration Motion are improperly raised for the first time and are largely unrelated to whether the Stay Denial Order was correctly decided.  These arguments—due process challenges to proceedings in the bankruptcy court, timeliness of the Appeal, a request for accounting,

**Davis Polk**

invocation of jury trial rights, and merits-based attacks on the plan of reorganization—have no bearing on whether this Court correctly found that a stay pending the Appeal was unwarranted.[2] (*See* Reconsideration Mot. at 5–11.)  In any event, "a party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F.Supp.2d 277, 315 (S.D.N.Y. 2013) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005)).  Although Ms. Pitts-Tillman could have raised any of these arguments in the Stay Motion, she did not do so.  The Court should therefore decline to consider these arguments now.  (*Compare* Stay Mot. *with* Reconsideration Mot. at 5–11.)

For the foregoing reasons, the Debtors-Appellees respectfully request that the Court deny the Reconsideration Motion.

Respectfully submitted,

/s/ *Ben Kaminetzky*
Ben Kaminetzky

**Electronic Filing**

---

[2] Ms. Pitts-Tillman additionally asserts that she was denied due process in connection with her stay motion because she did not have the opportunity to submit a reply brief.  (Reconsideration Mot. at 5.)  But the Federal Rules of Bankruptcy Procedure explicitly permit district courts "[t]o expedite a decision or for other cause . . . suspend the requirements of" the rules, including the provision of any reply memoranda of law.  Fed. R. Bankr. P. 8028.  Moreover, the "[d]isposition of a case without the filing of a reply does not violate a litigant's constitutional due process right."  *United States v. Balance*, 2020 WL 5517299, at *1 (E.D.N.Y. Sept. 14, 2020) (collecting cases).