**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

**LAURIE DANIELLE PITTS-TILLMAN,**
 Appellant,

**v.**

**PURDUE PHARMA L.P., et al.,**
 Appellees.

---

**Case No. 7:25-Cv-09681-(NSR)**

**In re: Purdue Pharma L.P., et al.**
 related Case No. 7:25-cv-10433 (NSR)

Bankruptcy case no. 19-23649 (SHL)

---

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Appellant Laurie Danielle Pitts-Tillman respectfully presents this Reply in support of reconsideration of the Court's Order denying a stay pending appeal.

---

**I. DEBTORS DO NOT ADDRESS THE BASIS FOR RECONSIDERATION**

Debtors' Opposition relies on generalized statements that reconsideration is "extraordinary" and asserts that Appellant merely repeats prior arguments.

That framing fails because it does not engage the actual basis of the Motion:

 The Court overlooked controlling law and dispositive facts governing the stay analysis.

Reconsideration is warranted where a court has overlooked controlling law or factual matters that might reasonably have altered the result, or where necessary to correct clear error or prevent manifest injustice.

 See *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Debtors do not identify where the Court applied the correct standard—they simply assert that it did.

---

## II. THE COURT MISAPPLIED THE GOVERNING STAY STANDARD

A stay pending appeal is governed by **Nken v. Holder** 556 U.S. 418 (2009), which requires a meaningful analysis of:

1. Likelihood of success on the merits
2. Irreparable harm absent a stay
3. Balance of equities
4. Public interest

Failure to properly evaluate these factors constitutes clear legal error.

The Motion identified specific deficiencies in the Court's analysis, including failure to engage with dispositive issues affecting likelihood of success and irreparable harm. Debtors do not rebut those deficiencies—they avoid them.

---

## III. APPELLANT DEMONSTRATES A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

Debtors assertion that Appellant cannot demonstrate a likelihood of success ignores controlling law and the substantial legal defects present in the proceedings below.

Under *Nken v. Holder 556 U.S. 418 (2009),* a movant need not show certainty of success, but rather a "substantial case on the merits" where serious legal questions are presented.

Appellant satisfies that standard for multiple independent reasons.

---

## A. SUPREME  AUTHORITY CONFIRMS SERIOUS LEGAL ERROR

In *Harrington v. Purdue Pharma L.P. 603 U.S. 204 (2024),* the Supreme Court confirmed that the Bankruptcy Code does not authorize nonconsensual third-party releases of the type at issue in this case.

That holding directly implicates the legality of the Plan and the treatment of Appellant's claim. At minimum, this establishes a substantial and unresolved legal question. That alone satisfies the likelihood-of-success requirement.

---

## B. THE PLAN FAILS THE CHAPTER 7 "BEST INTERESTS" TEST

Under 11 U.S.C. § 1129(a)(7), each creditor must receive at least as much as they would in a Chapter 7 liquidation.

Here, no full accounting was provided to support that finding.

Without:

- a complete accounting of estate assets
- recovery potential (including third-party recoveries)
- offsets from prior government recoveries
- or distribution methodology transparency

The Court could not make a legally sufficient "best interests" determination.

Failure to establish this element constitutes reversible error.

---

## C. ABSENCE OF ACCOUNTING UNDERMINES CONFIRMATION FINDINGS

The confirmation process proceeded without a full and transparent accounting of:

- total recoveries available
- overlapping governmental and institutional claims
- prior settlements and reimbursements
- administrative costs and fee allocations

This lack of accounting prevents meaningful judicial review and undermines the integrity of the confirmation findings.

A court cannot approve a plan affecting property rights without a clear evidentiary basis.

## D. CONSTITUTIONAL DEFECTS FURTHER SUPPORT REVERSAL

Appellant's claims are protected property interests under the Fifth Amendment. See:

- *Armstrong v. United States 364 U.S. 40 (1960)*

Due process requires meaningful notice and an opportunity to be heard. See:

- *Mullane v. Central Hanover Bank 339 U.S. 306 (1950)*

Where claimants are:

- excluded from negotiations
- provided insufficient disclosure
- or subjected to impaired recoveries without full transparency

serious constitutional concerns arise.

These issues independently support a **likelihood of success.**

## E. STRUCTURAL LIMITATIONS ON ARTICLE I COURTS PRESENT SERIOUS QUESTIONS

The adjudication and impairment of personal injury claims raise substantial constitutional concerns regarding the authority of non–Article III courts.

Under Stern v. *Marshall 564 U.S. 462 (2011*) courts may not finally adjudicate certain private rights without constitutional safeguards.

Appellant's claims—being personal injury and property-based—implicate those protections.

At minimum, this presents a serious constitutional question supporting appellate review.

## F. THESE ERRORS COLLECTIVELY ESTABLISH A SUBSTANTIAL CASE

Each of the above issues independently demonstrates a substantial likelihood of success.

Taken together, they establish:

- unresolved Supreme Court-level legal questions

- statutory noncompliance
- constitutional deficiencies
- and lack of evidentiary support for confirmation findings

This far exceeds the threshold required under <em>Nken</em>.

---

## IV. All Stay Factors Favor Relief

### A. Likelihood of Success on the Merits

Shows serious appellate issues, and a substantial likelihood of success , including whether the plan unlawfully impairs or channels personal-injury rights, whether confirmation was proper despite unresolved objections about accounting and best-interests, and whether constitutional and statutory limits were exceeded. The stay standard does not require certainty of victory; it requires a strong showing or, in Second Circuit practice, at least sufficiently serious issues.

