USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2026

**MEMORANDUM ENDORSEMENT**

7:25-cv-09681-NSR

In Re: Purdue Pharma L.P.

The Court is in receipt of *pro se* Appellant Laurie Danielle Pitts-Tillman's motion for reconsideration dated March 30, 2026. (7:25-cv-10433, ECF No. 49.) The Court is likewise in receipt of the Debtors-Appellees Purdue Pharma L.P.'s opposition (7:25-cv-9681, ECF No. 94), and Appellant Pitts-Tillman's reply in further support. (7:25-cv-9681, ECF No. 96.) After thoroughly reviewing the parties' submissions, the Court must DENY the motion for reconsideration.

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *In re Anderson*, 673 B.R. 535, 550 (Bankr. S.D.N.Y. 2025) (*quoting In re Richardson Foods, Inc.*, 667 B.R. 500, 512 (Bankr. S.D.N.Y. 2025)). To the contrary, the Second Circuit has noted that "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a motion for reconsideration should only be granted if the moving party can introduce a change in the law or facts the court had not considered).

Here, Appellant Pitts-Tillman fails to identify any controlling law or factual matter that the Court overlooked in denying her motion to stay pending appeal. Instead, Appellant Pitts-Tillman largely reiterates the same arguments previously raised in support of her motion for a stay pending appeal and advances additional merits-related arguments unrelated to the Court's prior ruling. Such arguments are not proper grounds for reconsideration. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). Nor does Appellant Pitts-Tillman identify any intervening change in controlling law, newly discovered evidence, or exceptional circumstance warranting reconsideration. Rather, Appellant Pitts-Tillman's submissions reflect a disagreement with the Court's prior determination, which is insufficient to justify reconsideration. The Court therefore DENIES Appellant Pitts-Tillman's motion for reconsideration.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to *pro se* Appellant Pitts-Tillman at the address listed on ECF, and to show service on the docket.

SO ORDERED

Dated: May 11, 2026
White Plains, NY

Nelson S. Román, U.S. District Judge

UNITED STATES        DISTRICT COURT

SOUTHERN  DISTRICT OF NEW YORK

In re:

**Purdue Pharma L.P., et al.,**

Debtors.

---

**LAURIE DANIELLE PITTS-TILLMAN,**

Appellant, Pro Se

v.

**PURDUE PHARMA L.P., et al.,**

Appellees.

**Civil Action No.: 7:25-cv-10433 (NSR)**

Bankr. Case no. 19-23649-(SHL)

---

**MOTION FOR RECONSIDERATION OF ORDER DENYING STAY PENDING APPEAL**

---

**I. INTRODUCTION**

Movant, Laurie Danielle Pitts-Tillman, proceeding pro se, respectfully moves for reconsideration of this Court's Order denying a stay pending appeal.

Reconsideration is warranted due to clear errors of law, failure to apply controlling legal standards, failure to address material arguments, and resulting manifest injustice affecting Movant's constitutional and statutory rights.

---

## II. TIMELINESS AND PRESERVATION

This Motion is filed within the applicable time period under governing rules, or alternatively at the earliest practicable time upon receipt of notice.

To the extent any delay is found, such delay constitutes excusable neglect under

Federal Rule of Civil Procedure 60(b).

See:

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*
*507.S. 380 (1993)*

Movant acted diligently and in good faith, and no party is prejudiced.

## III. LEGAL STANDARD

Reconsideration is appropriate where the Court has overlooked controlling law or facts or where necessary to prevent manifest injustice.

See:

- *Shrader v. CSX Transportation, Inc.*
  *70 F. 3d 255 (1995)*

  Here, reconsideration is warranted because the Court overlooked controlling legal standards, including the proper stay factors, due process requirements, and issues affecting Movant's standing and appellate rights.

