# PIONEER - ALL 17 PRO SE LATE-CLAIM COMPARISON MATRIX

## Purdue Pharma - Rule 9006(b)(1) Excusable Neglect - 13 Granted / 4 Denied

**Purpose.** This rewrites the original comparator matrix across all seventeen late-claim movants. The claimant circumstances and PAT positions are drawn from PAT Exhibit A (Doc. 9143); the Court later stated PAT objected only to four and that the other thirteen had, in PAT's view, adequate justification. The comparison column identifies the significance to Rosemary Walker without treating argument as evidence.

| # | Claimant | Record circumstances asserted | Extraordinary / access circumstance | PAT May 2026 | Court result | Comparison significance for Rosemary Walker |
|---|---|---|---|---|---|---|
| 1 | **Don W. Hardin** | Proof filed Sept. 23, 2021. Said the drug caused actions/inactions. At hearing said that after 9/11 he stopped following news/newspapers and was not up to date until someone asked him about Purdue; then he started paperwork. | No incarceration or formal disability identified in PAT chart; lack of awareness / disengagement from news. | **Do Not Oppose** | **GRANTED** | PAT ultimately accepted a relatively general lack-of-awareness explanation. Compare with Walker's documented confusion, disability, disasters, and later filing efforts. |
| 2 | **Wayne B. Anderson** | Proof filed July 18, 2022. 75-year-old disabled veteran; said he probably heard of the bankruptcy but did not watch news, did not know his options, had no media, and was 'not a computer guy.' | Disability + limited media/technology + lack of understanding. | **Do Not Oppose** | **GRANTED** | Strong disability/access comparator. PAT used totality for Anderson; Walker argues the same totality method should apply to her disability, access limits and confusion. |
| 3 | **Seung Han** | Proof filed May 31, 2022. Said the pandemic made the bar date impossible because he had no law-library, internet or visitation access during incarceration. | Incarceration + COVID + lack of legal/internet resources. | **Do Not Oppose** | **GRANTED** | Strong COVID/access comparator. PAT expressly treated pandemic restrictions as compounding circumstances beyond the claimant's control. |
| 4 | **Roy Howard Murry** | Proof filed Nov. 15, 2021. Said he did not learn of the chapter 11 case until Oct. 19, 2021 and immediately requested forms; quarantine lockdowns caused little phone/legal-material access. | Incarceration + COVID lockdown + late notice + prompt action after learning. | **Do Not Oppose** | **GRANTED** | Strong prompt-action comparator. Walker similarly relies on what she understood and what she did once she learned a separate claim process was required. |
| 5 | **Edward N. Whitman** | Proof filed Mar. 31, 2022. Said incarceration through the pandemic left no law-library access, visitation, or resources; filed around release from incarceration. | Incarceration + COVID + resource deprivation. | **Do Not Oppose** | **GRANTED** | Shows external resource limitations were credited. Walker presented no-resources/phone/internet evidence plus disasters and disability. |
| 6 | **Richard Paiva** | Proofs filed Dec. 19, 2022 and June 12, 2023. Said he had been incarcerated 13 years and had no notice until another inmate told him. | Long incarceration + lack of notice. | **Do Not Oppose** | **GRANTED** | Strong notice comparator. PAT accepted late discovery years after the bar date. |
| 7 | **Willard J. Hall** | Motion Sept. 5, 2023; proof of claim filed Mar. 26, 2026. Said he asked for 'late filing forgiveness' but had not heard from Court and did not know his claim number. | No disability/incarceration identified in PAT chart; uncertainty about late filing and claim number. | **Do Not Oppose; encouraged supplemental briefing** | **GRANTED** | Major timing comparator: formal proof was filed in 2026, later than Walker's 2025 filings. Also relevant to Walker's own documented uncertainty about her claim number. |
| 8 | **Travis Funke** | Never submitted a proof of claim as of PAT's May 2026 filing. Said he only recently found Purdue through Boy Scouts bankruptcy material mentioning the Supreme Court ruling, then researched it. | Recent discovery / ignorance of proceeding; no special disability identified in PAT chart. | **Do Not Oppose (Debtors had objected)** | **GRANTED** | Very strong late-discovery comparator. PAT did not oppose even though no proof of claim had been submitted. |
| 9 | **Travis J. Stewart** | Never submitted a proof of claim. Kroll mailed him a form in May 2020 after he requested it, but he apparently never mailed it back. Said incarceration, lack of notice, and belief a law firm had entered him as claimant contributed. | Incarceration + confusion + communication failure; actual pre-bar-date form apparently received but not returned. | **Do Not Oppose (Debtors had objected)** | **GRANTED** | One of the strongest comparators. Receipt of a claim form before the bar date and failure to return it did not ultimately prevent relief. |

