# Exhibit J

**“Summary Reap and Conclusion” filed by Keith E. Redwood, *In re Purdue Pharma L.P., et al*, Case No. 25-cv-10327 (S.D.N.Y. Aug. 3, 2026) [Dkt. No. 66]**

Case 7:25-cv-01683-NSR Document 130-10 Filed 03/02/26 Page 1 of 3

## SUMMARY REAP AND CONCLUSION

**Appellant Keith E. Redwood respectfully submits this Memorandum of Law in support of my Motion for Summary Judgment (Docket No. 59), seeking judicial liquidation, allowance, and immediate disbursement of the non-personal injury economic damage portion of Claim No. 57858 in the compromised, indemnified amount of $900,000.00.**

**This motion represents a critical turning point in this litigation. Summary judgment is mandated because the material facts regarding the validity of the claim, the post-petition misconduct of the Debtors, and the binding nature of the parties' $900,000.00 compromise settlement agreement are completely uncontradicted. There are no genuine issues of material fact left for a trier of fact to resolve.**

**This Court must reject any forthcoming attempts by the Appellees to hide behind the shield of "equitable mootness" or the May 1, 2026 plan consummation. While federal courts routinely protect finalized mass-tort restructurings, the Second Circuit has made clear that equitable mootness is an *equitable* doctrine—not a vault designed to lock away evidence of fiduciary fraud.**

**As detailed herein, Appellant has uncovered "smoking gun" discovery artifacts and internal Unsecured Creditors' Committee (UCC) communications proving that Lead Attorney Arik Preis of Akin Gump and the UCC engaged in willful misconduct and gross negligence. The UCC was in possession of independent valuations for hybrid claims like Claim No. 57858, yet intentionally and actively concealed these material non-personal injury economic assessments from the Bankruptcy Court to force a swift plan confirmation.**

**Because the Appellees' own deceptive conduct and active concealment blindfolded me and directly prevented the timely acquisition of a pre-consummation stay, the diligence requirement of the equitable mootness doctrine is legally tolled. Equity strictly forbids a fiduciary from setting the**

house on fire and then arguing that the victim was not diligent enough in calling the fire department.

Furthermore, because the Debtors have already affirmed the economic merits of Redwood's damages, and because a $900,000.00 indemnified payout represents a minor, discrete financial adjustment within a multi-billion-dollar trust infrastructure, this Court can grant effective, localized relief under 11 U.S.C. § 502 and Section 5.6 of the Plan without knocking the pillars out from under the confirmed restructuring.

The contractual terms of the parties' compromise agreement mandate a strict 14-calendar-day compliance window. I have  remitted clear, unassailable post-petition evidentiary evidence linking the continuing 2019–2024 deceptive marketing of OxyContin through Dr. Silvia Knoploch to the exact economic harms suffered. Accordingly, this Court should grant summary judgment, order the immediate liquidation of the claim, and command Trust Fiduciary Rachael Ringer to disburse the indemnified funds within fourteen (14) days.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Appellant Keith E. Redwood respectfully requests that this Court enter an Order:

1. GRANTING Appellant’s Motion for Summary Judgment under Docket No. 59 in its entirety;
2. JUDICIALLY LIQUIDATING and allowing the non-personal injury economic damage portion of Claim No. 57858 as an administrative priority expense in the contractually agreed, compromised, and indemnified amount of $900,000.00 pursuant to 11 U.S.C. § 502 and Section 5.6 of the Chapter 11 Plan;
3. OVERRULING any defense of equitable mootness or plan preclusion raised by the Appellees based on the compelling, "smoking gun"

evidentiary showing of active concealment, gross negligence, and willful misconduct perpetrated by the Unsecured Creditors' Committee and its professionals;

4. **COMMANDING** the Purdue Pharma Restructuring Trust Administration, Kroll Restructuring Administration, and Trust Fiduciary Rachael Ringer to execute an immediate cash disbursement or wire transfer of the full $900,000.00 indemnified payout directly to Appellant within fourteen (14) calendar days of the entry of this Court's Order; and

5. **GRANTING** Appellant such other, further, and different relief as this Court deems just, proper, and equitable under the circumstances.

**Dated: August 3, 2026**
**White Plains, New York**

**Respectfully submitted,**

**By: /s/ Keith E. Redwood**
**Keith E. Redwood**
*Appellant Pro Se / Plaintiff*
**Mailing Address: 51A Pratt Street Rocky Hill CT 06067**
**Phone Number# (860)997-9322**
**Email Address: kthredwood@gmail.co**