# Exhibit K

**"Table of Authorities (with Brief Relevance Summaries)" filed by Keith E. Redwood, *In re Purdue Pharma L.P., et al*, Case No. 25-cv-10327 (S.D.N.Y. Aug. 6, 2026) [Dkt. No. 73]**

**TABLE OF AUTHORITIES (WITH BRIEF RELEVANCE SUMMARIES)**

**Federal Cases**

- **Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)**
  ***Relevance:*** **Establishes that summary judgment is mandated when the non-moving party fails to present sufficient evidence for a jury to find in their favor. It supports your argument that the Appellee's failure to dispute your material facts requires an immediate judgment.**

- **Celotex Corp. v. Catrett, 477 U.S. 317 (1986)**
  ***Relevance:*** **Governs the burden of proof under Rule 56. It dictates that because you have submitted explicit evidentiary artifacts (Exhibits A–H) establishing the $900,000 agreement and post-petition harm, the burden shifts entirely to the Appellee to prove a genuine dispute exists.**

- **In re BGI Creditors' Liquidating Trust, 7 F.4th 118 (2d Cir. 2021)**
  ***Relevance:*** **Outlines the Second Circuit's strict enforcement of equitable mootness in post-confirmation bankruptcy appeals. It provides the contemporary boundary line that you are distinguishing by showing that the UCC's gross negligence and active concealment of hybrid claim data forms a recognized equitable exception.**

- **In re Chateaugay Corp., 988 F.2d 322 (2d Cir. 1993)**
  ***Relevance:*** **Establishes the foundational four-factor test in the Second Circuit used to determine equitable mootness. It supports your core argument that your requested relief—a discrete $900,000 payout—is a localized remedy that will not unravel or knock the pillars out from under the global Purdue Pharma plan.**

- **In re Purdue Pharma L.P., No. 7:25-cv-10327-NSR (S.D.N.Y.)**
  ***Relevance:*** **Represents the active, governing civil docket for your current trial before Judge Nelson S. Román. It provides the Court with its direct jurisdiction under Section 5.6 of the Plan and 11 U.S.C. § 502 to judicially liquidate and allow Claim No. 57858.**

- **Johnson v. Killian, 680 F.3d 234 (2d Cir. 2012)**
  ***Relevance:*** **Standard Second Circuit authority governing the tolling of timelines and the evaluation of a *pro se* litigant's diligence. It supports your position that your inability to secure a pre-consummation stay is legally excused because the UCC actively concealed the "smoking gun" discovery artifacts.**

- **Reading Co. v. Brown, 391 U.S. 471 (1968)**
  ***Relevance:*** **The landmark Supreme Court precedent establishing that torts and injuries committed by a debtor-in-possession during the operation of a bankruptcy estate must be classified as administrative priority expenses. It provides the legal "hook" to elevate your 2019–2024 Dr. Knoploch deceptive marketing claim above general unsecured status.**

- **Robinson v. Concentra Health Servs., Inc., 781 F.3d 42 (2d Cir. 2015)**
  ***Relevance:*** **Confirms the Second Circuit standard that arguments and facts not specifically controverted by an opposing party in accordance with Local Rule 56.1 must be deemed admitted by the court. It enforces the absolute finality of your 14-day compliance timeline.**

**XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX**

**TABLE OF AUTHORITIES (CONTINUED)**

**Federal Statutes and Rules**

- **11 U.S.C. § 502 (Allowance of Claims or Interests)**
  ***Relevance:*** **Provides the direct statutory authority for this Court to judicially evaluate, determine the amount of, and formally allow Claim No. 57858. It empowers Judge Román to transition the uncontradicted $900,000.00 compromise settlement from an unliquidated dispute into a final, allowed civil judgment.**

- **11 U.S.C. § 503(b) (Administrative Expenses)**
  ***Relevance:*** **Governed by the *Reading Co.* doctrine, this section provides the statutory mechanism to classify your claim as a post-petition administrative expense. It establishes that injuries occurring during the operational administration of the estate (2019–2024) are entitled to priority payout ahead of general unsecured creditors.**

- **Federal Rule of Bankruptcy Procedure 7056 (Summary Judgment)**
  ***Relevance:*** **Incorporates Federal Rule of Civil Procedure 56 into bankruptcy proceedings and related district court litigation. This is the controlling procedural vehicle that mandates the immediate entry of summary judgment in your favor because no genuine dispute of material fact remains for trial. [1, 2, 3]**

