**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re PURDUE PHARMA L.P., et al., Debtors**

**ROSEMARY HELEN ZIZIROS WALKER,**
Appellant,
**QUALIFIED DISABLED PRO SE PAUPER,**

v.

**PURDUE PHARMA L.P., et al.,**
Appellees.

Bankruptcy Case No. 19-23649 (SHL)
District Court Case No. 25-CV-09681 (NSR)

**OBJECTION AND PROTECTIVE APPELLATE FILING CONCERNING BANKRUPTCY DKT. 9555 AND ANY ORDER ENTERED THEREON; PROTECTIVE NOTICE OF APPEAL AND MOTION FOR LEAVE CONCERNING ECF NOS. 9438 AND 9439; ALTERNATIVE REQUEST UNDER FED. R. BANKR. P. 8004(d); EXPRESS CONTINUED APPEAL OF PLAN CONFIRMATION AND HARRINGTON CONSENT ISSUES; RENEWED REQUEST FOR STAY; REQUEST CONCERNING PAT AND KNOA; RENEWED APPLICATION FOR PRO BONO COUNSEL; PACER FEE-EXEMPTION/ACCESS REQUEST; AND PRESERVATION OF PIONEER, DUE-PROCESS, FIRST-AMENDMENT, BALLOT, RELEASE, STANDING, MOOTNESS, AND FILING-RESTRICTION ISSUES**

**PROTECTIVE FILING - LEAVE AND LIBERAL CONSTRUCTION REQUESTED**

## PRELIMINARY STATEMENT

Appellant Rosemary Helen Ziziros Walker ("Walker"), a QUALIFIED DISABLED PRO SE PAUPER, submits this filing first and foremost because of the new August 24, 2026 late-claim proceeding, Bankruptcy Dkt. 9555.

Dkt. 9555 is titled:

> *“MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES FOR LATE-FILED CLAIMS.”*

It asks the Bankruptcy Court to implement procedures governing late-filed claims after the May 1, 2026 Effective Date and after Walker's own late claim was denied.

Walker has already objected to Dkt. 9555 and seeks to ensure that Dkt. 9555 and any order entered upon it are preserved for appellate review to the extent they affect, illuminate, distinguish, or conflict with the treatment of Walker's late claim.

**THIS IS THE NEW ISSUE WALKER SEEKS TO PROTECT FIRST.**

Separately, and out of an abundance of caution, Walker also files protectively concerning Bankruptcy ECF Nos. 9438 and 9439.

Walker believes she has repeatedly attempted to preserve and appeal the rulings affecting her late claim and related rights. Because Walker is proceeding without counsel, recently underwent surgery, has experienced additional medical complications, and reports neurological and memory limitations, she files this document to ensure that no uncertainty about a prior notice, caption, docket number, procedural mechanism, finality determination, motion for leave, or other curable requirement is interpreted as abandonment of review of ECF Nos. 9438 and 9439.

Walker also expressly reiterates:

**WALKER CONTINUES TO APPEAL CONFIRMATION OF THE PURDUE PLAN IN 25-CV-09681.**

Nothing in this filing replaces, narrows, abandons, or waives that existing confirmation appeal.

## I. THE NEW AUGUST 24, 2026 DKT. 9555 LATE-CLAIM PROCEEDING IS THE FIRST NEW MATTER WALKER SEEKS TO PRESERVE FOR APPEAL

On August 24, 2026, the Plan Administration Trust ("PAT") filed Bankruptcy Dkt. 9555, seeking an order implementing procedures for late-filed claims.

The proposed order expressly concerns procedures for late-filed claims and states that the Bankruptcy Court possesses jurisdiction under 28 U.S.C. §§ 157 and 1334.

Walker objects to Dkt. 9555 and asks that this new proceeding be preserved now rather than forcing Walker later to confront an argument that she failed to object, failed to appeal, failed to seek leave, or otherwise waived the issue.

**WALKER'S QUESTIONS CONCERNING DKT. 9555**

**Why are new procedures being implemented for late-filed claims after the Effective Date when Walker's known late-claim dispute was not adjudicated before May 1, 2026?**

**What objective standards govern PAT's consent to, opposition to, or treatment of late claims under Dkt. 9555?**

**Are those standards the same standards applied when PAT opposed Walker's late claim?**

**If the standards are different, what legal authority permits materially different treatment?**

**If the standards are the same, what materially supported factual distinction explains Walker's denial?**

Walker's existing Dkt. 9555 objection already asks why her known claim dispute was not determined before May 1 and what objective criteria govern PAT's treatment of future late claims.

