HERBERT SMITH FREEHILLS KRAMER

**Rachael Ringer**
Partner
+1 212 715 9506
+1 212 715 8187
rachael.ringer@hsfkramer.com

1177 Avenue of the Americas
New York, New York 10036
**T** +1 212 715 9100
**F** +1 212 715 8000

September 16, 2026

The Honorable Philip Halpern
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Nelson Román
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re Purdue Pharma, L.P. et al.*, *Case No.* 26-cv-07338 (PMH); *In re Purdue Pharma, L.P. et al.*, 25-cv-09681 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10158 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10282 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10327 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10420 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10427 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10433 (NSR); *In re Purdue Pharma, L.P. et al.*, 25-cv-10646 (NSR); *In re Purdue Pharma, L.P. et al.*, 26-cv-00045 (NSR)

Via ECF

Dear Judge Halpern and Judge Román:

Our firm, Herbert Smith Freehills Kramer ("HSF Kramer"), represents the Master Disbursement Trust (the "MDT") in the above referenced appeals. We write to Your Honors in regard to the recently initiated appeal numbered 26-cv-07338 (PMH) ("Morales II"). We submit that the Morales II appeal is related to the other cases referenced in the subject line hereof (the "Confirmation Order Appeals"), and request that Morales II be assigned, like the rest of the related cases, to Judge Román.

The Purdue Master Disbursement Trust (the "MDT") is an appellee in the Confirmation Order appeals. The Confirmation Order Appeals all arise out of a decision and order of the Bankruptcy Court for the Southern District of New York (Lane, B.J.), which confirmed the chapter 11 plan (the "Plan") of Purdue Pharma, L.P. and its affiliated debtors. Ms. Morales, along with certain other pro se parties, has appealed confirmation of the Plan, and each of those pro se appeals has been consolidated before Judge Román. *See* Case No. 25-cv-10158 (NSR), Dkt. No. 52.

Now in Morales II, Ms. Morales seeks review of the Bankruptcy Court's August 4 Omnibus Order Granting Twentieth and Final Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses, (the "Fee Order") and, in particular, aspects of that Fee Order relating to HSF Kramer's fee application in connection with the work performed for the AHC in the course of the Bankruptcy. Bankr. Dkt. No. 9524.[1]

[1] Ms. Morales' latest appeal identifies the Appellee as the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "AHC"). However, the AHC effectively ceased to exist on May 1, 2026 (the effective date of Purdue's chapter 11 plan) except for certain limited purposes. Since the latest appeal purports to

As Your Honors are aware, to determine whether cases are related, the Court considers (among other things) whether "(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)-(D), Rules for the Division of Business. An overarching consideration is whether a finding of relatedness will serve "the interests of justice and efficiency." R. 13(a)(1).

Here, where the foregoing factors (A), (B), and (D) are met, and a finding of relatedness would serve the interests of judicial economy, it makes eminent sense for Morales II to be assigned to Judge Román.

*First*, Morales II and the Confirmation Order Appeals concern substantially similar parties and overlapping issues. Morales II involves Ms. Morales and HSF Kramer, while Ms. Morales' Confirmation Order Appeal concerns herself and several Appellees including the MDT, represented by HSF Kramer. Indeed, Judge Román has already denied a motion by Ms. Morales filed in her confirmation-related appeal, styled as a "motion to compel the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants to comply with Federal Rule of Bankruptcy Procedure 2019," that required him to address a separate (and equally meritless) challenge to HSF Kramer's disclosures related to the representation of its client. *See* Case No. 25-cv-10158 (NSR), Dkt. No. 65; *Compare* Case No. 25-cv-10158 (NSR), Dkt. No. 62 at 1-2 ("The Ad Hoc Committee has failed to file the mandatory verified disclosure statement . . . .") *with* Case No. 26-cv-07338 (PMH), Dkt. No. 3 ("Did the Bankruptcy Court . . . fail[] to enforce Federal Rule of Bankruptcy Procedure 2014(a), which strictly mandates that law firms file updated 'supplemental disclosures' . . . ? . . . Did the Bankruptcy Court err by saying that disclosure statements are only for retained council that the debtors hire?").

*Second,* Judge Román is extensively familiar with the parties and facts of the matter through the Confirmation Order Appeals. The fee application that is the focus of Morales II concerned the award of fees for work performed, in large part, consummating Purdue's Chapter 11 Plan, the history of which is also at issue in the Confirmation Order Appeals. Briefing on these matters has already been submitted to Judge Román, and duplicative review of these materials would be inefficient. Assigning Morales II to Judge Román therefore avoids "substantial duplication of effort and expense, delay, or undue burden on the court." R. 13(a)(1)(A)(D), Rules for the Division of Business.

---

challenge fees paid to HSF Kramer for work it performed on behalf of the AHC as well as related "issues" identified with the HSF Kramer final fee application, HSF Kramer intends to defend the appeal.

Transferring the newly-filed Morales appeal to Judge Román will best serve the interests of justice and judicial economy.

Dated: September 16, 2026 Respectfully submitted

/s/ *Rachael Ringer*
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
HERBERT SMITH FREEHILLS
KRAMER (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100 Email:
Kenneth.Eckstein@hsfkramer.com
Rachael.Ringer@hsfkramer.com
David.Blabey@hsfkramer.com

*Attorneys for the Purdue Master Disbursement Trust*