**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re: PURDUE PHARMA L.P., et al.

Case No. 7:25-cv-09681-NSR

Hon. Nelson S. Román

# MOTION FOR LEAVE TO FILE NOTICE OF SEPTEMBER 21, 2026 BANKRUPTCY COURT SUBMISSION; NOTICE OF RELIEF REQUESTED FROM THE BANKRUPTCY COURT; AND EXPRESS RESERVATION OF RIGHTS

Rosemary Helen Ziziros Walker, **QUALIFIED DISABLED PRO SE PAUPER**, moves for **LEAVE TO FILE THIS NOTICE** pursuant to **Fed. R. Civ. P. 7(b)(1), S.D.N.Y. Local Civil Rules 6.1(b) and 7.1(a)(1), 28 U.S.C. § 1651(a), and this Court's existing Orders requiring Ms. Walker to obtain leave before filing additional motions.**

## I. SEPTEMBER 21, 2026 BANKRUPTCY COURT SUBMISSION

On September 21, 2026, Ms. Walker submitted a motion through the United States Bankruptcy Court for the Southern District of New York Pro Se Upload Tool in:

**In re Purdue Pharma L.P., et al.**
Chapter 11
Case No. **19-23649 (SHL)**

The Bankruptcy Court Pro Se Upload Tool accepted Ms. Walker's submission and issued **Receipt No. 1790027352**.

## II. RELIEF REQUESTED FROM THE BANKRUPTCY COURT

Ms. Walker's September 21, 2026 Bankruptcy Court submission seeks:

**1. LEAVE TO FILE the Bankruptcy Court motion;**

**2. WAIVER OF THE FEE required for Ms. Walker to pursue her already-requested Trust administrative/Special-Master appeal of Purdue PI Claim No. 634787;**

**3. AN ORDER THAT EVERY EXISTING PURDUE PI VICTIM WITH A VALID KROLL-ISSUED CLAIM NUMBER TRANSMITTED TO THE PURDUE PI TRUST AND TRUST ADMINISTRATOR EDGAR GENTLE BE ACCEPTED, WITH OR WITHOUT THE EVIDENCE NOW BEING REQUIRED, because Purdue PI victims should not be punished for approximately six years of delay they did not cause or for post-*Harrington* changes to the claims process;**

**4. A HEARING DATE ON MS. WALKER'S UNRESOLVED THIRD-PARTY RELEASE OPT-IN/REVOCATION ISSUE.**

At the May 20, 2026 hearing, Judge Lane stated:

> **"there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue?"**

May 20, 2026 Hr'g Tr. 59:15-22.

Judge Lane further stated:

> **"But at some point, we do need to address that so that we can move on."**

May 20, 2026 Hr'g Tr. 61:5-12.

Ms. Walker therefore requested that the Bankruptcy Court provide **a hearing date in writing on her unresolved Third-Party Release opt-in/revocation issue; and**

**5. A WRITTEN BANKRUPTCY COURT ORDER WITHIN SEVEN (7) DAYS specifically stating whether each of Ms. Walker's requests for relief is GRANTED or DENIED.**

Ms. Walker's Bankruptcy Court motion states that after ***Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024)***, the prior Purdue Plan could not proceed as previously confirmed and a new Plan, new vote, new Third-Party Release opt-in process, and new July 28, 2025 Purdue PI claim-form requirement followed.

Ms. Walker contends that the original bankruptcy claim bar date was not changed to provide existing Purdue PI victims a new bankruptcy bar date after *Harrington*, while Purdue PI victims were subsequently required to comply with additional claims requirements after approximately six years of bankruptcy proceedings.

Ms. Walker **provided the July 28, 2025 Purdue PI Claim Form, voted on the new Plan, opted in to the Third-Party Release, revoked her opt-in, and was issued Tier 2 treatment by the Purdue PI Trust.**

The Purdue PI Trust stated concerning Ms. Walker:

> **"The evidence that you provided to the Purdue PI Trust does indicate that you were prescribed a qualifying Purdue opioid."**

The Trust further stated:

> **"We note that the evidence meets the requirements for a Tier 2 claim."**

Ms. Walker maintains that she qualifies for **Tier 1**, including because her medical evidence contains the checked notation:

> **"NO CHANGE IN MEDICATIONS."**

Ms. Walker's Bankruptcy Court motion further states that, absent **another new Plan, another new vote, another Third-Party Release election, and another bar date**, every existing Purdue PI victim with a valid Kroll-issued claim number transmitted to the Purdue PI Trust and Trust Administrator Edgar Gentle should be accepted, with or without the evidence now being required.

**III. PURPOSE OF NOTICE AND RESERVATION OF RIGHTS**

Ms. Walker provides this Notice so that the District Court has a record of the **specific relief requested from the Bankruptcy Court on September 21, 2026** if that submission is not docketed or the Bankruptcy Court subsequently enters orders concerning it.

**Ms. Walker has not abandoned her Bankruptcy Court rights, Trust administrative/Special-Master appeal rights, or District Court rights or appeals, and expressly reserves all such rights.**

Ms. Walker further preserves her **First Amendment right "to petition the Government for a redress of grievances."**

**RELIEF REQUESTED**

Ms. Walker requests that this Court:

**1. GRANT LEAVE TO FILE THIS NOTICE; and**

**2. ACCEPT AND DOCKET THIS NOTICE so that the District Court record reflects Ms. Walker's September 21, 2026 Bankruptcy Court submission, the relief requested there, and Ms. Walker's express reservation of her Bankruptcy Court, Trust administrative/Special-Master appeal, and District Court rights.**

Dated: September 21, 2026

Submitted,

____________________________________

**ROSEMARY HELEN ZIZIROS WALKER**

**QUALIFIED DISABLED PRO SE PAUPER**

**CERTIFICATE OF SERVICE**

I, **ROSEMARY HELEN ZIZIROS WALKER**, certify that on September 21, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

**DAVIS POLK & WARDWELL LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

Dated: September 21, 2026

____________________________________

**ROSEMARY HELEN ZIZIROS WALKER**

Appellant, Pro Se

**DISABLED PRO SE PAUPER**