**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re: PURDUE PHARMA L.P., et al.

**Case No. 7:25-cv-09681-NSR**

**Hon. Nelson S. Román**

**MOTION FOR LEAVE TO FILE NOTICE OF SEPTEMBER 24, 2026 BANKRUPTCY COURT SUBMISSION; NOTICE OF RELIEF REQUESTED FROM THE BANKRUPTCY COURT; AND EXPRESS RESERVATION OF RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, **QUALIFIED DISABLED PRO SE PAUPER**, moves for **LEAVE TO FILE AND DOCKET THIS NOTICE** pursuant to this Court's existing Orders requiring Ms. Walker to obtain leave before filing additional motions.

## I. LEAVE TO FILE

Ms. Walker requests **LEAVE TO FILE AND DOCKET THIS NOTICE** so that this Court has a current record of the motion and relief Ms. Walker submitted to the United States Bankruptcy Court for the Southern District of New York on September 24, 2026.

This request complies with this Court's May 12, 2026 Memorandum Endorsement requiring Ms. Walker to first seek leave of Court before filing additional motions.

This Notice does not ask this Court to decide the Bankruptcy Court motion in the first instance. It notifies this Court of the relief now requested below and preserves Ms. Walker's individual District Court and appellate rights.

## II. SEPTEMBER 24, 2026 BANKRUPTCY COURT SUBMISSION

On September 24, 2026, Ms. Walker submitted through the United States Bankruptcy Court for the Southern District of New York Pro Se Upload Tool her:

> **MOTION FOR LEAVE TO FILE AND DOCKET; ACCEPTANCE OF ALL EXISTING no-longer PURDUE PHARMA PERSONAL-INJURY CLAIMS; REMOVAL OF $500 APPEAL TAX; KNOA PHARMA STOCK AS DELAY DAMAGES; IMMEDIATE EMERGENCY STAY; DISQUALIFICATION AND REMOVAL OF JUDGE SEAN H. LANE; REMOVAL OF EDGAR GENTLE AS TRUST ADMINISTRATOR; AND WRITTEN ORDER**
>
> **In re Purdue Pharma L.P., et al.**
> Chapter 11
> Case No. 19-23649 (SHL)

The Bankruptcy Court Pro Se Upload Tool issued **Receipt No. 1790264031** and confirmed that Ms. Walker's document was submitted on **Thursday, September 24, 2026 at 11:33:51 A.M.**

The Bankruptcy Court confirmation states that this is the date and time the document, once approved, is to be filed on the Court's electronic filing system.

## III. RELIEF REQUESTED FROM THE BANKRUPTCY COURT

1. **LEAVE TO FILE AND DOCKET** the Bankruptcy Court motion;

2. **ACCEPTANCE OF ALL EXISTING no-longer PURDUE PHARMA PERSONAL-INJURY CLAIMANTS WITH A VALID KROLL-ISSUED PURDUE PHARMA CLAIM NUMBER TRANSMITTED TO THE PURDUE PI TRUST AND EDGAR GENTLE THE TRUST ADMINISTRATOR, REGARDLESS OF WHEN ISSUED OR EVIDENCE OR NO EVIDENCE;**

3. **REMOVAL OF THE $500 VICTIM APPEAL TAX;**

4. **KNOA PHARMA STOCK AS DELAY DAMAGES**, in addition to future cash compensation, future medical relief, claim payments, and other damages and remedies as appeals proceed;

5. **AN IMMEDIATE EMERGENCY STAY UNTIL ALL PLAN APPEAL ISSUES ARE RESOLVED;**

6. **DISQUALIFICATION AND REMOVAL OF JUDGE SEAN H. LANE;**

7. **REMOVAL OF EDGAR GENTLE AS TRUST ADMINISTRATOR;**

8. **SANCTIONS FOR ALL UNANSWERED OR UNRESPONDED-TO REQUESTS MADE BY MS. WALKER;**

9. If claimant-wide acceptance is not ordered, **A SPECIFIC DATE FOR MS. WALKER'S SPECIAL MASTER APPEAL HEARING WITH THE $500 FEE WAIVED;**

10. **A SPECIFIC HEARING DATE FOR MS. WALKER'S HARRINGTON CONSENT, REVOCATION, AND OPT-IN/NOT-OPT-IN ISSUE;**

11. **SANCTIONS AND DAMAGES AGAINST MARSHALL HUEBNER** as relief for the “vexatious litigant” statement;

12. **THE REQUESTED TRANSCRIPTS THAT HAVE YET TO BE PROVIDED;** and

13. **A WRITTEN ORDER GRANTING OR DENYING EACH MOTION AND REQUEST FOR RELIEF, WITH THE REASON FOR ANY DENIAL, WITHIN SEVEN DAYS.**

**IV. UNRESOLVED HARRINGTON CONSENT, REVOCATION, AND RELEASE ISSUE**

Ms. Walker's unresolved Third-Party Release consent and revocation issue remains directly material to preservation of her individual appellate rights.

On November 14, 2025, Judge Lane told Ms. Walker:

> “There's a deadline to make this decision. You've already done it because you filled out a ballot. But there is -- in your situation, the timeliness of your claim is going to be addressed before what is being referred to as emergence or the effective date.”

Nov. 14, 2025 Hr'g Tr. 60:20-61:2.

Judge Lane further told Ms. Walker:

> “And that means if it is for some reason disallowed, you will not have given any release. And if it is allowed, then the release and your compensation will track. Okay?”

The confirmation record further reflects Judge Lane's recognition of the sequencing problem:

> “It took me awhile to understand why Ms. Walker was so intent on the sequencing of things. And I think that was ultimately her point. How do I know if I want to give this up if I don't know if it actually gets me anything?”

