**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**IN RE: PURDUE PHARMA L.P., et al.**

**ROSEMARY HELEN ZIZIROS WALKER,**
Appellant Pro Se,

v.

**PURDUE PHARMA L.P., et al.,**
Appellees.

**Case No. 7:25-cv-09681-NSR**
Hon. Nelson S. Román

**MOTION FOR LEAVE TO FILE; NOTICE OF MATERIAL BANKRUPTCY COURT DEVELOPMENTS; RENEWED REQUEST FOR EMERGENCY STAY; AND PRESERVATION OF APPELLATE RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, Appellant Pro Se, a **QUALIFIED DISABLED PRO SE PAUPER**, moves for leave to file this notice pursuant to this Court's prior Orders requiring Ms. Walker to obtain leave before filing additional motions.

This filing does not ask this Court to adjudicate the Bankruptcy Court matters in the first instance. It provides notice of **material new developments occurring in the Bankruptcy Court on September 25-26, 2026 that directly concern issues already implicated in Ms. Walker's pending appeal**, and requests preservation of meaningful appellate review.

**I. MOTION FOR LEAVE TO FILE**

Ms. Walker requests **LEAVE TO FILE AND DOCKET THIS NOTICE AND RENEWED EMERGENCY-STAY REQUEST.**

This Court has directed Ms. Walker to seek leave before submitting additional motions.

Ms. Walker therefore seeks leave before presenting these subsequent Bankruptcy Court developments to this Court.

The matters identified below concern the **same Plan, Confirmation Order, Third-Party Releases, Sackler parties, accounting, reconsideration, claim treatment, and preservation issues implicated by Ms. Walker's pending appeal.**

**LEAVE SHOULD BE GRANTED SO THAT THESE MATERIAL DEVELOPMENTS ARE PRESERVED IN THE DISTRICT COURT RECORD.**

**II. SEPTEMBER 25, 2026 BANKRUPTCY COURT DEVELOPMENTS**

On September 25, 2026, Richard S. Sackler and Lin Gao filed three related documents in **In re Purdue Pharma L.P., Case No. 19-23649 (SHL)**:

**Bankruptcy Doc. 9610** seeks sealing of materials concerning the RSS Parties' requested reargument and proposed accounting action.

**Bankruptcy Doc. 9611** seeks limited reargument or alternative relief concerning a proposed accounting action involving Sackler-family trusts.

Doc. 9611 represents:

> “The RSS Parties have complied with the Order.”

**Bankruptcy Doc. 9612** is a Notice of Appeal by Richard S. Sackler and Lin Gao appealing the September 11, 2026 Order and August 21, 2026 bench ruling **“in their entirety.”**

Thus, represented nondebtor Sackler parties are simultaneously seeking Bankruptcy Court reargument and appellate review concerning Plan and Confirmation Order enforcement.

These are material post-appeal developments that Ms. Walker requests this Court preserve in connection with her pending appeal.

## III. MS. WALKER'S SEPTEMBER 26, 2026 BANKRUPTCY COURT FILING

On September 26, 2026, Ms. Walker prepared and transmitted to the Bankruptcy Court and served her:

**MOTION FOR LEAVE TO FILE AND DOCKET; OBJECTION TO DOCS. 9610 AND 9611; RESPONSE TO DOC. 9612; RENEWED EMERGENCY STAY; REQUEST FOR FULL ACCOUNTING, RECONSIDERATION ORDER, SHAREHOLDER-COMPLIANCE DETERMINATION, SANCTIONS, FIDUCIARY RELIEF, DISQUALIFICATION, AND PRESERVATION OF RIGHTS.**

The Bankruptcy Court's pro se electronic upload page was not functioning when Ms. Walker attempted to submit the filing on September 26, 2026.

The Court's pro se upload page returned:

> “Object not found!”

and:

> “Error 404”

at approximately **9:20 a.m. on September 26, 2026**.

