USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

**MEMORANDUM ENDORSEMENT**
7:25-cv-09681-NSR
In Re: Purdue Pharma L.P.

*Pro se* Appellant Rosemary Helen Ziziros Walker ("Appellant") has filed two letter-motions seeking leave to docket notices of motions she submitted to the Bankruptcy Court on September 21 and 24, 2026. (ECF Nos. 145–46.) The motions described in those notices seek, among other things, changes to the treatment of personal injury claims, waiver of an appeal fee, a hearing concerning Appellant's Third-Party Release election, an emergency stay, and removal of the Bankruptcy Judge and Trust Administrator.

The Court previously directed Appellant to seek leave before filing further motions. (*See* ECF Nos. 104, 109, 116, 120, 124, 129, 135, 142, 144.) Although Appellant has now sought leave, many of the requests described in her submissions repeat requests the Court has previously denied. (*See* ECF Nos. 55, 81, 83, 104, 107, 108, 117–19, 123, 131–34, 138–39, 143.) The remaining requests concern matters separate from the merits of the bankruptcy appeal currently before this Court. To the extent Appellant raises arguments relevant to the merits of her pending appeal, the Court will consider any properly preserved arguments in resolving that appeal. Appellant's requests to docket the notices are therefore DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to *pro se* Appellant Rosemary Helen Ziziros Walker at the address listed on ECF, note service on the docket, and terminate the motions at ECF Nos. 145 and 146.

Dated: September 29, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re: PURDUE PHARMA L.P., et al.

Case No. 7:25-cv-09681-NSR

Hon. Nelson S. Román

# MOTION FOR LEAVE TO FILE NOTICE OF SEPTEMBER 21, 2026 BANKRUPTCY COURT SUBMISSION; NOTICE OF RELIEF REQUESTED FROM THE BANKRUPTCY COURT; AND EXPRESS RESERVATION OF RIGHTS

Rosemary Helen Ziziros Walker, **QUALIFIED DISABLED PRO SE PAUPER**, moves for **LEAVE TO FILE THIS NOTICE** pursuant to **Fed. R. Civ. P. 7(b)(1), S.D.N.Y. Local Civil Rules 6.1(b) and 7.1(a)(1), 28 U.S.C. § 1651(a), and this Court's existing Orders requiring Ms. Walker to obtain leave before filing additional motions.**

## I. SEPTEMBER 21, 2026 BANKRUPTCY COURT SUBMISSION

On September 21, 2026, Ms. Walker submitted a motion through the United States Bankruptcy Court for the Southern District of New York Pro Se Upload Tool in:

**In re Purdue Pharma L.P., et al.**
Chapter 11
Case No. **19-23649 (SHL)**

The Bankruptcy Court Pro Se Upload Tool accepted Ms. Walker's submission and issued **Receipt No. 1790027352**.

## II. RELIEF REQUESTED FROM THE BANKRUPTCY COURT

Ms. Walker's September 21, 2026 Bankruptcy Court submission seeks:

**1. LEAVE TO FILE the Bankruptcy Court motion;**

**2. WAIVER OF THE FEE required for Ms. Walker to pursue her already-requested Trust administrative/Special-Master appeal of Purdue PI Claim No. 634787;**

**3. AN ORDER THAT EVERY EXISTING PURDUE PI VICTIM WITH A VALID KROLL-ISSUED CLAIM NUMBER TRANSMITTED TO THE PURDUE PI TRUST AND TRUST ADMINISTRATOR EDGAR GENTLE BE ACCEPTED, WITH OR WITHOUT THE EVIDENCE NOW BEING REQUIRED, because Purdue PI victims should not be punished for approximately six years of delay they did not cause or for post-*Harrington* changes to the claims process;**

**4. A HEARING DATE ON MS. WALKER'S UNRESOLVED THIRD-PARTY RELEASE OPT-IN/REVOCATION ISSUE.**

At the May 20, 2026 hearing, Judge Lane stated:

> **"there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue?"**

May 20, 2026 Hr'g Tr. 59:15-22.

Judge Lane further stated:

> **"But at some point, we do need to address that so that we can move on."**

May 20, 2026 Hr'g Tr. 61:5-12.

Ms. Walker therefore requested that the Bankruptcy Court provide **a hearing date in writing on her unresolved Third-Party Release opt-in/revocation issue; and**

**5. A WRITTEN BANKRUPTCY COURT ORDER WITHIN SEVEN (7) DAYS specifically stating whether each of Ms. Walker's requests for relief is GRANTED or DENIED.**

Ms. Walker's Bankruptcy Court motion states that after ***Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024)***, the prior Purdue Plan could not proceed as previously confirmed and a new Plan, new vote, new Third-Party Release opt-in process, and new July 28, 2025 Purdue PI claim-form requirement followed.

