**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

IN RE: PURDUE PHARMA L.P., et al.

**ROSEMARY HELEN ZIZIROS WALKER,**
Appellant Pro Se,

v.

**PURDUE PHARMA L.P., et al.,**
Appellees.

Case No. **7:25-cv-09681-NSR**
Hon. Nelson S. Román

**MOTION FOR LEAVE TO FILE; SUPPLEMENTAL NOTICE CONCERNING SACKLER APPEAL AND REARGUMENT; RENEWED EMERGENCY MOTION FOR IMMEDIATE STAY AND HEARING DATE; REQUEST FOR WRITTEN DETERMINATION; AND PRESERVATION OF CONSTITUTIONAL AND APPELLATE RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, QUALIFIED DISABLED PRO SE PAUPER, holder of Purdue Pharma Claim No. 634787, requests leave to file this Supplemental Notice and Renewed Emergency Motion concerning the September 25, 2026 filings of Richard S. Sackler and Lin Gao and the unequal and inconsistent appellate treatment Ms. Walker contends will result if the Sacklers receive a Bankruptcy Court or District Court hearing before Ms. Walker receives a hearing on her substantially earlier appeal requests.

Ms. Walker requests **LEAVE TO FILE, AN IMMEDIATE EMERGENCY STAY, AN IMMEDIATE HEARING DATE, AND A WRITTEN DETERMINATION WITHIN SEVEN (7) DAYS.**

## I. SACKLER APPEAL AND REARGUMENT - EQUAL AND CONSISTENT APPELLATE TREATMENT

On September 25, 2026, Richard S. Sackler and Lin Gao filed Bankruptcy Docs. 9610, 9611, and 9612.

Doc. 9611 seeks Bankruptcy Court reargument or alternative relief.

Doc. 9612 appeals the September 11, 2026 Order and August 21, 2026 bench ruling **"in their entirety."**

Richard S. Sackler and Lin Gao **ARE NONDEBTORS** and are now simultaneously pursuing Bankruptcy Court reargument and District Court appellate review.

Ms. Walker has pursued District Court appellate review since November 2025.

**MS. WALKER HAS YET TO EVEN HAVE ONE APPEAL HEARING SCHEDULED.**

**IF RICHARD S. SACKLER AND LIN GAO RECEIVE A BANKRUPTCY COURT OR DISTRICT COURT HEARING BEFORE MS. WALKER RECEIVES A HEARING ON HER SUBSTANTIALLY EARLIER APPEAL REQUESTS, MS. WALKER CONTENDS THAT SUCH TREATMENT IS NOT FAIR, EQUAL, OR CONSISTENT TREATMENT AND DENIES MS. WALKER EQUAL AND MEANINGFUL ACCESS TO APPELLATE REVIEW.**

**JUSTICE DELAYED IS JUSTICE DENIED.**

## II. RECONSIDERATION OF EXCUSABLE NEGLECT REMAINS UNRESOLVED

Ms. Walker's Bankruptcy Doc. 9426, filed July 3, 2026 and entered July 6, 2026, sought reconsideration concerning the denial of excusable neglect under Fed. R. Bankr. P. 9006(b)(1) and *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

**MS. WALKER HAS YET TO RECEIVE AN INDIVIDUALIZED WRITTEN ORDER RESOLVING HER RECONSIDERATION REQUEST CONCERNING THE DENIAL OF EXCUSABLE NEGLECT.**

Ms. Walker again requests an individualized written determination resolving that reconsideration request.

Represented nondebtor Richard S. Sackler and Lin Gao are now permitted to seek Bankruptcy Court reargument while simultaneously pursuing appellate review, while Ms. Walker's earlier reconsideration request and appeal remain unresolved and Ms. Walker has yet to even have one appeal hearing scheduled.

## III. HARRINGTON CONSENT AND THIRD-PARTY RELEASE REMAIN UNRESOLVED

On November 14, 2025, Marshall Huebner stated:

> "We'll accept notices from someone saying hey, you know, now that I understand things better, I previously opted either in or not opted in, I would like to change that. So it's a last chance to change what we already did."

Nov. 14, 2025 Hr'g Tr. 99:24-100:10.

On February 26, 2026, Marc Tobak stated:

> "March 1st is the deadline to opt into that if you have not yet opted in. And the plan did not provide for you to, if you had already elected to opt in, it did not provide for you to opt out."

Feb. 26, 2026 Hr'g Tr. 84:1-85:7.

Ms. Walker initially opted in to the Third-Party Release and later sought revocation.

**MS. WALKER CHANGED HER PLAN STATEMENT.**

Ms. Walker had already requested an emergency hearing before the March 1, 2026 election-change deadline.

