USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10/02/2026

**MEMORANDUM ENDORSEMENT**
7:25-cv-09681-NSR
In Re: Purdue Pharma L.P.

*Pro se* Appellant Rosemary Helen Ziziros Walker ("Appellant") has filed two letter-motions seeking leave to file notices concerning the September 25, 2026 Bankruptcy Court filings of Richard S. Sackler and Lin Gao and Appellant's September 26, 2026 submission to the Bankruptcy Court. (ECF Nos. 147, 149.) Appellant also renews her requests for an emergency stay and an immediate hearing, seeks written determinations concerning her reconsideration request and Third-Party Release election, and requests preservation of her constitutional and appellate rights. (*Id.*) Her submissions further raise issues concerning accounting, Shareholder Settlement compliance, an asserted fiduciary conflict, and difficulties accessing electronic filing systems. (*Id.*)

The Court previously directed Appellant to seek leave before filing further motions. (*See* ECF Nos. 104, 109, 116, 120, 124, 129, 135, 142, 144.) Although Appellant has now sought leave, many of the requests described in her submissions repeat requests the Court has previously denied. (*See* ECF Nos. 55, 81, 83, 104, 107, 108, 117–19, 123, 131–34, 138–39, 143, 148.) The cited developments concerning other parties' Bankruptcy Court filings do not provide a basis to renew those requests or to schedule an immediate hearing in this appeal. The remaining requests concern matters separate from the merits of the bankruptcy appeal currently before this Court. Appellant's assertions concerning filing-system difficulties do not provide a basis for the emergency relief requested in these submissions. To the extent Appellant raises arguments relevant to the merits of her pending appeal, the Court will consider any properly preserved arguments in resolving that appeal. Appellant's requests for leave to file the notices, an emergency stay, an immediate hearing, and other relief sought in these submissions are DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to *pro se* Appellant Rosemary Helen Ziziros Walker at the address listed on ECF, note service on the docket, and terminate the motions at ECF Nos. 147 and 149.

Dated: October 2, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**IN RE: PURDUE PHARMA L.P., et al.**

**ROSEMARY HELEN ZIZIROS WALKER,**
Appellant Pro Se,

v.

**PURDUE PHARMA L.P., et al.,**
Appellees.

**Case No. 7:25-cv-09681-NSR**
Hon. Nelson S. Román

**MOTION FOR LEAVE TO FILE; NOTICE OF MATERIAL BANKRUPTCY COURT DEVELOPMENTS; RENEWED REQUEST FOR EMERGENCY STAY; AND PRESERVATION OF APPELLATE RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, Appellant Pro Se, a **QUALIFIED DISABLED PRO SE PAUPER**, moves for leave to file this notice pursuant to this Court's prior Orders requiring Ms. Walker to obtain leave before filing additional motions.

This filing does not ask this Court to adjudicate the Bankruptcy Court matters in the first instance. It provides notice of **material new developments occurring in the Bankruptcy Court on September 25-26, 2026 that directly concern issues already implicated in Ms. Walker's pending appeal**, and requests preservation of meaningful appellate review.

**I. MOTION FOR LEAVE TO FILE**

Ms. Walker requests **LEAVE TO FILE AND DOCKET THIS NOTICE AND RENEWED EMERGENCY-STAY REQUEST.**

This Court has directed Ms. Walker to seek leave before submitting additional motions.

Ms. Walker therefore seeks leave before presenting these subsequent Bankruptcy Court developments to this Court.

The matters identified below concern the **same Plan, Confirmation Order, Third-Party Releases, Sackler parties, accounting, reconsideration, claim treatment, and preservation issues implicated by Ms. Walker's pending appeal.**

**LEAVE SHOULD BE GRANTED SO THAT THESE MATERIAL DEVELOPMENTS ARE PRESERVED IN THE DISTRICT COURT RECORD.**

**II. SEPTEMBER 25, 2026 BANKRUPTCY COURT DEVELOPMENTS**

On September 25, 2026, Richard S. Sackler and Lin Gao filed three related documents in **In re Purdue Pharma L.P., Case No. 19-23649 (SHL)**:

**Bankruptcy Doc. 9610** seeks sealing of materials concerning the RSS Parties' requested reargument and proposed accounting action.