### B. Irreparable Harm to Appellant Absent a Stay

Once the plan is substantially consummated or distributions and releases/channels are implemented further, effective appellate relief becomes harder or impossible. Loss of meaningful appellate review, forced channeling of a personal injury claim into a structure the appellant contends is unlawful, and inability to recover the same litigation position later are classic forms of irreparable harm in this setting. A stay exists to preserve the status quo while the appeal is decided.

### C. No Substantial Injury to Other Parties from a Targeted Stay

A limited stay designed to preserve appellate review causes less harm than denying a stay and allowing potentially irreversible implementation to proceed. Courts weigh whether issuance of the stay will substantially injure others; that word matters. Any delay is incremental and financial/administrative, while Appellant's injury is permanent loss of rights and meaningful review**.**

### D. The Public Interest Favors a Stay

The public interest is served by preserving appellate review where the appeal raises serious questions about the legality of confirmation, treatment of personal-injury claimants, and the integrity of the bankruptcy process. The public interest is not just "move the case along." It also includes confidence that distributions affecting constitutional or property interests are not pushed forward beyond practical review.

---

## V. DEBTORS' "IRRELEVANCE" ARGUMENT FAILS AS A MATTER OF LAW

Debtors argue that Appellant's arguments are unrelated to the stay denial. That is incorrect.

Each argument directly informs the **likelihood of success on appeal**, including:

- ☐ Due process requirements under *Mullane v. Central Hanover Bank & Trust Co. 339 U.S, 304 (1950)*
- ☐ Protection of property rights under *Armstrong v. United States*
- ☐ Statutory compliance under 11 U.S.C. § 1129

Likelihood of success is a required factor under *Nken*. Arguments bearing on that factor are, by definition, relevant.

## VI.  IRREPARABLE HARM WAS NOT PROPERLY EVALUATED

Debtors do not dispute that implementation of the Plan will:

- alter Appellant's claim
- affect Appellant's rights prior to appellate review

Loss of constitutional and property rights constitutes irreparable harm. See *Elrod v. Burns*.

Additionally:

Once the Plan is implemented, meaningful appellate relief may be rendered impossible or moot.

Failure to account for this constitutes clear error.

## VII. APPELLANT HAS DIRECT STANDING

Appellant has standing because:

- she is a claimant in the proceeding
- her claim is directly affected by the Plan
- her legal and economic interests are altered

This is a concrete, particularized pecuniary injury sufficient for appellate standing.

Debtors' attempt to minimize that interest does not negate it.

## VIII. THE MODIFIED CONFIRMATION RULING IS MATERIAL

Appellant's appeal arises from a **modified confirmation ruling that altered rights and deadlines**.

Under Bankruptcy Rule 8002:

The time to appeal runs from the operative order affecting substantive rights.

Where rights change, the operative order controls.

Debtors do not address this point.

---

## IX. SUPREME COURT AUTHORITY CONFIRMS SUBSTANTIAL QUESTIONS ON THE MERITS

The Supreme Court in *Harrington v. Purdue Pharma L.P.* confirmed that bankruptcy courts are subject to strict limits regarding third-party releases.

This authority demonstrates that challenges to the treatment of claimants in this case raise **serious and non-frivolous legal issues**.

That directly supports likelihood of success

---

## X. MANIFEST INJUSTICE WARRANTS RELIEF

Absent reconsideration:

- Appellant's claim will be permanently altered
- appellate review will be undermined
- constitutional issues will evade meaningful review

This constitutes manifest injustice.

---

## XI. JURISDICTIONAL  OBJECTIONS ARE PRESERVED

Appellant maintains that jurisdictional defects exist.

However, even assuming jurisdiction arguendo, the denial of a stay fails under the governing standard.

## XII. CONCLUSION

Debtors' Opposition does not address the dispositive issue:

The Court's denial of a stay rests on a misapplication of controlling law and failure to address material issues.

Reconsideration is therefore warranted.

## REQUEST FOR RELIEF

Appellant respectfully requests that the Court:

1. Grant reconsideration
2. Vacate the Order denying a stay
3. Enter a stay pending appeal
4. Grant such further relief as is just and proper

## RESERVATION OF RIGHTS

Appellant expressly reserves all rights, claims, and arguments, including the right to supplement this filing as additional facts or authority become available.

**Respectfully presented,**

/s/ Laurie Danielle Pitts-Tillman
 Pro Se

℅ 5116 Georgia Highway 99

Brunswick, Georgia [31525]

912-506-8875

**CERTIFICATE OF SERVICE** I, Laurie Danielle Pitts-Tillman, certify that on this 20th day of April, 2026, I caused a true and correct copy of the foregoing Reply in Support of Appellant's Motion for Reconsideration of Order Denying Stay Pending Appeal to be filed electronically with the Clerk of the Court using the email provided online. I further certify that service is accomplished by the CM/ECF system upon all parties registered to receive electronic notice in this case once put on docket.  To the extent any party is not a registered CM/ECF participant, I certify that a copy was served by United States Mail, first-class postage prepaid, addressed to such party at their last known address.

 Respectfully presented ,

/s/ Laurie Danielle Pitts-Tillman

 Pro Se

℅ 5116 Georgia Highway 99 Brunswick, Georgia [31525]

912-506-8875