## IV. ARGUMENT

## A. FAILURE TO APPLY REQUIRED STAY FACTORS

A stay requires consideration of:

- Likelihood of success

- Irreparable harm

- Balance of hardships

- Public interest

See:

- *Nken v. Holder 556 U.S. 418 (2009)*

- *Mohammed v. Reno*
  *309 F. 3d 95 (2002)*

Error: The Court failed to meaningfully apply these factors to Movant.

Impact: Movant's rights were denied without full legal analysis.

"The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors."

In the Second Circuit, a stay may be granted where the movant demonstrates serious questions going to the merits and a balance of hardships tipping in her favor. See *Mohammed v. Reno. 309 F.3d 95 (2002)*

---

## B. MISAPPLICATION OF STANDING

**See:**

- *Lujan v. Defenders of Wildlife 504 U.S. 555 (1992)*

Application: Movant is a personal injury claimant whose recovery is directly affected.

Error: The Court prematurely questioned standing without full analysis.

## STANDING UNDER LUJAN

Article III standing requires a concrete and particularized injury, causation, and redressability.

See *Lujan v. Defenders of Wildlife. 504 U.S. 555 (1992)*

---

## 1. INJURY IN FACT

Movant has suffered a concrete and particularized injury.

As a personal injury claimant, Movant's recovery and rights are directly affected by the structure, implementation, and enforcement of the plan and the denial of a stay pending appeal.

---

## 2. CAUSATION

That injury is directly traceable to the actions at issue, including the confirmation of the plan and the denial of a stay, which materially affect Movant's ability to protect and realize her claim.

---

## 3. REDRESSABILITY

The requested relief—a stay pending appeal—would preserve Movant's rights and prevent further harm, thereby satisfying the requirement of redressability.

---

## WHERE THE COURT WENT WRONG

The Court's statement that Movant "likely lacks standing" does not reflect application of the required elements under *Lujan v Defenders of Wildlife 504 U.S. 555 (1992)* and fails to address Movant's direct and personal stake in the outcome.

## C. IMPROPER MERITS DETERMINATION DESPITE STANDING DOUBT

**See:**

- *Steel Co. v. Citizens for a Better Environment 523 U.S. 83 (1998)*

Error: The Court questioned standing while simultaneously denying relief on substantive grounds.

Impact: This creates an internally inconsistent ruling.

## D. IRREPARABLE HARM MISAPPLIED

**See:**

- *In re Adelphia Communications Corp. 361 B.R. 337 (2007)*

Application: Plan implementation risks equitable mootness.

Error: The Court failed to consider loss of meaningful appellate relief.

## E. DENIAL OF MEANINGFUL OPPORTUNITY TO BE HEARD

**See:**

- *Mullane v. Central Hanover Bank & Trust Co. 339 U.S. 306*

- *Mathews v. Eldridge 424 U.S. 319 (1976)*

Application: Movant was denied opportunity to respond to Debtors before ruling on stay motion.

Movant was also denied an opportunity to speak when bankruptcy court denied stay motion.

Impact: Procedural due process violation.

---

## F. LIMITATION ON PARTICIPATION AND FACT DEVELOPMENT

Appellant was not allowed to cross-examine through Zoom meeting during the Bankruptcy process.

Court required cross-examination to be done in-person only.

Impact: Undermines fairness of proceedings.

---

## G. TIMELINESS OF APPEAL

**See:**

- *Federal Rule of Bankruptcy Procedure 8002*

- *In re Westwood Shake & Shingle, Inc. 971 F. 2d 387 (1992)*

Application: The modified confirmation order reset the appeal period.

Error: Any contrary assumption constitutes legal error.

> The time to appeal runs from the entry of a final, appealable order (November 20, 2025)
> Where an order is materially modified, the appeal period runs from the modified order.
> See *In re Westwood Shake & Shingle, Inc.. 971 F. 2d 387 (1992).*

Appeal was presented on December 3, 2025 within the 14-day window.

---

## H. LACK OF FINDINGS

**See:**

- *Anderson v. City of Bessemer City 470 U.S. 564 (1985)*

Movant objected to voting structure and overlapping claims plus possible double dipping/unjust enrichment that could only be known by giving a full accounting.