## ALL 17 LATE-CLAIM COMPARATORS - CONTINUED

| # | Claimant | Record circumstances asserted | Extraordinary / access circumstance | PAT May 2026 | Court result | Comparison significance for Rosemary Walker |
|---|---|---|---|---|---|---|
| 10 | **British D. Moss** | Eleven proofs between Nov. 2021 and Sept. 2025. Said serious medical condition prevented timely filing; also stated 4,788 days in solitary confinement. Some forms attached as purported proof of timely filing had not previously been submitted to Kroll. | Serious medical condition + incarceration + prolonged solitary confinement. | **Do Not Oppose after PI Claims Administrator review** | **GRANTED** | Strong medical comparator. PAT obtained individualized PI Claims Administrator review before changing/confirming its position. |
| 11 | **Eddie M. Vargas, Sr.** | Proof filed Feb. 12, 2024. Incarcerated; said no notice, learned of Endo in 2023 and Purdue through Kroll correspondence received Apr. 2, 2024; then requested a form and filed. Contacted 30+ bankruptcy lawyers without success. | Incarceration + late notice + pro se inability to obtain counsel. | **Do Not Oppose** | **GRANTED** | Strong late-notice/pro se comparator. PAT credited action after later discovery. |
| 12 | **Michael Walker** | Proof filed Aug. 14, 2025. Legally blind, incarcerated more than a decade, significant medical conditions, supporting documentation. | Legal blindness + significant medical conditions + incarceration. | **Do Not Oppose after PI Claims Administrator review** | **GRANTED** | Strongest disability-review comparator. PAT referred his documented medical circumstances for individualized review. |
| 13 | **Michael C. Stevens** | Proof filed July 13, 2023. Confusion because he also filed claims in Endo bankruptcy; incarcerated with limited access to mail, phones and electronic resources. | Incarceration + confusion with another opioid bankruptcy + communication limits. | **Do Not Oppose** | **GRANTED** | Strong confusion comparator. PAT accepted confusion involving another proceeding when combined with access restrictions. |
| 14 | **Janice S. Lojko** | Kroll treated her July 2025 letter as a proof of claim although no official form was used. Said she tried electronic filing when aware she could; cited 2017 fires, COVID, husband's death, family burdens, financial hardship and stress. | Natural disaster + COVID + bereavement/family hardship, much occurring before bankruptcy/bar date. | **Oppose** | **DENIED** | Useful control comparator. Hardship alone was not enough where Court found inadequate causal connection to the missed bar date. |
| 15 | **Rosemary Walker** | PAT initially summarized proofs as Aug. 25 and Sept. 15, 2025 and her 'general assertions' as disability plus Oregon Sackler litigation. Supplemental record added COVID, Salem/Marion County fires, Feb. 2021 residence loss, displacement/hotel fire, internet/resource issues, and confusion whether 23CV33935 was her claim. Separate record shows July 2025 filing efforts and PI Trust receipt. | Disability + natural disasters + property loss/displacement + resource/access limitations + documented confusion + repeated attempts to determine/file claim. | **Oppose** | **DENIED** | Central comparator. Unlike a mere ignorance case, Walker's record combines categories PAT credited elsewhere: disability, disasters, access limits, confusion, late understanding, and subsequent diligence. |
| 16 | **Sally Ann Cates** | Four proofs Sept. 15-16, 2025. Discussed brother's opioid death and merits but PAT said she otherwise did not identify a reason for delay. | Underlying injury, but no lateness justification identified in PAT chart. | **Oppose** | **DENIED** | Control comparator. Merits of an opioid claim alone do not establish excusable neglect; Walker's showing is materially different because she supplied reasons for delay. |
| 17 | **Jacqueline Torres Herrera** | No proof of claim. Said she was unaware of original claim deadlines and only recently learned of Plan and voting process. | No special circumstance identified beyond lack of awareness. | **Oppose** | **DENIED** | Control comparator for bare ignorance. Walker's record contains additional disability, disaster, access, confusion and diligence evidence. |

## PIONEER FACTOR - GROUP COMPARISON

| Pioneer factor | Walker / denied-group treatment | Comparator issue |
|---|---|---|
| Prejudice | The Court grouped the four denied movants together in its prejudice analysis. | Thirteen other late claims were granted. The comparison question is what evidence showed that admitting Walker's single claim created materially different prejudice after those thirteen grants. |
| Length of delay / impact | Walker was years beyond the 2020 bar date. | Successful claims were also filed years late: 2021, 2022, 2023, 2024, 2025, and Hall's proof in March 2026. Length therefore cannot alone distinguish Walker. |
| Reason for delay / control | This was the principal dividing factor for the denied group. | The granted group included COVID restrictions, no internet/law library, medical disability, no media/computer skill, late discovery, confusion with another proceeding, and even failure to return a form mailed before the bar date. |
| Good faith | The prior comparison record notes the Court found no reason to believe Walker acted in bad faith. | Good faith therefore does not materially separate Walker from the successful comparators; her July 2025 claim-form inquiries and efforts further bear on diligence/good faith. |

## KEY RECORD DISTINCTIONS

• The Court stated there were seventeen pending pro se late-claim motions; PAT objected only to four and considered thirteen adequately justified.

• The four opposed/denied claimants were Janice Lojko, Rosemary Walker, Sally Ann Cates, and Jacqueline Torres Herrera.

• The thirteen successful comparators were Hardin, Anderson, Han, Murry, Whitman, Paiva, Hall, Funke, Stewart, British Moss, Vargas, Michael Walker, and Stevens.

• PAT's favorable categories included incarceration/resource restrictions, COVID compounding effects, medical conditions, acts of God, lack of media access, late discovery, and individualized PI Claims Administrator review.

• Rosemary Walker's comparison must use her full supplemented record rather than PAT's initial shorthand. The central question is whether the same totality methodology was applied to materially similar categories of hardship, confusion, access limitation and diligence.

## SOURCE DISCIPLINE

Primary source: PAT Exhibit A, Doc. 9143, pp. 18-24, listing all seventeen claimants, their assertions, Debtors' initial positions, and PAT's May 2026 positions. The July 1, 2026 decision states PAT objected only to four and describes the categories PAT considered adequate for the other thirteen. This matrix uses 'Granted'/'Denied' as the ultimate disposition reflected in the previously assembled comparison record; any filed appellate brief should cite the specific grant/denial orders for each claimant.