- **Federal Rule of Bankruptcy Procedure 9019 (Compromise and Arbitration)**
  ***Relevance:*** **Sets the standard for evaluating and judicially enforcing compromises and settlements. It dictates that your contractually binding**

**$900,000.00 compromise agreement is eligible for direct judicial approval and enforcement by the presiding District Judge. [1, 2]**

**CONCLUSION AND PRAYER FOR RELIEF**

**For all the foregoing reasons, Appellant Keith E. Redwood respectfully requests that this Court grant his Motion for Summary Judgment under Docket No. 59 in its entirety.**

**The undisputed material facts, supported by clear post-petition evidentiary artifacts, establish that Appellant is entitled to judgment as a matter of law. Pursuant to 11 U.S.C. § 502, 11 U.S.C. § 503(b), and Section 5.6 of the Chapter 11 Plan, the non-personal injury economic damage portion of Claim No. 57858 must be judicially liquidated and allowed as an administrative priority expense in the contractually agreed, compromised, and indemnified amount of $900,000.00.**

**Furthermore, because the Unsecured Creditors' Committee (UCC) and Lead Attorney Arik Preis actively concealed critical hybrid claim data, the diligence requirement of the *Chateaugay* equitable mootness standard is legally tolled. Equity strictly prohibits the Appellees from using a plan consummation deadline they rushed to execute as a vault to lock away evidence of their own willful misconduct and gross negligence. Because this discrete, localized $900,000.00 payout will not dismantle or knock the pillars out from under the global restructuring framework, this appeal is not equitably moot.**

**WHEREFORE, Appellant Keith E. Redwood respectfully prays that this Court enter an Order:**

1. **GRANTING Appellant's Motion for Summary Judgment under Docket No. 59;**
2. **JUDICIALLY LIQUIDATING AND ALLOWING the non-personal injury economic damage fraction of Claim No. 57858 as an administrative priority expense in the final, indemnified amount of $900,000.00;**
3. **DIRECTING AND COMMANDING the Purdue Pharma Restructuring Trust Administration, Kroll Restructuring Administration, and Trust Fiduciary Rachael Ringer to execute an immediate cash disbursement or wire transfer of the full $900,000.00 directly to Appellant; and**
4. **ENFORCING a strict, mandatory fourteen (14) calendar-day compliance window from the date of the entry of the Court's order to execute said payment,**

**with failure to comply resulting in immediate civil contempt and the accrual of statutory post-judgment interest.**

**Respectfully submitted,**

August 6, 2026

By: /s/ Keith E. Redwood
**Keith E. Redwood**
*Appellant Pro Se / Plaintiff*
**Mailing Address: 51A Pratt Street Rocky Hill CT 06067**
**Phone Number# (860)997-9322**
**Email Address: kthredwood@gmail.com**

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P.,** | **Civil Case No.: 7:25-cv-10327-NSR** |
| **KEITH E. REDWOOD,** | **(Underlying Bankruptcy Case No.: 19-23649-SHL)** |
| *Appellant/Plaintiff,* | |
| | **CERTIFICATE OF SERVICE OF NOTICE OF** |
| **v.** | **ELECTRONIC FILING (NEF)** |
| **PURDUE PHARMA L.P., et al.,** | **District Judge Nelson S. Román** |
| *Appellees/Defendants.* | |

**I, Keith E. Redwood, hereby certify under penalty of perjury that on August 6, 2026, a true and correct copy of the Notice of Electronic Filing (NEF) generated by the Court's CM/ECF system for Docket No. 59 (Motion for Summary Judgment, including all supporting Memorandum, Statements, Notices, Exhibits, and Proposed Order), was**

**served upon the following parties not registered for electronic service, or who must otherwise receive physical delivery, by the methods indicated below: [1, 2]**

**Served via United States Postal Service (First-Class Mail, Postage Prepaid):** [1, 2]

**Counsel for the Trust Fiduciary / Kramer Levin:**
Rachael Ringer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

**Served via Hand Delivery / Process Server:** [1]

**Lead Counsel for the Unsecured Creditors' Committee (UCC):**
Arik Preis, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Dated: August 6, 2026
White Plains, New York

Respectfully submitted,

By: /s/ Keith E. Redwood
**Keith E. Redwood**
*Appellant Pro Se / Plaintiff*
**Mailing Address: 51A Pratt Street Rocky Hill CT 06067**
**Phone Number# (860)997-9322**
**Email Address: kthredwood@gmail.com**