Walker therefore asks the District Court to permit her to preserve appellate review of Dkt. 9555 and any resulting order through whatever procedural mechanism the Court determines applicable.

## II. WALKER OBJECTS TO DKT. 9555 BEING USED TO CREATE FURTHER EQUITABLE-MOOTNESS OR IMPLEMENTATION PREJUDICE

Walker has repeatedly requested stays.

Walker objects to additional Plan or Trust implementation occurring while her appeals and material unresolved issues remain pending and then being used to argue:

equitable mootness;
substantial consummation;
constitutional mootness;
third-party prejudice;
administrative impracticability;
or inability to grant effective relief.

Walker's Dkt. 9555 objection already asks that implementation be stayed so additional implementation is not later asserted against her as a reason meaningful appellate relief has become unavailable.

Walker therefore again requests a stay of Dkt. 9555 and materially consequential implementation affecting her rights until meaningful appellate review can occur.

## III. DKT. 9555 MUST BE RECONCILED WITH RULE 9006(b)(1), PIONEER, AND THE PRIOR LATE-CLAIM RECORD

Walker does not contend that all late claims must receive identical treatment.

She asks that the same governing equitable standard be applied consistently.

The existing record identifies 17 pro se late-claim motions, 13 granted or unopposed and 4 denied, with Walker among those denied. The successful group included circumstances involving disability or medical problems, COVID restrictions, incarceration, limited legal or internet resources, lack of notice, limited computer/media access, late discovery, and confusion.

Walker's objection to Dkt. 9555 specifically preserves Fed. R. Bankr. P. 3003(c)(3), Rule 9006(b)(1), Pioneer, Rule 9014, constitutional notice and due process, amendment rights, and judicial review.

Walker asks:

**DOES DKT. 9555 CREATE A NEW ADMINISTRATIVE PROCESS THAT OPERATES DIFFERENTLY FROM THE PIONEER ANALYSIS APPLIED TO WALKER?**

**If so:**

**WHY?**

**If not:**

**WHAT MATERIAL DISTINCTION EXPLAINS THE DIFFERENT TREATMENT?**

## IV. WALKER OBJECTS TO DESTRUCTION OF ATTEMPTED PAPER CLAIM SUBMISSIONS WITHOUT INDIVIDUALIZED NOTICE

Dkt. 9555 also implicates treatment of attempted paper claim submissions.

Walker objects to any procedure authorizing destruction of such submissions without individualized notice.

Walker's concern is not abstract. Her record involves separate bankruptcy and PI Trust claim systems, claim identifiers, mailed submissions, electronic-access issues, disability/access issues, and disputes concerning what was received and processed.

Walker's existing objection requests that attempted submissions be preserved, recorded, or returned with understandable instructions rather than destroyed without individualized notice.

Walker preserves this issue under due-process and meaningful-access principles.

## V. OUT OF AN ABUNDANCE OF CAUTION, WALKER ALSO PROTECTIVELY APPEALS ECF NOS. 9438 AND 9439

Separate from Dkt. 9555, Walker seeks protective appellate treatment of Bankruptcy ECF Nos. 9438 and 9439.

This portion of the filing is deliberately protective.

Walker does not state that she previously failed to appeal those orders.

Walker states that because she is a QUALIFIED DISABLED PRO SE PAUPER, without counsel, recently recovering from surgery and reporting neurological and memory difficulties, she wishes to eliminate any possible argument that review was lost because a previous submission used the wrong procedural form.

Walker therefore seeks review of:

A. ECF No. 9438 and the late-claim determination affecting Walker;

B. ECF No. 9439, including its mootness, standing, outstanding-request, release/revocation, and filing-restriction determinations;

and C. the underlying and related determinations necessary for meaningful appellate review.

ECF 9439 itself states that Walker's late claim had been disallowed, characterizes further claim-validity questions and her requested revocation as moot, but separately states that Walker retains whatever rights she has to sue the Sacklers because they are nondebtors.

Walker therefore asks that these legally distinct issues not be collapsed into one determination.