Mr. Huebner then stated concerning changing an earlier election:

> "We'll accept notices from someone saying hey, you know, now that I understand things better, I previously opted either in or not opted in, I would like to change that. So it's a last chance to change what we already did."

A new **March 1, 2026 election-change deadline** was created.

Ms. Walker had already requested an emergency hearing before that deadline. No hearing determining Ms. Walker's consent, revocation, and opt-in/not-opt-in issue occurred before March 1, 2026.

The Plan nevertheless became effective on **May 1, 2026**.

Ms. Walker's late-claim hearing did not occur until **May 20, 2026**.

At that May 20 hearing, Judge Lane acknowledged that Ms. Walker's separate opt-in/opt-out issue remained unresolved:

> "there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue? ... But probably frankly, sometime soon because it needs to be addressed."

May 20, 2026 Hr'g Tr. 59:15-22.

That separate hearing has not occurred.

Ms. Walker therefore again requested in Bankruptcy Court on September 24, 2026 that a **specific hearing date be set for her Harrington consent, revocation, and opt-in/not-opt-in issue.**

## V. RELATION TO THIS DISTRICT COURT APPEAL

Ms. Walker provides this Notice because the September 24 Bankruptcy Court motion concerns matters directly related to the rights Ms. Walker has sought to preserve throughout this District Court proceeding, including:

Ms. Walker's Purdue PI Claim No. **634787**; the treatment and allowance of Purdue PI claims; her Third-Party Release consent and revocation; the March 1, 2026 election-change deadline; the May 1, 2026 Effective Date; her direct Oregon action against Purdue Pharmaceuticals and the Sackler Family, Marion County Circuit Court Case No. **23CV33935**; Due Process and access to the courts; and preservation of meaningful appellate review.

**The relief presented to the Bankruptcy Court also includes acceptance of all existing no-longer Purdue Pharma personal-injury claims meeting the Kroll-issued claim-number requirement, regardless of when issued or evidence or no evidence; KNOA Pharma stock as delay damages; and future medical relief not provided to claimants within the Plan. Ms. Walker contends that the $500 appeal fee is an unfair tax on no-longer Purdue Pharma victims that Oregon Constitution Article I, §§ 42-43 and ORS 147.500-147.550, including ORS 147.502(3), and New York Executive Law §§ 642 and 647 protect victims against. Ms. Walker further contends that granting claimant-wide acceptance eliminates the need for future late-claim hearings, claim appeals, and appeal fees, ending unnecessary delay and expense while saving Court and Debtor resources.**

Ms. Walker provides this Notice so that the District Court record reflects that these issues continue to be presented to the Bankruptcy Court and have not been abandoned.

## VI. IMMEDIATE EMERGENCY STAY REMAINS REQUESTED

Ms. Walker's September 24 Bankruptcy Court motion again requests:

> **AN IMMEDIATE EMERGENCY STAY UNTIL ALL PLAN APPEAL ISSUES ARE RESOLVED.**

Ms. Walker provides notice of that renewed request because Plan implementation and the treatment of Purdue PI claims continue while Ms. Walker's individual Harrington consent, revocation, claim-treatment, and appellate issues remain unresolved.

Nothing in this Notice withdraws, replaces, limits, or abandons any stay or preservation relief Ms. Walker has previously requested in this District Court or any appellate court.

**VII. EXPRESS RESERVATION AND PRESERVATION OF RIGHTS**

This Notice does **not withdraw, replace, waive, supersede, or abandon** any relief previously requested by Ms. Walker.

Ms. Walker expressly reserves and preserves all:

**Bankruptcy Court rights; Purdue PI Trust and Special-Master appeal rights; District Court rights and appeals; Second Circuit rights and appeals; Oregon rights and claims; constitutional issues; ADA and Title rights; Due Process and Equal Protection rights; First Amendment petition rights; and all previously requested relief.**

Ms. Walker further preserves her First Amendment right:

> "**to petition the Government for a redress of grievances.**"

Nothing in this Notice should be construed as consent to any Third-Party Release or as withdrawal of Ms. Walker's revocation of her prior opt-in.

**VIII. RELIEF REQUESTED FROM THIS COURT**

1. **GRANT LEAVE TO FILE THIS NOTICE;**

2. **ACCEPT AND DOCKET THIS NOTICE** so that the District Court record reflects Ms. Walker's September 24, 2026 Bankruptcy Court submission and the relief requested there;

3. **TAKE NOTICE** that Ms. Walker has again requested an immediate emergency stay from the Bankruptcy Court until all Plan appeal issues are resolved;

4. **TAKE NOTICE** that Ms. Walker has again requested a specific hearing date for her unresolved Harrington Third-Party Release consent, revocation, and opt-in/not-opt-in issue;

5. **PRESERVE MS. WALKER'S INDIVIDUAL DISTRICT COURT AND APPELLATE RIGHTS** while the Bankruptcy Court determines the September 24, 2026 motion;

6. **ENTER A WRITTEN ORDER GRANTING OR DENYING LEAVE TO FILE THIS NOTICE;** and

7. **GRANT AN IMMEDIATE EMERGENCY STAY UNTIL ALL PLAN APPEAL ISSUES ARE RESOLVED.**

All of Ms. Walker's rights, appeal rights, constitutional issues, pending appellate issues, Oregon rights, and previously requested relief are **RESERVED AND PRESERVED**.

**Dated: September 24, 2026**

Submitted,

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant, Pro Se
**QUALIFIED DISABLED PRO SE PAUPER**

**CERTIFICATE OF SERVICE**

I, **ROSEMARY HELEN ZIZIROS WALKER**, certify that on September 24, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

**DAVIS POLK & WARDWELL LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

**Dated: September 24, 2026**

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant, Pro Se
**DISABLED PRO SE PAUPER**