Ms. Walker therefore transmitted the filing by email at approximately **9:23 a.m. on September 26, 2026** and requested acknowledgment of receipt.

Ms. Walker does **not** represent to this Court that the Bankruptcy filing has been docketed unless and until the Bankruptcy Court confirms docketing.

She provides notice that it was **submitted/transmitted and served on September 26, 2026 after the Bankruptcy Court's pro se upload system failed.**

## IV. ACCOUNTING AND SEALED INFORMATION

Ms. Walker's Bankruptcy filing objects to Bankruptcy Doc. 9610 to the extent sealing prevents affected creditors from obtaining information necessary to determine the accuracy of representations concerning Sackler accounting, trusts, transfers, Plan implementation, Shareholder Settlement performance, or compliance.

This is material to Ms. Walker's pending appellate issues because the RSS Parties themselves have placed accounting and compliance before the Bankruptcy Court.

Doc. 9611 states:

> "The RSS Parties have complied with the Order."

Ms. Walker requests a transaction-level accounting sufficient to determine the relevant source, recipient, transfer date, account or trust, present balance, distributions, reserves, charges, and supporting records concerning Plan and Sackler funds.

Ms. Walker further requests that no sealing order prevent meaningful judicial or appellate review of information necessary to determine Plan and Confirmation Order compliance.

**V. SHAREHOLDER SETTLEMENT AND COMPLIANCE**

Ms. Walker's Bankruptcy filing requests a written determination concerning whether Richard S. Sackler and Lin Gao timely completed all obligations required by the Plan, Confirmation Order, Shareholder Settlement Agreements, and implementation documents.

The Bankruptcy record previously established deadlines for execution and completion of specified settlement documents.

Ms. Walker therefore requested clear answers to the following:

**HAVE ALL DOCUMENTS REQUIRED OF RICHARD S. SACKLER AND LIN GAO BEEN SIGNED?**

**HAVE ALL SHAREHOLDER AGREEMENT, SHAREHOLDER SETTLEMENT, PLAN, CONFIRMATION ORDER, AND RELATED IMPLEMENTATION DOCUMENTS REQUIRED OF RICHARD S. SACKLER AND LIN GAO BEEN FULLY EXECUTED AND DELIVERED?**

**WERE ALL REQUIRED DOCUMENTS SIGNED, EXECUTED, AND DELIVERED BY THEIR APPLICABLE DEADLINES?**

Ms. Walker further requested identification of the actual execution and delivery dates and corresponding Bankruptcy docket or record location.

These questions are material because Doc. 9611 now represents:

> "The RSS Parties have complied with the Order."

**VI. RECONSIDERATION AND EQUAL PROCEDURAL TREATMENT**

Bankruptcy Doc. 9611 invokes reconsideration authority while Bankruptcy Doc. 9612 simultaneously preserves appellate review for Richard S. Sackler and Lin Gao.

Ms. Walker's **Bankruptcy Doc. 9426**, filed July 3, 2026 and entered July 6, 2026, addressed Fed. R. Bankr. P. 9006(b)(1), excusable neglect, **Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)**, treatment of Ms. Walker's late claim, and reconsideration of the Bankruptcy Court's treatment of her claim.

**MS. WALKER HAS NOT BEEN PROVIDED AN INDIVIDUALIZED WRITTEN ORDER RESOLVING HER RECONSIDERATION REQUEST.**

Ms. Walker therefore asks this Court to preserve this subsequent procedural development as relevant to her pending appellate arguments concerning Rule 9006(b)(1), Pioneer, claim treatment, reconsideration, and meaningful appellate review.

## VII. THIRD-PARTY RELEASE REMAINS UNRESOLVED

Ms. Walker initially opted into the Sackler Third-Party Release and subsequently sought revocation.

The Plan became effective **May 1, 2026**.

At the May 20, 2026 hearing, after the Effective Date, the Bankruptcy Court stated concerning Ms. Walker's opt-in/opt-out issue:

> "there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue? ... But probably frankly, sometime soon because it needs to be addressed."