Ms. Walker contends that the original bankruptcy claim bar date was not changed to provide existing Purdue PI victims a new bankruptcy bar date after *Harrington*, while Purdue PI victims were subsequently required to comply with additional claims requirements after approximately six years of bankruptcy proceedings.

Ms. Walker **provided the July 28, 2025 Purdue PI Claim Form, voted on the new Plan, opted in to the Third-Party Release, revoked her opt-in, and was issued Tier 2 treatment by the Purdue PI Trust.**

The Purdue PI Trust stated concerning Ms. Walker:

> **"The evidence that you provided to the Purdue PI Trust does indicate that you were prescribed a qualifying Purdue opioid."**

The Trust further stated:

> **"We note that the evidence meets the requirements for a Tier 2 claim."**

Ms. Walker maintains that she qualifies for **Tier 1**, including because her medical evidence contains the checked notation:

> **"NO CHANGE IN MEDICATIONS."**

Ms. Walker's Bankruptcy Court motion further states that, absent **another new Plan, another new vote, another Third-Party Release election, and another bar date**, every existing Purdue PI victim with a valid Kroll-issued claim number transmitted to the Purdue PI Trust and Trust Administrator Edgar Gentle should be accepted, with or without the evidence now being required.

## III. PURPOSE OF NOTICE AND RESERVATION OF RIGHTS

Ms. Walker provides this Notice so that the District Court has a record of the **specific relief requested from the Bankruptcy Court on September 21, 2026** if that submission is not docketed or the Bankruptcy Court subsequently enters orders concerning it.

**Ms. Walker has not abandoned her Bankruptcy Court rights, Trust administrative/Special-Master appeal rights, or District Court rights or appeals, and expressly reserves all such rights.**

Ms. Walker further preserves her **First Amendment right "to petition the Government for a redress of grievances."**

**RELIEF REQUESTED**

Ms. Walker requests that this Court:

**1. GRANT LEAVE TO FILE THIS NOTICE; and**

**2. ACCEPT AND DOCKET THIS NOTICE so that the District Court record reflects Ms. Walker's September 21, 2026 Bankruptcy Court submission, the relief requested there, and Ms. Walker's express reservation of her Bankruptcy Court, Trust administrative/Special-Master appeal, and District Court rights.**

Dated: September 21, 2026

Submitted,

____________________________________

**ROSEMARY HELEN ZIZIROS WALKER**

**QUALIFIED DISABLED PRO SE PAUPER**

**CERTIFICATE OF SERVICE**

I, **ROSEMARY HELEN ZIZIROS WALKER**, certify that on September 21, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

**DAVIS POLK & WARDWELL LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

Dated: September 21, 2026

____________________________________

**ROSEMARY HELEN ZIZIROS WALKER**

Appellant, Pro Se

**DISABLED PRO SE PAUPER**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re: PURDUE PHARMA L.P., et al.

**Case No. 7:25-cv-09681-NSR**

**Hon. Nelson S. Román**

**MOTION FOR LEAVE TO FILE NOTICE OF SEPTEMBER 24, 2026 BANKRUPTCY COURT SUBMISSION; NOTICE OF RELIEF REQUESTED FROM THE BANKRUPTCY COURT; AND EXPRESS RESERVATION OF RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, **QUALIFIED DISABLED PRO SE PAUPER**, moves for **LEAVE TO FILE AND DOCKET THIS NOTICE** pursuant to this Court's existing Orders requiring Ms. Walker to obtain leave before filing additional motions.

**I. LEAVE TO FILE**

Ms. Walker requests **LEAVE TO FILE AND DOCKET THIS NOTICE** so that this Court has a current record of the motion and relief Ms. Walker submitted to the United States Bankruptcy Court for the Southern District of New York on September 24, 2026.

This request complies with this Court's May 12, 2026 Memorandum Endorsement requiring Ms. Walker to first seek leave of Court before filing additional motions.

This Notice does not ask this Court to decide the Bankruptcy Court motion in the first instance. It notifies this Court of the relief now requested below and preserves Ms. Walker's individual District Court and appellate rights.

**II. SEPTEMBER 24, 2026 BANKRUPTCY COURT SUBMISSION**

On September 24, 2026, Ms. Walker submitted through the United States Bankruptcy Court for the Southern District of New York Pro Se Upload Tool her:

> **MOTION FOR LEAVE TO FILE AND DOCKET; ACCEPTANCE OF ALL EXISTING no-longer PURDUE PHARMA PERSONAL-INJURY CLAIMS; REMOVAL OF $500 APPEAL TAX; KNOA PHARMA STOCK AS DELAY DAMAGES; IMMEDIATE EMERGENCY STAY; DISQUALIFICATION AND REMOVAL OF JUDGE SEAN H. LANE; REMOVAL OF EDGAR GENTLE AS TRUST ADMINISTRATOR; AND WRITTEN ORDER**
>
> **In re Purdue Pharma L.P., et al.**
> Chapter 11
> Case No. 19-23649 (SHL)

The Bankruptcy Court Pro Se Upload Tool issued **Receipt No. 1790264031** and confirmed that Ms. Walker's document was submitted on **Thursday, September 24, 2026 at 11:33:51 A.M.**

The Bankruptcy Court confirmation states that this is the date and time the document, once approved, is to be filed on the Court's electronic filing system.