No such hearing occurred before that deadline.

The Plan became effective May 1, 2026.

Ms. Walker's late-claim hearing did not occur until May 20, 2026.

At that hearing, the Bankruptcy Court stated:

> "there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue? and so let me ask folks for their wisdom on that procedurally whether it's going to be handled at a later hearing. But probably frankly, sometime soon because it needs to be addressed."

May 20, 2026 Hr'g Tr. 59:15-22.

Ms. Walker's Third-Party Release consent and revocation therefore **REMAIN UNRESOLVED** after the May 1, 2026 Effective Date.

**MS. WALKER CONTENDS THAT HARRINGTON CONSENT HAS BEEN VIOLATED.**

## IV. EQUAL PROTECTION AND EQUAL ACCESS TO THE COURTS

Ms. Walker asserts her constitutional right to Equal Protection and equal access to the courts.

Ms. Walker contends that permitting represented nondebtor Richard S. Sackler and Lin Gao to obtain reargument and appellate review while Ms. Walker's earlier reconsideration and appellate proceedings remain unresolved presents unequal and inconsistent treatment.

Ms. Walker has pursued District Court appellate review since November 2025 and **HAS YET TO EVEN HAVE ONE APPEAL HEARING SCHEDULED.**

Ms. Walker therefore requests equal and consistent judicial and appellate treatment.

**IF THE SACKLERS RECEIVE A BANKRUPTCY COURT OR DISTRICT COURT HEARING BEFORE MS. WALKER RECEIVES A HEARING ON HER EARLIER APPEAL REQUESTS, MS. WALKER CONTENDS THAT SHE HAS NOT RECEIVED EQUAL AND CONSISTENT ACCESS TO JUDICIAL AND APPELLATE REVIEW.**

**V. AMENDMENT I - PETITION FOR REDRESS, FREEDOM OF THE PRESS, AND ARTICLE II, SECTION 3**

Amendment I protects freedom of speech, **freedom of the press**, and the right **"to petition the Government for a redress of grievances."**

Ms. Walker asserts her Amendment I right to petition the Government for redress and contends that her objections, motions, requests for emergency relief, and requests for judicial determination must be permitted to be filed, docketed, heard, and adjudicated.

Ms. Walker contends that Judge Sean H. Lane has infringed Ms. Walker's Amendment I right to petition for redress through the failure to docket and adjudicate Ms. Walker's objections, motions, requests for emergency relief, and requests for judicial determination.

**MS. WALKER CONTENDS THAT PRESIDENT DONALD J. TRUMP HAS VIOLATED AMENDMENT I OF THE UNITED STATES CONSTITUTION BY INFRINGING ON THE FREE PRESS.**

Article II, Section 3 provides that the President **"shall take Care that the Laws be faithfully executed."**

**MS. WALKER CONTENDS THAT PRESIDENT DONALD J. TRUMP'S VIOLATION OF AMENDMENT I BY INFRINGING ON THE FREE PRESS VIOLATES HIS DUTY UNDER ARTICLE II, SECTION 3. MS. WALKER CONTENDS THAT PRESIDENT DONALD J. TRUMP MUST BE IMMEDIATELY REMOVED FROM OFFICE PURSUANT TO THE UNITED STATES CONSTITUTION AND REQUESTS THAT THIS CONTENTION BE PLACED ON THE RECORD.**

Ms. Walker is fighting for the United States Constitution and Bill of Rights to matter and to be enforced.

Ms. Walker's right to petition the Government for redress is her constitutional right as an American citizen.

**VI. DUE PROCESS AND ACCESS TO THE COURTS - BROKEN COURT FILING SYSTEMS**

The Bankruptcy Court and District Court pro se electronic upload tools have not been functioning when Ms. Walker has attempted to submit her filings.

**MS. WALKER CONTENDS THAT SHE CANNOT BE PUNISHED, PREJUDICED, DEFAULTED, DENIED REVIEW, OR HAVE ANY RIGHT WAIVED OR FORFEITED BECAUSE COURT WEBSITES AND PRO SE ELECTRONIC FILING SYSTEMS WERE NOT FUNCTIONING WHEN SHE ATTEMPTED TO FILE.**

Ms. Walker raises this as a **DUE PROCESS AND ACCESS-TO-COURTS ISSUE** and requests preservation of every filing, objection, motion, appeal, and request for relief affected by those court-system failures.

Ms. Walker provides her current Wells Fargo account balance showing an available balance of **-$11.60** as evidence of her present financial circumstances.