**Bankruptcy Doc. 9611** seeks limited reargument or alternative relief concerning a proposed accounting action involving Sackler-family trusts.

Doc. 9611 represents:

> "The RSS Parties have complied with the Order."

**Bankruptcy Doc. 9612** is a Notice of Appeal by Richard S. Sackler and Lin Gao appealing the September 11, 2026 Order and August 21, 2026 bench ruling **"in their entirety."**

Thus, represented nondebtor Sackler parties are simultaneously seeking Bankruptcy Court reargument and appellate review concerning Plan and Confirmation Order enforcement.

These are material post-appeal developments that Ms. Walker requests this Court preserve in connection with her pending appeal.

## III. MS. WALKER'S SEPTEMBER 26, 2026 BANKRUPTCY COURT FILING

On September 26, 2026, Ms. Walker prepared and transmitted to the Bankruptcy Court and served her:

**MOTION FOR LEAVE TO FILE AND DOCKET; OBJECTION TO DOCS. 9610 AND 9611; RESPONSE TO DOC. 9612; RENEWED EMERGENCY STAY; REQUEST FOR FULL ACCOUNTING, RECONSIDERATION ORDER, SHAREHOLDER-COMPLIANCE DETERMINATION, SANCTIONS, FIDUCIARY RELIEF, DISQUALIFICATION, AND PRESERVATION OF RIGHTS.**

The Bankruptcy Court's pro se electronic upload page was not functioning when Ms. Walker attempted to submit the filing on September 26, 2026.

The Court's pro se upload page returned:

> "Object not found!"

and:

> "Error 404"

at approximately **9:20 a.m. on September 26, 2026**.

Ms. Walker therefore transmitted the filing by email at approximately **9:23 a.m. on September 26, 2026** and requested acknowledgment of receipt.

Ms. Walker does **not** represent to this Court that the Bankruptcy filing has been docketed unless and until the Bankruptcy Court confirms docketing.

She provides notice that it was **submitted/transmitted and served on September 26, 2026 after the Bankruptcy Court's pro se upload system failed.**

## IV. ACCOUNTING AND SEALED INFORMATION

Ms. Walker's Bankruptcy filing objects to Bankruptcy Doc. 9610 to the extent sealing prevents affected creditors from obtaining information necessary to determine the accuracy of representations concerning Sackler accounting, trusts, transfers, Plan implementation, Shareholder Settlement performance, or compliance.

This is material to Ms. Walker's pending appellate issues because the RSS Parties themselves have placed accounting and compliance before the Bankruptcy Court.

Doc. 9611 states:

> “The RSS Parties have complied with the Order.”

Ms. Walker requests a transaction-level accounting sufficient to determine the relevant source, recipient, transfer date, account or trust, present balance, distributions, reserves, charges, and supporting records concerning Plan and Sackler funds.

Ms. Walker further requests that no sealing order prevent meaningful judicial or appellate review of information necessary to determine Plan and Confirmation Order compliance.

**V. SHAREHOLDER SETTLEMENT AND COMPLIANCE**

Ms. Walker's Bankruptcy filing requests a written determination concerning whether Richard S. Sackler and Lin Gao timely completed all obligations required by the Plan, Confirmation Order, Shareholder Settlement Agreements, and implementation documents.

The Bankruptcy record previously established deadlines for execution and completion of specified settlement documents.