Error: The Order lacks sufficient findings for appellate review.

The Order denying a stay does not sufficiently explain the basis for the Court's conclusions, including its treatment of standing, irreparable harm, and the required stay factors. The absence of clear findings prevents effective appellate review and constitutes reversible error.

---

## I. ARTICLE III AND JURY TRIAL CONCERNS

**See:**

- *Stern v. Marshall 564 U.S. 462 (2011)*

- *Granfinanciera, S.A. v. Nordberg 492 U.S. 33 (1989)*

Application: Movant's personal injury claim implicates private rights.

Error: Proceedings affected these rights without clear consent consistent with Article III protections.

---

## J. ARTICLE III AND SEVENTH AMENDMENT LIMITATIONS

The Constitution imposes limits on the authority of non–Article III tribunals to adjudicate private rights and protects the right to a jury trial in such matters.
As the Supreme Court explained in *Stern v. Marshall, 564 U.S. 462 (2011),*
"Article III of the Constitution provides that the judicial power of the United States may be vested only in courts whose judges enjoy the protections set forth in that Article," and Congress may not bypass those protections merely because a matter relates to bankruptcy.

Similarly, in *Granfinanciera, S.A. v. Nordberg 492 U.S. 33 (1989)* the Court recognized that claims involving private rights entitle a party to a jury trial and cannot be finally adjudicated outside Article III absent valid consent.

---

## K.  FAILURE TO PROVIDE ACCOUNTING

**See:**

- *Pepper v. Litton 308 U.S. 295 (1939)*

Application: Movant requested accounting; none was provided.

Impact: Prevents meaningful participation and evaluation.

---

## L. FAILURE TO ENSURE EQUITABLE TREATMENT AND TRANSPARENCY

The Bankruptcy Court is a court of equity and must ensure fairness in the treatment of claims.

As the Supreme Court stated in *Pepper v. Litton 308 U.S. 295 (1939),*
"A bankruptcy court is a court of equity and is guided by equitable doctrines and principles," and has both the power and duty "to sift the circumstances surrounding any claim to see that injustice or unfairness is not done."

Movant repeatedly requested a full accounting and transparency regarding matters directly affecting her recovery, yet no such accounting was provided.

The failure to address these concerns or ensure transparency undermines the equitable obligations imposed by *Pepper v. Litton 308 U.S.295 (1939)* and deprives Movant of a meaningful ability to evaluate and protect her rights.

---

## M. VOTING IRREGULARITIES, DUPLICATIVE CLAIMS, AND IMPROPER DISTRIBUTION

The Bankruptcy Code requires that claims be properly classified and that voting accurately reflect creditor interests. See 11 U.S.C. §§ 1122, 1126.

Here, Movant raised concerns regarding overlapping, duplicative, and potentially derivative claims asserted by governmental entities and other parties, which may have distorted both the voting process and resulting distributions.

Such irregularities undermine the integrity of the confirmation process and risk dilution of legitimate personal injury claims.

Courts have rejected plan structures that improperly allocate value or circumvent statutory protections. As the court explained in In re *Armstrong World Industries, Inc., 432 F.3d 507 (3d Cir. 2005):*

"The absolute priority rule provides that a dissenting class of unsecured creditors must be provided for in full before any junior class may receive or retain any property."

Further, the court emphasized that:

"A plan may not provide property to junior claimants over the objection of a senior class through the use of a mechanism that evades the absolute priority rule."

And that:

"The Bankruptcy Code does not permit parties to evade the statutory scheme through creative plan structuring."

Despite these governing principles, Movant's objections regarding duplicative claims, overlapping recoveries, and the resulting dilution of her recovery were not meaningfully addressed.

Without a full accounting and transparency regarding claim classification, aggregation, and distribution, the Court cannot ensure compliance with the Bankruptcy Code or its equitable obligations.