## VI. WALKER BEGS FOR LEAVE AND INVOKES FED. R. BANKR. P. 8004(d)

To the extent any challenged Bankruptcy Court determination is final, Walker invokes appellate jurisdiction under 28 U.S.C. § 158(a)(1).

To the extent any challenged determination requires leave, Walker begs for leave under 28 U.S.C. § 158(a)(3).

Walker also invokes Fed. R. Bankr. P. 8004(d).

If Walker used a notice of appeal when a motion for leave was required, Walker asks the District Court to:

treat the notice as a motion for leave;

order Walker to file a conforming motion;

or permit another legally authorized cure rather than dismissing appellate review.

## VII. WALKER CONTINUES TO APPEAL CONFIRMATION OF THE PLAN AND PRESERVES HARRINGTON CONSENT

Nothing concerning Dkt. 9555, ECF 9438, or ECF 9439 replaces Walker's existing appeal of Plan confirmation.

**WALKER CONTINUES TO APPEAL THE PLAN CONFIRMATION.**

The Plan's Disclosure Statement states that the Third-Party Releases:

> *"will only bind those creditors who elect to grant them"*

and further states that the Plan does not release direct claims against Sacklers or other nondebtors held by creditors who elect not to grant third-party releases.

Walker continues to assert that actual consent must be determined consistently with Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024).

Walker does not contend that Harrington automatically invalidates every provision of this Plan.

Walker contends that her own direct nondebtor claims cannot be treated as consensually released without identifying her legally operative election.

## VIII. WALKER'S SECOND BALLOT AND ASSERTED REVOCATION REQUIRE AN ACTUAL DETERMINATION

During the November 14 confirmation hearing, Debtors' counsel Marshall Huebner stated:

> *"We'll accept notices from someone saying hey, you know, now that I understand things better, I previously opted either in or not opted in, I would like to change that. So it's a last chance to change what we already did."*

On February 6, 2026, Kroll confirmed receipt of Walker's subsequent E-Ballot, Confirmation No. 2325-2-FXRCB-075191492, and stated:

> *"the most recent submission will supersede the previous one."*

But Kroll also stated that ultimate acceptance and validity rested with Debtors' counsel.

Walker therefore does not claim Kroll legally adjudicated her revocation.

**What did Walker's February 6 ballot elect?**

**Was it Walker's latest timely submission before March 1?**

**What did Debtors' counsel determine concerning that submission?**

**Which provisional ballot legally controlled immediately before the Effective Date?**

**When will Walker's asserted revocation and opt-in/not-opt-in status actually be heard and adjudicated?**

## IX. THE PLAN BECAME EFFECTIVE BEFORE WALKER'S CLAIM AND EFFECTIVE BALLOT WERE DETERMINED

The Plan became effective May 1, 2026.

On May 8, Debtors' counsel stated:

> *"If your late claim motion is granted, we will thereafter address which of your provisional ballots will be deemed to be the effective ballot."*

The record therefore establishes that effectiveness occurred before Walker's late-claim adjudication and before the Debtors said the effective provisional ballot would be determined.

That sequencing bears directly on Walker's consent and appellate-prejudice arguments.

## X. THE COURT'S MAY 20 EFFECTIVE-DATE STATEMENT MUST BE CONSIDERED

On May 20, the Bankruptcy Court explained:

> *"the effective date is just the label that we use"*

and:

> *"Doesn't mean they're all done at the same time, but you start the process."*

Walker asks that this exact explanation be considered before effectiveness or consummation is used to argue that unresolved Walker issues became incapable of judicial relief.

The record further reflects that on May 20 the Court still recognized:

> *"there is still an issue about this opt-in, opt-out"*

and stated it needed to be addressed.

## XI. THE COURT'S MAY 20 ACCESS QUESTION STATES WALKER'S DUE-PROCESS ISSUE

During the May 20 hearing, Judge Lane asked:

> *"How is the MDT going to respond to something that they can't read?"*

**WALKER ASKS THE SAME FUNCTIONAL QUESTION:**

**HOW IS WALKER GOING TO RESPOND TO SOMETHING THAT SHE CANNOT READ?**

Walker asks that this principle be applied to her notice, access, amendment, response, cure, and appellate-preservation issues.

Walker invokes the First Amendment Petition Clause and Fifth Amendment Due Process Clause.