**May 20, 2026 Hr'g Tr. 59:15-22.**

Ms. Walker therefore continues to preserve the unresolved Third-Party Release consent and revocation issue in this appeal.

## VIII. MS. WALKER'S OREGON ACTION AGAINST THE SACKLER FAMILY

Ms. Walker has an existing civil action in the **Marion County Circuit Court, State of Oregon, Case No. 23CV33935**, filed August 21, 2023, asserting claims against **Purdue Pharmaceuticals and the Sackler Family**.

The Bankruptcy Court's July 1, 2026 decision expressly addressed the distinction between Ms. Walker's Purdue claim and her rights against the nondebtor Sacklers:

> "The Court notes that in denying Ms. Walker's late filed claim, this denial does not affect her legal rights as to any claims she may have against the Sacklers in her state court lawsuit as the Sacklers are not Debtors in this case."

**In re Purdue Pharma L.P., 2026 WL 1905691, n.6 (Bankr. S.D.N.Y. July 1, 2026).**

This subsequent Bankruptcy dispute is therefore directly material to preservation of Ms. Walker's asserted rights concerning the Sackler Third-Party Release and her pending Oregon action against the Sackler Family.

## IX. RICHARD SACKLER FIDUCIARY CONFLICT ISSUE

Ms. Walker's September 26 Bankruptcy filing additionally raises a conflict issue concerning **Richard S. Sackler's identified position as co-fiduciary of the Estate of Beverly Sackler, Connecticut Probate No. 19-00460**.

Ms. Walker contends that Richard Sackler's fiduciary position creates a direct conflict because Ms. Walker has asserted preserved claims against the Sackler Family in Oregon while asserting creditor rights potentially involving Sackler assets and estates.

Ms. Walker has asked the Bankruptcy Court to determine matters within its jurisdiction concerning Richard Sackler's authority under or affecting the Plan, Confirmation Order, Shareholder Settlement, bankruptcy trusts, and assets within the Bankruptcy Court's authority.

Ms. Walker has further requested written findings that may be transmitted to the **Greenwich Probate Court, District No. PD-54**, concerning the Estate of Beverly Sackler, No. 19-00460, so that the Connecticut Probate

Court may determine any probate-fiduciary issue within its jurisdiction.

Ms. Walker provides this Court notice of that issue because it directly concerns the nondebtor Sackler parties, Ms. Walker's preserved state-court claims, and the effect of the unresolved Third-Party Release.

**X. BANKRUPTCY COURT FILING ACCESS**

Ms. Walker's September 26 submission also preserves her objections concerning access to the Bankruptcy Court.

On September 26, the Bankruptcy Court's pro se upload tool again returned a **404 error** when Ms. Walker attempted to use it.

Ms. Walker preserved a contemporaneous screenshot of the failure and then transmitted her filing by email approximately three minutes later.

Ms. Walker provides notice of the September 26 filing-access failure as part of the record concerning her ability as a qualified disabled pro se pauper to preserve her Bankruptcy and appellate rights.

**XI. RENEWED EMERGENCY STAY**

Ms. Walker again requests an **IMMEDIATE EMERGENCY STAY** sufficient to preserve meaningful appellate review while the material issues described above remain unresolved.

The need for preservation is reinforced by the September 25 filings themselves.

Richard S. Sackler and Lin Gao are simultaneously seeking reargument in Bankruptcy Court, seeking relief concerning Sackler trust accounting, seeking sealing of underlying materials, and pursuing appellate review of the September 11 Order and August 21 bench ruling in their entirety.

Ms. Walker contends that continued implementation while these matters remain unresolved risks further impairment of the relief available through her pending appeal.

Ms. Walker therefore requests preservation of the status quo until the relevant appellate, accounting, Third-Party Release, reconsideration, and Shareholder-compliance issues are resolved.