**III. RELIEF REQUESTED FROM THE BANKRUPTCY COURT**

1. **LEAVE TO FILE AND DOCKET** the Bankruptcy Court motion;

2. **ACCEPTANCE OF ALL EXISTING no-longer PURDUE PHARMA PERSONAL-INJURY CLAIMANTS WITH A VALID KROLL-ISSUED PURDUE PHARMA CLAIM NUMBER TRANSMITTED TO THE PURDUE PI TRUST AND EDGAR GENTLE THE TRUST ADMINISTRATOR, REGARDLESS OF WHEN ISSUED OR EVIDENCE OR NO EVIDENCE;**

3. **REMOVAL OF THE $500 VICTIM APPEAL TAX;**

4. **KNOA PHARMA STOCK AS DELAY DAMAGES**, in addition to future cash compensation, future medical relief, claim payments, and other damages and remedies as appeals proceed;

5. **AN IMMEDIATE EMERGENCY STAY UNTIL ALL PLAN APPEAL ISSUES ARE RESOLVED;**

6. **DISQUALIFICATION AND REMOVAL OF JUDGE SEAN H. LANE;**

7. **REMOVAL OF EDGAR GENTLE AS TRUST ADMINISTRATOR;**

8. **SANCTIONS FOR ALL UNANSWERED OR UNRESPONDED-TO REQUESTS MADE BY MS. WALKER;**

9. If claimant-wide acceptance is not ordered, **A SPECIFIC DATE FOR MS. WALKER'S SPECIAL MASTER APPEAL HEARING WITH THE $500 FEE WAIVED;**

10. **A SPECIFIC HEARING DATE FOR MS. WALKER'S HARRINGTON CONSENT, REVOCATION, AND OPT-IN/NOT-OPT-IN ISSUE;**

11. **SANCTIONS AND DAMAGES AGAINST MARSHALL HUEBNER** as relief for the “vexatious litigant” statement;

12. **THE REQUESTED TRANSCRIPTS THAT HAVE YET TO BE PROVIDED;** and

13. **A WRITTEN ORDER GRANTING OR DENYING EACH MOTION AND REQUEST FOR RELIEF, WITH THE REASON FOR ANY DENIAL, WITHIN SEVEN DAYS.**

## IV. UNRESOLVED HARRINGTON CONSENT, REVOCATION, AND RELEASE ISSUE

Ms. Walker's unresolved Third-Party Release consent and revocation issue remains directly material to preservation of her individual appellate rights.

On November 14, 2025, Judge Lane told Ms. Walker:

> “There's a deadline to make this decision. You've already done it because you filled out a ballot. But there is -- in your situation, the timeliness of your claim is going to be addressed before what is being referred to as emergence or the effective date.”

Nov. 14, 2025 Hr'g Tr. 60:20-61:2.

Judge Lane further told Ms. Walker:

> “And that means if it is for some reason disallowed, you will not have given any release. And if it is allowed, then the release and your compensation will track. Okay?”

The confirmation record further reflects Judge Lane's recognition of the sequencing problem:

> “It took me awhile to understand why Ms. Walker was so intent on the sequencing of things. And I think that was ultimately her point. How do I know if I want to give this up if I don't know if it actually gets me anything?”

Mr. Huebner then stated concerning changing an earlier election:

> "We'll accept notices from someone saying hey, you know, now that I understand things better, I previously opted either in or not opted in, I would like to change that. So it's a last chance to change what we already did."

A new **March 1, 2026 election-change deadline** was created.

Ms. Walker had already requested an emergency hearing before that deadline. No hearing determining Ms. Walker's consent, revocation, and opt-in/not-opt-in issue occurred before March 1, 2026.

The Plan nevertheless became effective on **May 1, 2026**.

Ms. Walker's late-claim hearing did not occur until **May 20, 2026**.

At that May 20 hearing, Judge Lane acknowledged that Ms. Walker's separate opt-in/opt-out issue remained unresolved:

> "there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue? ... But probably frankly, sometime soon because it needs to be addressed."

May 20, 2026 Hr'g Tr. 59:15-22.

That separate hearing has not occurred.