**VII. DUE PROCESS, EQUAL PROTECTION, ADA & TITLE RIGHTS, AND REMAINING CONSTITUTIONAL AND APPELLATE RIGHTS**

Ms. Walker expressly preserves her **Due Process rights, Equal Protection rights, ADA & Title rights, access-to-courts rights, disability-access rights, Article III rights, and meaningful-appellate-review rights.**

Ms. Walker further preserves Purdue Pharma Claim No. 634787; her Third-Party Release consent and revocation rights; her rights in **Marion County Circuit Court Case No. 23CV33935**; Connecticut creditor and probate rights; Purdue PI Trust and Special-Master rights; Bankruptcy Court rights in **Case No. 19-23649 (SHL)**; District Court rights in **Case No. 7:25-cv-09681-NSR**; Second Circuit rights in **Case No. 26-1235**; United States Supreme Court rights; and all objections, appeals, sanctions, damages, accounting, disgorgement, and requests for relief previously asserted.

**VIII. IMMEDIATE EMERGENCY STAY, IMMEDIATE HEARING DATE, AND WRITTEN DETERMINATION**

Ms. Walker **HAS YET TO EVEN HAVE ONE APPEAL HEARING SCHEDULED.**

Ms. Walker contends that **A STAY SHOULD HAVE BEEN ISSUED PRIOR TO CONFIRMATION AND THE PLAN NEVER SHOULD HAVE GONE EFFECTIVE WHILE THE SACKLERS HAD STILL**

**NOT MET THE SHAREHOLDER AGREEMENT DATES.**

The Sacklers are now simultaneously pursuing Bankruptcy Court reargument and District Court appellate review.

If the Sacklers receive a Bankruptcy Court or District Court hearing before Ms. Walker receives a hearing on her substantially earlier appeal requests, Ms. Walker contends that such treatment is not fair, equal, or consistent.

Ms. Walker therefore requests:

**AN IMMEDIATE EMERGENCY STAY UNTIL ALL APPEAL ISSUES ARE REDRESSED;**

**AN IMMEDIATE HEARING DATE; AND**

**A WRITTEN DETERMINATION WITHIN SEVEN (7) DAYS.**

**IX. RELIEF REQUESTED**

1. **GRANT LEAVE TO FILE AND IMMEDIATELY DOCKET THIS FILING;**

2. recognize that Ms. Walker has pursued District Court appellate review since November 2025 and has yet to even have one appeal hearing scheduled;

3. recognize Ms. Walker's contention that if Richard S. Sackler and Lin Gao receive a Bankruptcy Court or District Court hearing before Ms. Walker receives a hearing on her substantially earlier appeal requests, such treatment is not fair, equal, or consistent treatment;

4. preserve and obtain an individualized written determination concerning Ms. Walker's unresolved reconsideration request regarding the denial of excusable neglect;

5. preserve and obtain determination of Ms. Walker's unresolved Third-Party Release consent and revocation;

6. preserve Ms. Walker's Amendment I right to petition for redress, her contention that President Donald J. Trump violated Amendment I by infringing on the free press, her Equal Protection and Due Process rights, her access-to-courts rights, her ADA & Title rights, and all other constitutional and appellate rights stated herein;

7. prevent any punishment, prejudice, default, waiver, forfeiture, denial of review, or loss of rights arising from the failure of the Bankruptcy Court or District Court pro se electronic filing systems;

8. **GRANT AN IMMEDIATE EMERGENCY STAY UNTIL ALL APPEAL ISSUES ARE REDRESSED;**

9. **SCHEDULE AN IMMEDIATE HEARING DATE;** and

10. **ENTER A WRITTEN ORDER WITHIN SEVEN (7) DAYS GRANTING OR DENYING EACH REQUEST AND STATING THE REASON FOR EVERY DENIAL.**

**ALL RIGHTS, OBJECTIONS, APPEALS, SANCTIONS, DAMAGES, ACCOUNTING, DISGORGEMENT, CONSTITUTIONAL RIGHTS, ADA AND TITLE RIGHTS, AND REQUESTS FOR RELIEF ARE EXPRESSLY RESERVED AND PRESERVED.**

**JUDGES, LAWYERS, THE SACKLERS, NOR THE PRESIDENT OF THE UNITED STATES ARE ABOVE THE LAW.**

Dated: September 28, 2026

Submitted,

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant Pro Se
QUALIFIED DISABLED PRO SE PAUPER

**CERTIFICATE OF SERVICE**

I, ROSEMARY HELEN ZIZIROS WALKER, certify that on September 28, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

**DAVIS POLK & WARDWELL LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

Dated: September 28, 2026

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant, Pro Se
DISABLED PRO SE PAUPER