Ms. Walker therefore requested clear answers to the following:

**HAVE ALL DOCUMENTS REQUIRED OF RICHARD S. SACKLER AND LIN GAO BEEN SIGNED?**

**HAVE ALL SHAREHOLDER AGREEMENT, SHAREHOLDER SETTLEMENT, PLAN, CONFIRMATION ORDER, AND RELATED IMPLEMENTATION DOCUMENTS REQUIRED OF RICHARD S. SACKLER AND LIN GAO BEEN FULLY EXECUTED AND DELIVERED?**

**WERE ALL REQUIRED DOCUMENTS SIGNED, EXECUTED, AND DELIVERED BY THEIR APPLICABLE DEADLINES?**

Ms. Walker further requested identification of the actual execution and delivery dates and corresponding Bankruptcy docket or record location.

These questions are material because Doc. 9611 now represents:

> “The RSS Parties have complied with the Order.”

**VI. RECONSIDERATION AND EQUAL PROCEDURAL TREATMENT**

Bankruptcy Doc. 9611 invokes reconsideration authority while Bankruptcy Doc. 9612 simultaneously preserves appellate review for Richard S. Sackler and Lin Gao.

Ms. Walker's **Bankruptcy Doc. 9426**, filed July 3, 2026 and entered July 6, 2026, addressed Fed. R. Bankr. P. 9006(b)(1), excusable neglect, **Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)**, treatment of Ms. Walker's late claim, and reconsideration of the Bankruptcy Court's treatment of her claim.

**MS. WALKER HAS NOT BEEN PROVIDED AN INDIVIDUALIZED WRITTEN ORDER RESOLVING HER RECONSIDERATION REQUEST.**

Ms. Walker therefore asks this Court to preserve this subsequent procedural development as relevant to her pending appellate arguments concerning Rule 9006(b)(1), Pioneer, claim treatment, reconsideration, and meaningful appellate review.

**VII. THIRD-PARTY RELEASE REMAINS UNRESOLVED**

Ms. Walker initially opted into the Sackler Third-Party Release and subsequently sought revocation.

The Plan became effective **May 1, 2026**.

At the May 20, 2026 hearing, after the Effective Date, the Bankruptcy Court stated concerning Ms. Walker's opt-in/opt-out issue:

> “there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue? ... But probably frankly, sometime soon because it needs to be addressed.”

**May 20, 2026 Hr'g Tr. 59:15-22.**

Ms. Walker therefore continues to preserve the unresolved Third-Party Release consent and revocation issue in this appeal.

**VIII. MS. WALKER'S OREGON ACTION AGAINST THE SACKLER FAMILY**

Ms. Walker has an existing civil action in the **Marion County Circuit Court, State of Oregon, Case No. 23CV33935**, filed August 21, 2023, asserting claims against **Purdue Pharmaceuticals and the Sackler Family**.

The Bankruptcy Court's July 1, 2026 decision expressly addressed the distinction between Ms. Walker's Purdue claim and her rights against the nondebtor Sacklers:

> “The Court notes that in denying Ms. Walker's late filed claim, this denial does not affect her legal rights as to any claims she may have against the Sacklers in her state court lawsuit as the Sacklers are not Debtors in this case.”

**In re Purdue Pharma L.P., 2026 WL 1905691, n.6 (Bankr. S.D.N.Y. July 1, 2026).**

This subsequent Bankruptcy dispute is therefore directly material to preservation of Ms. Walker's asserted rights concerning the Sackler Third-Party Release and her pending Oregon action against the Sackler Family.

**IX. RICHARD SACKLER FIDUCIARY CONFLICT ISSUE**

Ms. Walker's September 26 Bankruptcy filing additionally raises a conflict issue concerning **Richard S. Sackler's identified position as co-fiduciary of the Estate of Beverly Sackler, Connecticut Probate No. 19-00460**.

Ms. Walker contends that Richard Sackler's fiduciary position creates a direct conflict because Ms. Walker has asserted preserved claims against the Sackler Family in Oregon while asserting creditor rights potentially involving Sackler assets and estates.

Ms. Walker has asked the Bankruptcy Court to determine matters within its jurisdiction concerning Richard Sackler's authority under or affecting the Plan, Confirmation Order, Shareholder Settlement, bankruptcy trusts, and assets within the Bankruptcy Court's authority.