The failure to address these issues constitutes legal error and undermines confidence in both the voting process and the fairness of the plan.

---

# V. RELIEF REQUESTED

Movant respectfully requests:

1. Reconsideration of the Order

2. Issuance of a stay pending appeal

3. Full findings addressing all issues

4. Any additional relief deemed appropriate

---

# VI. RESERVATION OF RIGHTS

Movant expressly reserves all rights, claims, arguments, and defenses available under applicable law, whether constitutional, statutory, or otherwise.

This Motion is not intended to be exhaustive and is based on information presently available. Movant reserves the right to supplement, amend, or modify this Motion, and to raise additional arguments, authorities, and evidence as they become known or as necessary to fully protect her rights.

Nothing herein shall be construed as a waiver of any rights, remedies, objections, or claims, all of which are expressly preserved.

---

## VII. CONCLUSION

The denial of a stay resulted from legal error, procedural deficiencies, and failure to address critical issues affecting Movant's rights.

Reconsideration is necessary to prevent manifest injustice.

---

Respectfully presented,

/s/ Laurie Danielle Pitts-Tillman

Pro Se

5116 Georgia Highway 99

Brunswick, Georgia [31525]

Date: March 30, 2026

**CERTIFICATE OF SERVICE**

**I, Laurie Danielle Pitts-Tillman, hereby certify that on this 30 day of March, 2026, I caused a true and correct copy of the foregoing Motion for Reconsideration to be served upon all parties of record in this matter.**

**Service was made via the Court's CM/ECF system, which provides notice of filing to all registered counsel of record.**

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed on this 30  day of March , 2026.**

---

**Laurie Danielle Pitts-Tillman**

**Pro Se**

**5116 Georgia Highway 99**

**Brunswick, Georgia [31525]**

**Davis Polk**

Ben Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

April 17, 2026

Re: *In re Purdue Pharma L.P.*, No. 25-cv-09681 (S.D.N.Y)

Hon. Nelson S. Román
United States District Court for the
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St., Room 218
White Plains, NY 10601-4150

Your Honor:

We write on behalf of Purdue Pharma L.P. and its affiliated debtors, which are Appellees (the "**Debtors-Appellees**") in the above-referenced action (the "**Appeal**"), pursuant to the Court's memorandum endorsement (Dkt. No. 51) directing the Debtors-Appellees to respond to Laurie Danielle Pitts-Tillman's Motion for Reconsideration of Order Denying Stay Pending Appeal (Dkt. No. 49) (the "**Reconsideration Motion**").[1]  We respectfully request that the Court deny Ms. Pitts-Tillman's Reconsideration Motion for the reasons set forth below, as well as for the reasons explained in the Debtors-Appellees' letter response (Dkt. No. 43) (the "**Stay Opposition**") to Ms. Pitts-Tillman's Emergency Motion for Stay Pending Appeal (Dkt. No. 40) (the "**Stay Motion**") and the Court's Order denying the Stay Motion (Dkt. No. 44) (the "**Stay Denial Order**").  The Debtors-Appellees are authorized to represent that the Official Committee of Unsecured Creditors of Purdue Pharma L.P., the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., and the Multi-State Governmental Entities Group (together with the Debtors-Appellees, the "**Appellees**") join in this request.

## I.    Applicable Standard for Reconsideration

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Public Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)) (internal quotation marks omitted).  It is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see also* L.R. 6.3 (providing that motions for reconsideration must be served with a "memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked"). "The burden of proof is on the party seeking the relief," and such relief "is properly granted only upon a showing of exceptional circumstances."  *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

---

[1] References to docket numbers are to entries in *Pitts-Tillman v. Purdue Pharma L.P.*, No. 25-cv-10433 (S.D.N.Y.).  The Debtors-Appellees submit this response in letter form pursuant to the Court's direction that this response need not be "fully briefed."  (Dkt. No. 51.)  Should the Court require further information, however, the Debtors-Appellees are prepared to submit briefing in opposition to the Reconsideration Motion.