## XII. THE FOREMAN EXCHANGE IS PRESERVED ONLY FOR WHAT THE TRANSCRIPT ACTUALLY STATES

Ms. Foreman described her own Purdue submission experience and stated:

> *"So that might be the reason why Ms. Walker is so distraught."*

The Court later stated:

> *"Ms. Foreman, I'm going to cut you off there."*

Ms. Foreman began:

> *"I'm just saying it might be happening to other --"*

Walker asks only whether the factual portion of Ms. Foreman's description of her own claim-submission experience, separated from her opinion concerning Walker, was relevant to Walker's independently asserted claim-administration circumstances.

Walker makes no additional characterization of that exchange.

## XIII. WALKER PRESERVES THE DISTRICT COURT'S EXPRESS PROFANITY ISSUE UNDER COHEN

In District Court ECF No. 100, entered May 11, 2026, Judge Román wrote:

> *"Appellant Walker also uses profane language throughout her motion"*

and:

> *"The Court does not tolerate the use of profane language"*

followed by:

> *"Her motion is therefore denied with prejudice."*

Walker preserves the First Amendment question under Cohen v. California, 403 U.S. 15 (1971).

Walker does not contend that profanity immunizes threats, harassment, obstruction, contempt, or other independently sanctionable conduct.

Walker asks the narrower question:

**Was profanity itself a material reason for denial of Walker's motion, and if so, was that treatment consistent with the First Amendment principles recognized in Cohen?**

## XIV. WALKER PRESERVES THE FILING-RESTRICTION ISSUE

ECF 9439 must be reviewed separately from the merits of Walker's individual filings.

Walker's Master Multi-Matrix specifically warns that the Court's "blizzard" and "increasingly abusive" characterizations do not themselves transform every motion, appeal, ADA/access request, Rule 9006 motion, fee objection, or stay request into misconduct.

Walker asks whether the filing restriction preserves meaningful access for:

- new issues;
- notices of appeal;
- post-order events;
- motions necessary to protect appellate jurisdiction;
- and challenges to the restriction itself.

## XV. WALKER WISHES TO ADD PAT AND KNOA TO THE EXTENT REQUIRED

Because Dkt. 9555 was filed by PAT, PAT's role is no longer abstract.

Walker asks the District Court to determine whether PAT and/or Knoa must be added, joined, substituted, identified, or served in connection with relief sought after the Effective Date.

Walker does not ask that liability be presumed.

Walker asks that uncertainty regarding proper post-Effective-Date parties not defeat appellate review.

**XVI. WALKER RENEWS HER REQUEST FOR PRO BONO COUNSEL**

Walker renews her request under 28 U.S.C. § 1915(e)(1).

The first request was denied without prejudice.

Walker subsequently documented additional unsuccessful efforts to obtain representation.

The litigation now encompasses Plan confirmation, Harrington, Rule 9006(b)(1), Pioneer, new Dkt. 9555 late-claim procedures, Rule 8004, Rule 8007, Rule 3019, § 1127, standing, mootness, filing restrictions, constitutional access, PAT, Knoa, District Court proceedings, and Second Circuit proceedings.

Walker has also recently undergone surgery and reports neurological and memory limitations.

**XVII. WALKER RENEWS HER PACER FEE-EXEMPTION / RECORD-ACCESS REQUEST**

Walker requests a PACER fee exemption or another legally authorized no-cost mechanism sufficient to obtain materials necessary for meaningful appellate review.

Walker does not contend that pauper status automatically creates a PACER exemption.

Walker asks the Court to grant whatever exemption or no-cost access mechanism is legally authorized.

The issue again relates to the May 20 Court's question:

> *"How is the MDT going to respond to something that they can't read?"*

**XVIII. WALKER REQUESTS PRIVACY OF PERSONAL CONTACT INFORMATION**

Walker omits her residential address, personal email address, and telephone number from this public-facing filing because of previously raised privacy and safety concerns.

Walker asks that any legally required private contact information be maintained or supplied through a secure nonpublic procedure.

Walker does not waive service.