**XII. PRESERVATION OF APPELLATE RIGHTS**

Ms. Walker requests that this filing be accepted as notice and preservation of subsequent material developments rather than treated as an attempt to replace her existing appellate record or abandon any previously preserved issue.

Ms. Walker expressly preserves her pending Bankruptcy appeal; Purdue Pharma Claim No. 634787; her Rule 9006(b)(1) and Pioneer issues; her Third-Party Release consent and revocation; her Oregon claims against the nondebtor Sacklers; her accounting and Shareholder-compliance issues; her First and Fifth Amendment rights; her ADA and Title rights; her access-to-courts rights; her requests for sanctions and damages; her Bankruptcy Court rights; her District Court rights; her Second Circuit rights; and her United States Supreme Court rights.

**XIII. RELIEF REQUESTED**

Ms. Walker requests that this Court:

1. **GRANT LEAVE TO FILE AND DOCKET THIS DOCUMENT;**

2. accept notice of Bankruptcy Docs. **9610, 9611, and 9612** and Ms. Walker's September 26, 2026 Bankruptcy submission responding to those documents;

3. recognize that Ms. Walker transmitted the September 26 Bankruptcy filing by email after the Bankruptcy Court pro se upload system returned a 404 error, without treating transmission as proof of Bankruptcy Court docketing;

4. preserve the September 25-26 developments insofar as they bear upon issues properly preserved in Ms. Walker's pending appeal;

5. preserve Ms. Walker's Rule 9006(b)(1), Pioneer, reconsideration, Third-Party Release, accounting, Shareholder-compliance, Oregon, constitutional, ADA and Title, and access-to-courts issues;

6. **GRANT AN IMMEDIATE EMERGENCY STAY SUFFICIENT TO PRESERVE MEANINGFUL APPELLATE REVIEW WHILE THE MATERIAL PLAN, ACCOUNTING, SHAREHOLDER-COMPLIANCE, THIRD-PARTY RELEASE, RECONSIDERATION, AND APPEAL ISSUES REMAIN UNRESOLVED;**

7. preserve Ms. Walker's rights against the nondebtor Sacklers consistent with the Bankruptcy Court's July 1, 2026 recognition that denial of her late-filed Purdue claim does not affect whatever legal rights she may have against the Sacklers in her state-court lawsuit because the Sacklers are not Debtors;

8. preserve Ms. Walker's notice concerning Richard Sackler's asserted fiduciary conflict and the related Connecticut Probate issue;

9. preserve all relief and issues previously raised by Ms. Walker to the extent properly before this Court; and

10. **ENTER A WRITTEN ORDER GRANTING OR DENYING THIS REQUEST FOR LEAVE AND RENEWED EMERGENCY STAY AND STATING THE BASIS FOR THE COURT'S DETERMINATION.**

**ALL RIGHTS, OBJECTIONS, APPEALS, SANCTIONS, DAMAGES, ACCOUNTING, DISGORGEMENT, CONSTITUTIONAL RIGHTS, ADA AND TITLE RIGHTS, AND REQUESTS FOR RELIEF ARE EXPRESSLY RESERVED AND PRESERVED.**

**JUDGES, LAWYERS, THE SACKLERS, NOR THE PRESIDENT OF THE UNITED STATES ARE ABOVE THE LAW.**

Dated: September 26, 2026

Submitted,

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant Pro Se
**QUALIFIED DISABLED PRO SE PAUPER**

**CERTIFICATE OF SERVICE**

I, ROSEMARY HELEN ZIZIROS WALKER, certify that on September 26, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

DAVIS POLK & WARDWELL LLP

AKIN GUMP STRAUSS HAUER & FELD LLP

HERBERT SMITH FREEHILLS KRAMER (US) LLP

Dated: September 26, 2026

____________________________________

ROSEMARY HELEN ZIZIROS WALKER
Appellant, Pro Se
DISABLED PRO SE PAUPER