Ms. Walker therefore again requested in Bankruptcy Court on September 24, 2026 that a **specific hearing date be set for her Harrington consent, revocation, and opt-in/not-opt-in issue.**

## V. RELATION TO THIS DISTRICT COURT APPEAL

Ms. Walker provides this Notice because the September 24 Bankruptcy Court motion concerns matters directly related to the rights Ms. Walker has sought to preserve throughout this District Court proceeding, including:

Ms. Walker's Purdue PI Claim No. **634787**; the treatment and allowance of Purdue PI claims; her Third-Party Release consent and revocation; the March 1, 2026 election-change deadline; the May 1, 2026 Effective Date; her direct Oregon action against Purdue Pharmaceuticals and the Sackler Family, Marion County Circuit Court Case No. **23CV33935**; Due Process and access to the courts; and preservation of meaningful appellate review.

**The relief presented to the Bankruptcy Court also includes acceptance of all existing no-longer Purdue Pharma personal-injury claims meeting the Kroll-issued claim-number requirement, regardless of when issued or evidence or no evidence; KNOA Pharma stock as delay damages; and future medical relief not provided to claimants within the Plan. Ms. Walker contends that the $500 appeal fee is an unfair tax on no-longer Purdue Pharma victims that Oregon Constitution Article I, §§ 42-43 and ORS 147.500-147.550, including ORS 147.502(3), and New York Executive Law §§ 642 and 647 protect victims against. Ms. Walker further contends that granting claimant-wide acceptance eliminates the need for future late-claim hearings, claim appeals, and appeal fees, ending unnecessary delay and expense while saving Court and Debtor resources.**

Ms. Walker provides this Notice so that the District Court record reflects that these issues continue to be presented to the Bankruptcy Court and have not been abandoned.

## VI. IMMEDIATE EMERGENCY STAY REMAINS REQUESTED

Ms. Walker's September 24 Bankruptcy Court motion again requests:

> **AN IMMEDIATE EMERGENCY STAY UNTIL ALL PLAN APPEAL ISSUES ARE RESOLVED.**

Ms. Walker provides notice of that renewed request because Plan implementation and the treatment of Purdue PI claims continue while Ms. Walker's individual Harrington consent, revocation, claim-treatment, and appellate issues remain unresolved.

Nothing in this Notice withdraws, replaces, limits, or abandons any stay or preservation relief Ms. Walker has previously requested in this District Court or any appellate court.

**VII. EXPRESS RESERVATION AND PRESERVATION OF RIGHTS**

This Notice does **not withdraw, replace, waive, supersede, or abandon** any relief previously requested by Ms. Walker.

Ms. Walker expressly reserves and preserves all:

**Bankruptcy Court rights; Purdue PI Trust and Special-Master appeal rights; District Court rights and appeals; Second Circuit rights and appeals; Oregon rights and claims; constitutional issues; ADA and Title rights; Due Process and Equal Protection rights; First Amendment petition rights; and all previously requested relief.**

Ms. Walker further preserves her First Amendment right:

> "**to petition the Government for a redress of grievances.**"

Nothing in this Notice should be construed as consent to any Third-Party Release or as withdrawal of Ms. Walker's revocation of her prior opt-in.

**VIII. RELIEF REQUESTED FROM THIS COURT**

1. **GRANT LEAVE TO FILE THIS NOTICE;**

2. **ACCEPT AND DOCKET THIS NOTICE** so that the District Court record reflects Ms. Walker's September 24, 2026 Bankruptcy Court submission and the relief requested there;

3. **TAKE NOTICE** that Ms. Walker has again requested an immediate emergency stay from the Bankruptcy Court until all Plan appeal issues are resolved;

4. **TAKE NOTICE** that Ms. Walker has again requested a specific hearing date for her unresolved Harrington Third-Party Release consent, revocation, and opt-in/not-opt-in issue;

5. **PRESERVE MS. WALKER'S INDIVIDUAL DISTRICT COURT AND APPELLATE RIGHTS** while the Bankruptcy Court determines the September 24, 2026 motion;

6. **ENTER A WRITTEN ORDER GRANTING OR DENYING LEAVE TO FILE THIS NOTICE;** and

7. **GRANT AN IMMEDIATE EMERGENCY STAY UNTIL ALL PLAN APPEAL ISSUES ARE RESOLVED.**

All of Ms. Walker's rights, appeal rights, constitutional issues, pending appellate issues, Oregon rights, and previously requested relief are **RESERVED AND PRESERVED**.

**Dated: September 24, 2026**

Submitted,

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant, Pro Se
**QUALIFIED DISABLED PRO SE PAUPER**

**CERTIFICATE OF SERVICE**

I, **ROSEMARY HELEN ZIZIROS WALKER**, certify that on September 24, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

**DAVIS POLK & WARDWELL LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

**Dated: September 24, 2026**

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant, Pro Se
**DISABLED PRO SE PAUPER**