Ms. Walker has further requested written findings that may be transmitted to the **Greenwich Probate Court, District No. PD-54**, concerning the Estate of Beverly Sackler, No. 19-00460, so that the Connecticut Probate

Court may determine any probate-fiduciary issue within its jurisdiction.

Ms. Walker provides this Court notice of that issue because it directly concerns the nondebtor Sackler parties, Ms. Walker's preserved state-court claims, and the effect of the unresolved Third-Party Release.

## X. BANKRUPTCY COURT FILING ACCESS

Ms. Walker's September 26 submission also preserves her objections concerning access to the Bankruptcy Court.

On September 26, the Bankruptcy Court's pro se upload tool again returned a **404 error** when Ms. Walker attempted to use it.

Ms. Walker preserved a contemporaneous screenshot of the failure and then transmitted her filing by email approximately three minutes later.

Ms. Walker provides notice of the September 26 filing-access failure as part of the record concerning her ability as a qualified disabled pro se pauper to preserve her Bankruptcy and appellate rights.

## XI. RENEWED EMERGENCY STAY

Ms. Walker again requests an **IMMEDIATE EMERGENCY STAY** sufficient to preserve meaningful appellate review while the material issues described above remain unresolved.

The need for preservation is reinforced by the September 25 filings themselves.

Richard S. Sackler and Lin Gao are simultaneously seeking reargument in Bankruptcy Court, seeking relief concerning Sackler trust accounting, seeking sealing of underlying materials, and pursuing appellate review of the September 11 Order and August 21 bench ruling in their entirety.

Ms. Walker contends that continued implementation while these matters remain unresolved risks further impairment of the relief available through her pending appeal.

Ms. Walker therefore requests preservation of the status quo until the relevant appellate, accounting, Third-Party Release, reconsideration, and Shareholder-compliance issues are resolved.

## XII. PRESERVATION OF APPELLATE RIGHTS

Ms. Walker requests that this filing be accepted as notice and preservation of subsequent material developments rather than treated as an attempt to replace her existing appellate record or abandon any previously preserved issue.

Ms. Walker expressly preserves her pending Bankruptcy appeal; Purdue Pharma Claim No. 634787; her Rule 9006(b)(1) and Pioneer issues; her Third-Party Release consent and revocation; her Oregon claims against the nondebtor Sacklers; her accounting and Shareholder-compliance issues; her First and Fifth Amendment rights; her ADA and Title rights; her access-to-courts rights; her requests for sanctions and damages; her Bankruptcy Court rights; her District Court rights; her Second Circuit rights; and her United States Supreme Court rights.

## XIII. RELIEF REQUESTED

Ms. Walker requests that this Court:

1. **GRANT LEAVE TO FILE AND DOCKET THIS DOCUMENT;**

2. accept notice of Bankruptcy Docs. **9610, 9611, and 9612** and Ms. Walker's September 26, 2026 Bankruptcy submission responding to those documents;

3. recognize that Ms. Walker transmitted the September 26 Bankruptcy filing by email after the Bankruptcy Court pro se upload system returned a 404 error, without treating transmission as proof of Bankruptcy Court docketing;

4. preserve the September 25-26 developments insofar as they bear upon issues properly preserved in Ms. Walker's pending appeal;

5. preserve Ms. Walker's Rule 9006(b)(1), Pioneer, reconsideration, Third-Party Release, accounting, Shareholder-compliance, Oregon, constitutional, ADA and Title, and access-to-courts issues;

6. **GRANT AN IMMEDIATE EMERGENCY STAY SUFFICIENT TO PRESERVE MEANINGFUL APPELLATE REVIEW WHILE THE MATERIAL PLAN, ACCOUNTING, SHAREHOLDER-COMPLIANCE, THIRD-PARTY RELEASE, RECONSIDERATION, AND APPEAL ISSUES REMAIN UNRESOLVED;**

7. preserve Ms. Walker's rights against the nondebtor Sacklers consistent with the Bankruptcy Court's July 1, 2026 recognition that denial of her late-filed Purdue claim does not affect whatever legal rights she may have against the Sacklers in her state-court lawsuit because the Sacklers are not Debtors;