**Davis Polk**

For the reasons discussed below, Ms. Pitts-Tillman has not met the exacting standard necessary to warrant reconsideration of the Court's Stay Denial Order.  Her motion should be denied.

## II.    The Reconsideration Motion Should be Denied

The Reconsideration Motion does not set forth any basis for reconsideration of the Court's Stay Denial Order. Instead, Ms. Pitts-Tillman largely reiterates the reasons she believes a stay pending appeal is warranted (Reconsideration Mot. at 2–5) and articulates new merits-related arguments that are unrelated to the Court's Stay Denial Order (*id.* at 5–10).  These are not proper bases for reconsideration.  And insofar as Ms. Pitts-Tillman contends that the Court overlooked "controlling legal standards" (*id.* at 2), such contention is without merit.

As an initial matter, Ms. Pitts-Tillman identifies the same four stay factors that the Court considered, applied, and which serve as the basis of its ruling.  (*Compare* Reconsideration Mot. at 3 ("A stay requires consideration of: [l]ikelihood of success[,] [i]rreparable harm[,] [b]alance of hardships[,] [p]ublic interest") *with* Stay Denial Order at 1 (articulating the same four factors and citing *In re World Trade Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007)), 2–3 (applying the stay factors).)  The Reconsideration Motion does not identify any alternative controlling legal standard that, if considered, "might reasonably be expected to alter the court's decision and order."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (affirming denial of reconsideration motion).

Indeed, Ms. Pitts-Tillman identifies no controlling law the Court failed to consider that would have altered its finding that she failed to satisfy the four stay factors.  On the first factor—likelihood of success on the merits— the Court applied the same legal standard for standing that Ms. Pitts-Tillman advocates for, and concluded that she likely has not suffered any injury-in-fact.  (*See* Stay Denial Order at 2 (observing that if Ms. Pitts-Tillman "did not consent to release the Sackler Parties she likely lacks standing . . . because she is not a party aggrieved by the confirmation order[]" (internal quotation marks omitted) (citing *In re Kaiser Gypsum Co., Inc.*, 60 F.4th 73, 81 (4th Cir. 2023)).)  Because standing is "an indispensable part of the [appellant]'s case" the Court's determination that one of the standing factors may not be satisfied was sufficient for an evaluation of the likelihood of success of Ms. Pitts-Tillman's appeal.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Hwa v. Frontier Commc'ns Corp.*, 2020 WL 5628054, at *2 (S.D.N.Y. Sept. 21, 2020) ("[the appellant] lacks standing to appeal . . . , so he has no likelihood of succeeding on the appeal").

On irreparable harm—the only other stay factor the Reconsideration Motion addresses—Ms. Pitts-Tillman incorrectly asserts that the Court failed to consider the risk of equitable mootness.  (Reconsideration Mot. at 5.)  The Court did address equitable mootness, and held that such risk alone was insufficient to demonstrate that Ms. Pitts-Tillman would suffer irreparable harm absent a stay.  (*See* Stay Denial Order at 2 (citing *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016)).)  Ms. Pitts-Tillman does not offer any competing authority that would change the Court's analysis.

Ultimately, Ms. Pitts-Tillman's desire that the Court reach a different conclusion is not a basis for reconsideration.  *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)); *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019).

The remaining contentions in the Reconsideration Motion are improperly raised for the first time and are largely unrelated to whether the Stay Denial Order was correctly decided.  These arguments—due process challenges to proceedings in the bankruptcy court, timeliness of the Appeal, a request for accounting,

**Davis Polk**

invocation of jury trial rights, and merits-based attacks on the plan of reorganization—have no bearing on whether this Court correctly found that a stay pending the Appeal was unwarranted.[2]  (*See* Reconsideration Mot. at 5–11.)  In any event, "a party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so."  *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F.Supp.2d 277, 315 (S.D.N.Y. 2013) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005)).  Although Ms. Pitts-Tillman could have raised any of these arguments in the Stay Motion, she did not do so.  The Court should therefore decline to consider these arguments now.  (*Compare* Stay Mot. *with* Reconsideration Mot. at 5–11.)