**XIX. EXPRESS NO-WAIVER / NO-ABANDONMENT**

Walker expressly preserves:

Dkt. 9555 and any order entered upon it;
her existing Plan-confirmation appeal in 25-CV-09681;
Harrington and actual consent;
ECF Nos. 9438 and 9439 and the underlying determinations necessary to review them;
Rule 9006(b)(1);
Pioneer;
the thirteen-versus-four comparator record;
new late-claim procedures;
Effective-Date sequencing;
ballot/revocation/opt-in/not-opt-in issues;

direct Sackler/nondebtor rights;
First Amendment speech and petition rights;
Cohen v. California;
Fifth Amendment due process;
filing restrictions;
stays and equitable mootness;
PAT and Knoa;
PACER/access;
pro bono counsel;
and procedural cure.

Nothing in this filing is intended to waive an issue properly preserved merely because every underlying exhibit or argument is not repeated.

**XX. AI-ASSISTED DOCUMENT REVIEW DISCLOSURE**

Ms. Walker is representing herself as a QUALIFIED DISABLED PRO SE PAUPER.

She has used artificial-intelligence assistance as a document-review and drafting aid to organize, compare, search, and summarize extensive record materials she supplied, including court orders, docket materials, hearing transcripts, Plan and Disclosure Statement materials, ballots, PI Trust materials, correspondence, and her own filings.

AI-assisted review has been directed to preserve exact source language where quotation marks are used and to distinguish verified source material from argument, inference, questions presented, and Walker's recollection.

This disclosure is made for transparency and is not offered as evidence in place of the underlying record.

**XXI. RELIEF REQUESTED**

1. ACCEPT AND DOCKET this protective filing;
2. recognize Dkt. 9555 as the new August 24, 2026 late-claim proceeding Walker presently objects to and seeks to preserve for appellate review;
3. permit Walker to appeal or seek leave to appeal any order entered upon Dkt. 9555 through whatever procedure the Court determines applicable;
4. STAY implementation of Dkt. 9555 and materially consequential late-claim procedures affecting Walker's rights pending meaningful review;
5. require identification of the objective standards governing PAT's post-Effective-Date treatment of late claims and permit comparison with the standards applied to Walker;
6. preserve Walker's Rule 3003(c)(3), Rule 9006(b)(1), Pioneer, Rule 9014, due-process, amendment, and judicial-review rights in connection with Dkt. 9555;
7. prohibit destruction of attempted paper claim submissions without legally sufficient notice and preservation safeguards;
8. out of an abundance of caution, ACCEPT Walker's protective appeal concerning ECF Nos. 9438 and 9439;

9. exercise jurisdiction under 28 U.S.C. § 158(a)(1) wherever applicable;

10. GRANT LEAVE under § 158(a)(3) wherever required;

11. alternatively apply Fed. R. Bankr. P. 8004(d) and permit cure;

12. expressly recognize that Walker continues to appeal confirmation of the Plan in 25-CV-09681;

13. preserve Walker's Harrington consent challenge;

14. obtain or preserve adjudication of Walker's operative provisional ballot, asserted revocation, and opt-in/not-opt-in status;

15. preserve Walker's direct Sackler/nondebtor rights;

16. consider Walker's repeated stay efforts before applying equitable mootness, substantial consummation, waiver, forfeiture, laches, or similar doctrines;

17. preserve Walker's First Amendment issue concerning Judge Román's express treatment of "profane language" under Cohen v. California;

18. review the scope of ECF No. 9439's filing restriction;

19. determine whether PAT and/or Knoa should be added, joined, substituted, identified, or served;

20. grant renewed consideration of Walker's request for pro bono counsel;

21. grant a PACER fee exemption to the extent authorized or another legally authorized no-cost record-access mechanism;

22. permit Walker to omit her residential address, personal email address, and telephone number from the public-facing filing;

23. permit cure rather than forfeiture wherever legally authorized;

and 24. grant any other relief necessary to preserve meaningful appellate review.

**DECLARATION OF ROSEMARY HELEN ZIZIROS WALKER**

I, Rosemary Helen Ziziros Walker, a QUALIFIED DISABLED PRO SE PAUPER, declare under penalty of perjury that factual statements identified as based upon my personal knowledge are true to the best of my knowledge and recollection.

Where this filing quotes or describes court orders, transcripts, docket entries, ballots, emails, Plan provisions, Disclosure Statement provisions, court-generated records, or other documentary materials, I ask that the actual underlying record control.

I object to Bankruptcy Dkt. 9555 and seek to preserve appellate review of Dkt. 9555 and any resulting order.