8. preserve Ms. Walker's notice concerning Richard Sackler's asserted fiduciary conflict and the related Connecticut Probate issue;

9. preserve all relief and issues previously raised by Ms. Walker to the extent properly before this Court; and

10. **ENTER A WRITTEN ORDER GRANTING OR DENYING THIS REQUEST FOR LEAVE AND RENEWED EMERGENCY STAY AND STATING THE BASIS FOR THE COURT'S DETERMINATION.**

**ALL RIGHTS, OBJECTIONS, APPEALS, SANCTIONS, DAMAGES, ACCOUNTING, DISGORGEMENT, CONSTITUTIONAL RIGHTS, ADA AND TITLE RIGHTS, AND REQUESTS FOR RELIEF ARE EXPRESSLY RESERVED AND PRESERVED.**

**JUDGES, LAWYERS, THE SACKLERS, NOR THE PRESIDENT OF THE UNITED STATES ARE ABOVE THE LAW.**

Dated: September 26, 2026

Submitted,

______________________________

**ROSEMARY HELEN ZIZIROS WALKER**
Appellant Pro Se
**QUALIFIED DISABLED PRO SE PAUPER**

## CERTIFICATE OF SERVICE

I, ROSEMARY HELEN ZIZIROS WALKER, certify that on September 26, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

DAVIS POLK & WARDWELL LLP

AKIN GUMP STRAUSS HAUER & FELD LLP

HERBERT SMITH FREEHILLS KRAMER (US) LLP

Dated: September 26, 2026

____________________________________

ROSEMARY HELEN ZIZIROS WALKER
Appellant, Pro Se
DISABLED PRO SE PAUPER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

IN RE: PURDUE PHARMA L.P., et al.

**ROSEMARY HELEN ZIZIROS WALKER,**
Appellant Pro Se,

v.

**PURDUE PHARMA L.P., et al.,**
Appellees.

Case No. **7:25-cv-09681-NSR**
Hon. Nelson S. Román

**MOTION FOR LEAVE TO FILE; SUPPLEMENTAL NOTICE CONCERNING SACKLER APPEAL AND REARGUMENT; RENEWED EMERGENCY MOTION FOR IMMEDIATE STAY AND HEARING DATE; REQUEST FOR WRITTEN DETERMINATION; AND PRESERVATION OF CONSTITUTIONAL AND APPELLATE RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, QUALIFIED DISABLED PRO SE PAUPER, holder of Purdue Pharma Claim No. 634787, requests leave to file this Supplemental Notice and Renewed Emergency Motion concerning the September 25, 2026 filings of Richard S. Sackler and Lin Gao and the unequal and inconsistent appellate treatment Ms. Walker contends will result if the Sacklers receive a Bankruptcy Court or District Court hearing before Ms. Walker receives a hearing on her substantially earlier appeal requests.

Ms. Walker requests **LEAVE TO FILE, AN IMMEDIATE EMERGENCY STAY, AN IMMEDIATE HEARING DATE, AND A WRITTEN DETERMINATION WITHIN SEVEN (7) DAYS.**

**I. SACKLER APPEAL AND REARGUMENT - EQUAL AND CONSISTENT APPELLATE TREATMENT**

On September 25, 2026, Richard S. Sackler and Lin Gao filed Bankruptcy Docs. 9610, 9611, and 9612.

Doc. 9611 seeks Bankruptcy Court reargument or alternative relief.

Doc. 9612 appeals the September 11, 2026 Order and August 21, 2026 bench ruling **"in their entirety."**

Richard S. Sackler and Lin Gao **ARE NONDEBTORS** and are now simultaneously pursuing Bankruptcy Court reargument and District Court appellate review.

Ms. Walker has pursued District Court appellate review since November 2025.