For the foregoing reasons, the Debtors-Appellees respectfully request that the Court deny the Reconsideration Motion.

Respectfully submitted,

/s/ *Ben Kaminetzky*
Ben Kaminetzky

**Electronic Filing**

---

[2] Ms. Pitts-Tillman additionally asserts that she was denied due process in connection with her stay motion because she did not have the opportunity to submit a reply brief.  (Reconsideration Mot. at 5.)  But the Federal Rules of Bankruptcy Procedure explicitly permit district courts "[t]o expedite a decision or for other cause . . . suspend the requirements of" the rules, including the provision of any reply memoranda of law.  Fed. R. Bankr. P. 8028.  Moreover, the "[d]isposition of a case without the filing of a reply does not violate a litigant's constitutional due process right."  *United States v. Balance*, 2020 WL 5517299, at *1 (E.D.N.Y. Sept. 14, 2020) (collecting cases).

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

**LAURIE DANIELLE PITTS-TILLMAN,**
 Appellant,

**v.**

**PURDUE PHARMA L.P., et al.,**
 Appellees.

---

**Case No. 7:25-cv-10433 (NSR)**

**In re: Purdue Pharma L.P., et al.**
 **Case No. 7:25-cv-10433 (NSR)**

---

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Appellant Laurie Danielle Pitts-Tillman respectfully presents this Reply in support of reconsideration of the Court's Order denying a stay pending appeal.

---

**I. DEBTORS DO NOT ADDRESS THE BASIS FOR RECONSIDERATION**

Debtors' Opposition relies on generalized statements that reconsideration is "extraordinary" and asserts that Appellant merely repeats prior arguments.

That framing fails because it does not engage the actual basis of the Motion:

 The Court overlooked controlling law and dispositive facts governing the stay analysis.

Reconsideration is warranted where a court has overlooked controlling law or factual matters that might reasonably have altered the result, or where necessary to correct clear error or prevent manifest injustice.

 See *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Debtors do not identify where the Court applied the correct standard—they simply assert that it did.

---

## II. THE COURT MISAPPLIED THE GOVERNING STAY STANDARD

A stay pending appeal is governed by ***Nken v. Holder*** 556 U.S. 418 (2009), which requires a meaningful analysis of:

1. Likelihood of success on the merits
2. Irreparable harm absent a stay
3. Balance of equities
4. Public interest

Failure to properly evaluate these factors constitutes clear legal error.

The Motion identified specific deficiencies in the Court's analysis, including failure to engage with dispositive issues affecting likelihood of success and irreparable harm. Debtors do not rebut those deficiencies—they avoid them.

---

## III. APPELLANT DEMONSTRATES A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

Debtors assertion that Appellant cannot demonstrate a likelihood of success ignores controlling law and the substantial legal defects present in the proceedings below.

Under *Nken v. Holder 556 U.S. 418 (2009),* a movant need not show certainty of success, but rather a "substantial case on the merits" where serious legal questions are presented.

Appellant satisfies that standard for multiple independent reasons.

---

## A. SUPREME  AUTHORITY CONFIRMS SERIOUS LEGAL ERROR

In *Harrington v. Purdue Pharma L.P. 603 U.S. 204 (2024),* the Supreme Court confirmed that the Bankruptcy Code does not authorize nonconsensual third-party releases of the type at issue in this case.

That holding directly implicates the legality of the Plan and the treatment of Appellant's claim. At minimum, this establishes a substantial and unresolved legal question.
That alone satisfies the likelihood-of-success requirement.

---

## B. THE PLAN FAILS THE CHAPTER 7 "BEST INTERESTS" TEST

Under 11 U.S.C. § 1129(a)(7), each creditor must receive at least as much as they would in a Chapter 7 liquidation.

Here, no full accounting was provided to support that finding.