Out of an abundance of caution, I also seek protective appellate review of Bankruptcy ECF Nos. 9438 and 9439 so that no uncertainty concerning my prior filings or procedural form is treated as abandonment of my appellate rights.

I expressly continue my appeal from confirmation of the Purdue Pharma Plan in 25-CV-09681.

I do not abandon my Harrington consent challenge, my late-claim appeal, my ballot/revocation issues, my direct nondebtor rights, or my constitutional objections.

Dated: August 25, 2026

**ROSEMARY HELEN ZIZIROS WALKER**

**QUALIFIED DISABLED PRO SE PAUPER**

Appellant

**CERTIFICATE OF SERVICE**

I, Rosemary Helen Ziziros Walker, a QUALIFIED DISABLED PRO SE PAUPER, certify that on August 25, 2026, I served this filing by email upon applicable counsel for Purdue and/or PAT.

Walker asks that the Court authorize and clearly identify a no-cost electronic service method because Walker is a QUALIFIED DISABLED PRO SE PAUPER and cannot afford repeated printing and postal mailing.

Walker does not include her residential address, personal email address, or telephone number in this public-facing filing because of previously raised privacy and safety concerns.

Dated: August 25, 2026

**ROSEMARY HELEN ZIZIROS WALKER**

**QUALIFIED DISABLED PRO SE PAUPER**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re PURDUE PHARMA L.P., et al., Debtors
ROSEMARY HELEN ZIZIROS WALKER, Appellant, QUALIFIED DISABLED PRO SE PAUPER
v. PURDUE PHARMA L.P., et al., Appellees
Bankruptcy Case No. 19-23649 (SHL) District Court Case No. 25-CV-09681 (NSR)

# SUPPLEMENTAL STATEMENT CONCERNING FAILURE OF BOTH COURT-PROVIDED PRO SE ELECTRONIC SUBMISSION SYSTEMS AND ADDITIONAL REQUEST FOR DUE-PROCESS PROTECTION

## XXII. BOTH THE BANKRUPTCY COURT AND DISTRICT COURT PRO SE ELECTRONIC SUBMISSION MECHANISMS WERE UNAVAILABLE WHEN WALKER ATTEMPTED TO FILE

On August 25, 2026, Walker attempted to use the electronic submission mechanisms made available to self-represented litigants. The contemporaneous screenshots attached to this filing document failures affecting **both** the Bankruptcy Court submission route and the District Court submission route.

**A. Bankruptcy Court.** Walker attempted to access the United States Bankruptcy Court for the Southern District of New York pro se upload tool. The page returned: **"Object not found!"**, stated that the requested URL was not found on the server, and displayed **"Error 404."** Walker preserves the contemporaneous screenshot as an exhibit.

**B. District Court.** Walker then used the official United States District Court for the Southern District of New York website. The Pro Se menu displayed **"Submit Pro Se Files to the Court."** After Walker selected that Court-provided route, the District Court website displayed a notice that the link would take her to an external website. After proceeding, the destination failed to load. The browser displayed **"This site can't be reached"**, stated that the server IP address could not be found, and displayed **ERR_NAME_NOT_RESOLVED**. Walker preserves contemporaneous screenshots showing that sequence.

Walker is not asking the District Court to infer a technical cause that the screenshots do not establish. Walker asks the Court to recognize the narrower documented fact: she attempted to use the Court-provided pro se electronic submission routes and could not complete electronic submission because the routes were unavailable.

## XXIII. WALKER ASKS THAT COURT-SYSTEM FAILURE NOT BE USED TO CREATE WAIVER, FORFEITURE, DEFAULT, OR LOSS OF APPELLATE RIGHTS

This filing concerns preservation of appellate rights, late-claim proceedings, Dkt. 9555, ECF Nos. 9438 and 9439, the existing Plan-confirmation appeal, requests for leave and cure, and other matters for which timing and access can affect judicial review. Walker therefore asks that failure of the Court-provided electronic submission mechanisms not be used to impose waiver, forfeiture, untimeliness, abandonment, default, or another adverse procedural consequence.

Walker invokes the same functional access concern already preserved in this filing from the May 20 hearing: **"How is the MDT going to respond to something that they can't read?"** Walker asks that meaningful access operate in both directions: a QUALIFIED DISABLED PRO SE PAUPER cannot meaningfully protect a filing

deadline or appellate right through an electronic filing mechanism that is unavailable when she attempts to use it.