**MS. WALKER HAS YET TO EVEN HAVE ONE APPEAL HEARING SCHEDULED.**

**IF RICHARD S. SACKLER AND LIN GAO RECEIVE A BANKRUPTCY COURT OR DISTRICT COURT HEARING BEFORE MS. WALKER RECEIVES A HEARING ON HER SUBSTANTIALLY EARLIER APPEAL REQUESTS, MS. WALKER CONTENDS THAT SUCH TREATMENT IS NOT FAIR, EQUAL, OR CONSISTENT TREATMENT AND DENIES MS. WALKER EQUAL AND MEANINGFUL ACCESS TO APPELLATE REVIEW.**

**JUSTICE DELAYED IS JUSTICE DENIED.**

**II. RECONSIDERATION OF EXCUSABLE NEGLECT REMAINS UNRESOLVED**

Ms. Walker's Bankruptcy Doc. 9426, filed July 3, 2026 and entered July 6, 2026, sought reconsideration concerning the denial of excusable neglect under Fed. R. Bankr. P. 9006(b)(1) and *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

**MS. WALKER HAS YET TO RECEIVE AN INDIVIDUALIZED WRITTEN ORDER RESOLVING HER RECONSIDERATION REQUEST CONCERNING THE DENIAL OF EXCUSABLE NEGLECT.**

Ms. Walker again requests an individualized written determination resolving that reconsideration request.

Represented nondebtor Richard S. Sackler and Lin Gao are now permitted to seek Bankruptcy Court reargument while simultaneously pursuing appellate review, while Ms. Walker's earlier reconsideration request and appeal remain unresolved and Ms. Walker has yet to even have one appeal hearing scheduled.

## III. HARRINGTON CONSENT AND THIRD-PARTY RELEASE REMAIN UNRESOLVED

On November 14, 2025, Marshall Huebner stated:

> "We'll accept notices from someone saying hey, you know, now that I understand things better, I previously opted either in or not opted in, I would like to change that. So it's a last chance to change what we already did."

Nov. 14, 2025 Hr'g Tr. 99:24-100:10.

On February 26, 2026, Marc Tobak stated:

> "March 1st is the deadline to opt into that if you have not yet opted in. And the plan did not provide for you to, if you had already elected to opt in, it did not provide for you to opt out."

Feb. 26, 2026 Hr'g Tr. 84:1-85:7.

Ms. Walker initially opted in to the Third-Party Release and later sought revocation.

**MS. WALKER CHANGED HER PLAN STATEMENT.**

Ms. Walker had already requested an emergency hearing before the March 1, 2026 election-change deadline.

No such hearing occurred before that deadline.

The Plan became effective May 1, 2026.

Ms. Walker's late-claim hearing did not occur until May 20, 2026.

At that hearing, the Bankruptcy Court stated:

> "there is still an issue about this opt-in, opt-out about Ms. Walker feels very strongly, was on my list to talk about, to say, when are we going to schedule a hearing on that issue? and so let me ask folks for their wisdom on that procedurally whether it's going to be handled at a later hearing. But probably frankly, sometime soon because it needs to be addressed."

May 20, 2026 Hr'g Tr. 59:15-22.

Ms. Walker's Third-Party Release consent and revocation therefore **REMAIN UNRESOLVED** after the May 1, 2026 Effective Date.

**MS. WALKER CONTENDS THAT HARRINGTON CONSENT HAS BEEN VIOLATED.**

## IV. EQUAL PROTECTION AND EQUAL ACCESS TO THE COURTS

Ms. Walker asserts her constitutional right to Equal Protection and equal access to the courts.

Ms. Walker contends that permitting represented nondebtor Richard S. Sackler and Lin Gao to obtain reargument and appellate review while Ms. Walker's earlier reconsideration and appellate proceedings remain unresolved presents unequal and inconsistent treatment.

Ms. Walker has pursued District Court appellate review since November 2025 and **HAS YET TO EVEN HAVE ONE APPEAL HEARING SCHEDULED.**

Ms. Walker therefore requests equal and consistent judicial and appellate treatment.