Without:

- a complete accounting of estate assets
- recovery potential (including third-party recoveries)
- offsets from prior government recoveries
- or distribution methodology transparency

The Court could not make a legally sufficient "best interests" determination.

Failure to establish this element constitutes reversible error.

---

## C. ABSENCE OF ACCOUNTING UNDERMINES CONFIRMATION FINDINGS

The confirmation process proceeded without a full and transparent accounting of:

- total recoveries available
- overlapping governmental and institutional claims
- prior settlements and reimbursements
- administrative costs and fee allocations

This lack of accounting prevents meaningful judicial review and undermines the integrity of the confirmation findings.

A court cannot approve a plan affecting property rights without a clear evidentiary basis.

## D. CONSTITUTIONAL DEFECTS FURTHER SUPPORT REVERSAL

Appellant's claims are protected property interests under the Fifth Amendment. See:

- *Armstrong v. United States 364 U.S. 40 (1960)*

Due process requires meaningful notice and an opportunity to be heard. See:

- *Mullane v. Central Hanover Bank 339 U.S. 306 (1950)*

Where claimants are:

- excluded from negotiations
- provided insufficient disclosure
- or subjected to impaired recoveries without full transparency

serious constitutional concerns arise.

These issues independently support a **likelihood of success.**

## E. STRUCTURAL LIMITATIONS ON ARTICLE I COURTS PRESENT SERIOUS QUESTIONS

The adjudication and impairment of personal injury claims raise substantial constitutional concerns regarding the authority of non–Article III courts.

Under Stern v. *Marshall 564 U.S. 462 (2011*) courts may not finally adjudicate certain private rights without constitutional safeguards.

Appellant's claims—being personal injury and property-based—implicate those protections.

At minimum, this presents a serious constitutional question supporting appellate review.

## F. THESE ERRORS COLLECTIVELY ESTABLISH A SUBSTANTIAL CASE

Each of the above issues independently demonstrates a substantial likelihood of success.

Taken together, they establish:

- unresolved Supreme Court-level legal questions

- statutory noncompliance
- constitutional deficiencies
- and lack of evidentiary support for confirmation findings

This far exceeds the threshold required under *Nken*.

---

## IV. All Stay Factors Favor Relief

### A. Likelihood of Success on the Merits

Shows serious appellate issues, and a substantial likelihood of success , including whether the plan unlawfully impairs or channels personal-injury rights, whether confirmation was proper despite unresolved objections about accounting and best-interests, and whether constitutional and statutory limits were exceeded. The stay standard does not require certainty of victory; it requires a strong showing or, in Second Circuit practice, at least sufficiently serious issues.

### B. Irreparable Harm to Appellant Absent a Stay

Once the plan is substantially consummated or distributions and releases/channels are implemented further, effective appellate relief becomes harder or impossible. Loss of meaningful appellate review, forced channeling of a personal injury claim into a structure the appellant contends is unlawful, and inability to recover the same litigation position later are classic forms of irreparable harm in this setting. A stay exists to preserve the status quo while the appeal is decided.

### C. No Substantial Injury to Other Parties from a Targeted Stay

A limited stay designed to preserve appellate review causes less harm than denying a stay and allowing potentially irreversible implementation to proceed. Courts weigh whether issuance of the stay will substantially injure others; that word matters. Any delay is incremental and financial/administrative, while Appellant's injury is permanent loss of rights and meaningful review**.**

### D. The Public Interest Favors a Stay

The public interest is served by preserving appellate review where the appeal raises serious questions about the legality of confirmation, treatment of personal-injury claimants, and the integrity of the bankruptcy process. The public interest is not just "move the case along." It also includes confidence that distributions affecting constitutional or property interests are not pushed forward beyond practical review.

---

## V.  DEBTORS' "IRRELEVANCE" ARGUMENT FAILS AS A MATTER OF LAW

Debtors argue that Appellant's arguments are unrelated to the stay denial. That is incorrect.