Walker invokes the Fifth Amendment Due Process Clause and the First Amendment right to petition and asks for a meaningful opportunity to submit, cure, and preserve her claims and appeals without prejudice arising from failure of a Court-provided submission system.

## XXIV. ADDITIONAL RELIEF REQUESTED

In addition to all relief requested in the preceding filing, Walker asks the District Court to: (1) recognize and preserve August 25, 2026 as the date of Walker's documented attempted electronic submission to the extent legally authorized; (2) accept this filing through an available alternative submission method; (3) permit cure rather than forfeiture where legally authorized; (4) decline to impose waiver, abandonment, default, untimeliness, or other adverse procedural consequences attributable to the documented unavailability of the Bankruptcy Court or District Court pro se electronic submission routes; (5) provide or identify a functioning no-cost filing method available to Walker as a QUALIFIED DISABLED PRO SE PAUPER; and (6) preserve all appellate and due-process issues stated in the original filing.

Nothing in this supplement withdraws, narrows, replaces, or waives any argument, objection, appeal, request for leave, request for stay, request for counsel, PACER/access request, PAT/Knoa issue, Harrington consent issue, Dkt. 9555 issue, ECF 9438/9439 issue, Plan-confirmation appeal, or other right preserved in the preceding filing.

Dated: August 25, 2026
**ROSEMARY HELEN ZIZIROS WALKER**
QUALIFIED DISABLED PRO SE PAUPER
Appellant

# EXHIBIT A - BANKRUPTCY COURT PRO SE UPLOAD FAILURE

Contemporaneous August 25, 2026 screenshot showing the Bankruptcy Court pro se upload route returning “Object not found!” and “Error 404.”

CM/ECF Query Reports Utilities Help Log Out

| | | | |
|---|---|---|---|
| 71 | *Filed:*<br>*Entered:* | 01/28/2026<br>01/29/2026 | Letter |
| 73 | *Filed:*<br>*Entered:* | 01/29/2026<br>02/02/2026 | Letter |
| | *Filed & Entered:* | 01/30/2026 | Mailing Receipt |
| 72 | *Filed & Entered:* | 01/30/2026 | Designation of Record on Appeal |
| 74 | *Filed & Entered:*<br>*Terminated:* | 02/03/2026<br>02/04/2026 | Motion for Leave to File Excess Pages |
| 75 | *Filed & Entered:* | 02/04/2026 | Order on Motion for Leave to File Excess Pages |
| | *Filed & Entered:* | 02/05/2026 | Mailing Receipt |
| 76 | *Filed & Entered:* | 02/06/2026 | Notice of Appearance |
| 77 | *Filed & Entered:* | 02/06/2026 | Notice of Appearance |
| 78 | *Filed & Entered:* | 02/09/2026 | Letter |
| 79 | *Filed & Entered:* | 02/09/2026 | Affidavit of Service Other |
| 80 | *Filed:*<br>*Entered:*<br>*Terminated:* | 02/17/2026<br>02/19/2026<br>02/20/2026 | Motion for Miscellaneous Relief |
| 81 | *Filed & Entered:* | 02/20/2026 | Order on Motion for Miscellaneous Relief |
| 82 | *Filed:*<br>*Entered:*<br>*Terminated:* | 02/21/2026<br>02/24/2026<br>02/25/2026 | Motion for Miscellaneous Relief |
| | *Filed & Entered:* | 02/23/2026 | Mailing Receipt |
| 83 | *Filed & Entered:* | 02/25/2026 | Memo Endorsement |
| | *Filed & Entered:* | 02/26/2026 | Mailing Receipt |

# EXHIBIT B - SDNY OFFICIAL PRO SE SUBMISSION ROUTE

Contemporaneous screenshot of the official SDNY website showing the Pro Se menu and "Submit Pro Se Files to the Court."



# EXHIBIT C - SDNY EXTERNAL-LINK NOTICE

Contemporaneous screenshot showing the SDNY website notice displayed after selecting the Court-provided pro se submission link.



# EXHIBIT D - DISTRICT COURT SUBMISSION DESTINATION FAILURE

Contemporaneous screenshot showing "This site can't be reached," the server IP-address failure, and ERR_NAME_NOT_RESOLVED.