**IF THE SACKLERS RECEIVE A BANKRUPTCY COURT OR DISTRICT COURT HEARING BEFORE MS. WALKER RECEIVES A HEARING ON HER EARLIER APPEAL REQUESTS, MS. WALKER CONTENDS THAT SHE HAS NOT RECEIVED EQUAL AND CONSISTENT ACCESS TO JUDICIAL AND APPELLATE REVIEW.**

## V. AMENDMENT I - PETITION FOR REDRESS, FREEDOM OF THE PRESS, AND ARTICLE II, SECTION 3

Amendment I protects freedom of speech, **freedom of the press**, and the right **"to petition the Government for a redress of grievances."**

Ms. Walker asserts her Amendment I right to petition the Government for redress and contends that her objections, motions, requests for emergency relief, and requests for judicial determination must be permitted to be filed, docketed, heard, and adjudicated.

Ms. Walker contends that Judge Sean H. Lane has infringed Ms. Walker's Amendment I right to petition for redress through the failure to docket and adjudicate Ms. Walker's objections, motions, requests for emergency relief, and requests for judicial determination.

**MS. WALKER CONTENDS THAT PRESIDENT DONALD J. TRUMP HAS VIOLATED AMENDMENT I OF THE UNITED STATES CONSTITUTION BY INFRINGING ON THE FREE PRESS.**

Article II, Section 3 provides that the President **"shall take Care that the Laws be faithfully executed."**

**MS. WALKER CONTENDS THAT PRESIDENT DONALD J. TRUMP'S VIOLATION OF AMENDMENT I BY INFRINGING ON THE FREE PRESS VIOLATES HIS DUTY UNDER ARTICLE II, SECTION 3. MS. WALKER CONTENDS THAT PRESIDENT DONALD J. TRUMP MUST BE IMMEDIATELY REMOVED FROM OFFICE PURSUANT TO THE UNITED STATES CONSTITUTION AND REQUESTS THAT THIS CONTENTION BE PLACED ON THE RECORD.**

Ms. Walker is fighting for the United States Constitution and Bill of Rights to matter and to be enforced.

Ms. Walker's right to petition the Government for redress is her constitutional right as an American citizen.

## VI. DUE PROCESS AND ACCESS TO THE COURTS - BROKEN COURT FILING SYSTEMS

The Bankruptcy Court and District Court pro se electronic upload tools have not been functioning when Ms. Walker has attempted to submit her filings.

**MS. WALKER CONTENDS THAT SHE CANNOT BE PUNISHED, PREJUDICED, DEFAULTED, DENIED REVIEW, OR HAVE ANY RIGHT WAIVED OR FORFEITED BECAUSE COURT WEBSITES AND PRO SE ELECTRONIC FILING SYSTEMS WERE NOT FUNCTIONING WHEN SHE ATTEMPTED TO FILE.**

Ms. Walker raises this as a **DUE PROCESS AND ACCESS-TO-COURTS ISSUE** and requests preservation of every filing, objection, motion, appeal, and request for relief affected by those court-system failures.

Ms. Walker provides her current Wells Fargo account balance showing an available balance of **-$11.60** as evidence of her present financial circumstances.




**VII. DUE PROCESS, EQUAL PROTECTION, ADA & TITLE RIGHTS, AND REMAINING CONSTITUTIONAL AND APPELLATE RIGHTS**

Ms. Walker expressly preserves her **Due Process rights, Equal Protection rights, ADA & Title rights, access-to-courts rights, disability-access rights, Article III rights, and meaningful-appellate-review rights.**

Ms. Walker further preserves Purdue Pharma Claim No. 634787; her Third-Party Release consent and revocation rights; her rights in **Marion County Circuit Court Case No. 23CV33935**; Connecticut creditor and probate rights; Purdue PI Trust and Special-Master rights; Bankruptcy Court rights in **Case No. 19-23649 (SHL)**; District Court rights in **Case No. 7:25-cv-09681-NSR**; Second Circuit rights in **Case No. 26-1235**; United States Supreme Court rights; and all objections, appeals, sanctions, damages, accounting, disgorgement, and requests for relief previously asserted.