Each argument directly informs the **likelihood of success on appeal**, including:

☐ Due process requirements under *Mullane v. Central Hanover Bank & Trust Co. 339 U.S, 304 (1950)*

☐ Protection of property rights under *Armstrong v. United States*

☐ Statutory compliance under 11 U.S.C. § 1129

Likelihood of success is a required factor under *Nken*. Arguments bearing on that factor are, by definition, relevant.

## VI.  IRREPARABLE HARM WAS NOT PROPERLY EVALUATED

Debtors do not dispute that implementation of the Plan will:

- alter Appellant's claim
- affect Appellant's rights prior to appellate review

Loss of constitutional and property rights constitutes irreparable harm. See *Elrod v. Burns*.

Additionally:

Once the Plan is implemented, meaningful appellate relief may be rendered impossible or moot.

Failure to account for this constitutes clear error.

## VII. APPELLANT HAS DIRECT STANDING

Appellant has standing because:

- she is a claimant in the proceeding
- her claim is directly affected by the Plan
- her legal and economic interests are altered

This is a concrete, particularized pecuniary injury sufficient for appellate standing.

Debtors' attempt to minimize that interest does not negate it.

## VIII. THE MODIFIED CONFIRMATION RULING IS MATERIAL

Appellant's appeal arises from a **modified confirmation ruling that altered rights and deadlines**.

Under Bankruptcy Rule 8002:

The time to appeal runs from the operative order affecting substantive rights.

Where rights change, the operative order controls.

Debtors do not address this point.

---

## IX. SUPREME COURT AUTHORITY CONFIRMS SUBSTANTIAL QUESTIONS ON THE MERITS

The Supreme Court in *Harrington v. Purdue Pharma L.P.* confirmed that bankruptcy courts are subject to strict limits regarding third-party releases.

This authority demonstrates that challenges to the treatment of claimants in this case raise **serious and non-frivolous legal issues**.

That directly supports likelihood of success

---

## X. MANIFEST INJUSTICE WARRANTS RELIEF

Absent reconsideration:

- Appellant's claim will be permanently altered
- appellate review will be undermined
- constitutional issues will evade meaningful review

This constitutes manifest injustice.

---

## XI. JURISDICTIONAL  OBJECTIONS ARE PRESERVED

Appellant maintains that jurisdictional defects exist.

However, even assuming jurisdiction arguendo, the denial of a stay fails under the governing standard.

## XII. CONCLUSION

Debtors' Opposition does not address the dispositive issue:

The Court's denial of a stay rests on a misapplication of controlling law and failure to address material issues.

Reconsideration is therefore warranted.

## REQUEST FOR RELIEF

Appellant respectfully requests that the Court:

1. Grant reconsideration
2. Vacate the Order denying a stay
3. Enter a stay pending appeal
4. Grant such further relief as is just and proper

## RESERVATION OF RIGHTS

Appellant expressly reserves all rights, claims, and arguments, including the right to supplement this filing as additional facts or authority become available.

**Respectfully presented,**

/s/ Laurie Danielle Pitts-Tillman
 Pro Se

℅ 5116 Georgia Highway 99

Brunswick, Georgia [31525]

912-506-8875

**CERTIFICATE OF SERVICE** I, Laurie Danielle Pitts-Tillman, certify that on this 20th day of April, 2026, I caused a true and correct copy of the foregoing Reply in Support of Appellant's Motion for Reconsideration of Order Denying Stay Pending Appeal to be filed electronically with the Clerk of the Court using the email provided online. I further certify that service is accomplished by the CM/ECF system upon all parties registered to receive electronic notice in this case once put on docket.  To the extent any party is not a registered CM/ECF participant, I certify that a copy was served by United States Mail, first-class postage prepaid, addressed to such party at their last known address.

 Respectfully presented ,

/s/ Laurie Danielle Pitts-Tillman

 Pro Se

℅ 5116 Georgia Highway 99 Brunswick, Georgia [31525]

912-506-8875