**VIII. IMMEDIATE EMERGENCY STAY, IMMEDIATE HEARING DATE, AND WRITTEN DETERMINATION**

Ms. Walker **HAS YET TO EVEN HAVE ONE APPEAL HEARING SCHEDULED.**

Ms. Walker contends that **A STAY SHOULD HAVE BEEN ISSUED PRIOR TO CONFIRMATION AND THE PLAN NEVER SHOULD HAVE GONE EFFECTIVE WHILE THE SACKLERS HAD STILL**

**NOT MET THE SHAREHOLDER AGREEMENT DATES.**

The Sacklers are now simultaneously pursuing Bankruptcy Court reargument and District Court appellate review.

If the Sacklers receive a Bankruptcy Court or District Court hearing before Ms. Walker receives a hearing on her substantially earlier appeal requests, Ms. Walker contends that such treatment is not fair, equal, or consistent.

Ms. Walker therefore requests:

**AN IMMEDIATE EMERGENCY STAY UNTIL ALL APPEAL ISSUES ARE REDRESSED;**

**AN IMMEDIATE HEARING DATE; AND**

**A WRITTEN DETERMINATION WITHIN SEVEN (7) DAYS.**

**IX. RELIEF REQUESTED**

1. **GRANT LEAVE TO FILE AND IMMEDIATELY DOCKET THIS FILING;**

2. recognize that Ms. Walker has pursued District Court appellate review since November 2025 and has yet to even have one appeal hearing scheduled;

3. recognize Ms. Walker's contention that if Richard S. Sackler and Lin Gao receive a Bankruptcy Court or District Court hearing before Ms. Walker receives a hearing on her substantially earlier appeal requests, such treatment is not fair, equal, or consistent treatment;

4. preserve and obtain an individualized written determination concerning Ms. Walker's unresolved reconsideration request regarding the denial of excusable neglect;

5. preserve and obtain determination of Ms. Walker's unresolved Third-Party Release consent and revocation;

6. preserve Ms. Walker's Amendment I right to petition for redress, her contention that President Donald J. Trump violated Amendment I by infringing on the free press, her Equal Protection and Due Process rights, her access-to-courts rights, her ADA & Title rights, and all other constitutional and appellate rights stated herein;

7. prevent any punishment, prejudice, default, waiver, forfeiture, denial of review, or loss of rights arising from the failure of the Bankruptcy Court or District Court pro se electronic filing systems;

8. **GRANT AN IMMEDIATE EMERGENCY STAY UNTIL ALL APPEAL ISSUES ARE REDRESSED;**

9. **SCHEDULE AN IMMEDIATE HEARING DATE;** and

10. **ENTER A WRITTEN ORDER WITHIN SEVEN (7) DAYS GRANTING OR DENYING EACH REQUEST AND STATING THE REASON FOR EVERY DENIAL.**

**ALL RIGHTS, OBJECTIONS, APPEALS, SANCTIONS, DAMAGES, ACCOUNTING, DISGORGEMENT, CONSTITUTIONAL RIGHTS, ADA AND TITLE RIGHTS, AND REQUESTS FOR RELIEF ARE EXPRESSLY RESERVED AND PRESERVED.**

**JUDGES, LAWYERS, THE SACKLERS, NOR THE PRESIDENT OF THE UNITED STATES ARE ABOVE THE LAW.**

Dated: September 28, 2026

Submitted,

______________________________
**ROSEMARY HELEN ZIZIROS WALKER**
Appellant Pro Se
QUALIFIED DISABLED PRO SE PAUPER

**CERTIFICATE OF SERVICE**

I, ROSEMARY HELEN ZIZIROS WALKER, certify that on September 28, 2026, I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:

**DAVIS POLK & WARDWELL LLP**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

Dated: September 28, 2026

______________________________
**ROSEMARY HELEN ZIZIROS WALKER**
Appellant, Pro Se
DISABLED PRO SE PAUPER