USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: PURDUE PHARMA L.P., et al.

ROSEMARY HELEN ZIZIROS WALKER,
Appellant Pro Se,

v.

PURDUE PHARMA L.P., et al.,
Appellees.

Case No. 7:25-cv-09681-NSR

Hon. Nelson S. Román
MOTION FOR LEAVE TO FILE; UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THIS IS A ****REQUEST TO FILE LEAVE**** I AM BEGGING PLEASE ALLOW ME TO AMENDMENT I.

RE: YOUR MAIL TO ME DATED 9.29.2026 & 10.2,26 I **RECEIVED 10.13.26 & 10.16.2026 NEW EMERGENCY STAY REQUEST MOTION & MOTION FOR AN IN PERSON HEARING AS THERE IS NO MEETING OF THE LAW MINDS IF THE COURT DOESNOT UNDERSTAND THE HARRINGTON CONSENT ISSUE THAT IS CLEARLY ON RECORD IN THE 11.14.25 HEARING TRANSCRIPT OF THE BANKRUPTCY CONFIRMATION VERY CLEARLY. I AM NOT A LAWYER. NONE OF THIS MAKES ANY SENSE TO ME HOW I HAVE NOT BEEN HEARD OR SEEMINGLY READ AT ALL.

ROSEMARY HELEN ZIZIROS WALKER, QUALIFIED DISABLED PRO SE PAUPER, holder of Purdue Pharma Claim No. 634787, requests leave to file i do not know what else you want from me judge ramon I AM A QUALIFIED DISABLED AMERICAN WITH NEUROLOGICAL ISSUES.

THE DOCUMENTS YOU RETURNED CLEARLY READ MS WALKER IS REQUESTING LEAVE. IF I AM NOT DOING LAW RIGHT & AM NOT PROVIDED THE SAME EQUAL PROTECTIONS THAT CRIMINALS GET A LAWYER TO ENFORCE AND PROTECT MY RIGHTS INCLUDING ADA AND TITLE BOTH RIGHTS AND FINES WHEN THOSE RIGHTS ARE VIOLATED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

**MEMORANDUM ENDORSEMENT**
7:25-cv-09681-NSR
In Re: Purdue Pharma L.P.

*Pro se* Appellant Rosemary Helen Ziziros Walker ("Appellant") has filed two letter-motions seeking leave to docket notices of motions she submitted to the Bankruptcy Court on September 21 and 24, 2026. (ECF Nos. 145–46.) The motions described in those notices seek, among other things, changes to the treatment of personal injury claims, waiver of an appeal fee, a hearing concerning Appellant's Third-Party Release election, an emergency stay, and removal of the Bankruptcy Judge and Trust Administrator.

The Court previously directed Appellant to seek leave before filing further motions. (*See* ECF Nos. 104, 109, 116, 120, 124, 129, 135, 142, 144.) Although Appellant has now sought leave, many of the requests described in her submissions repeat requests the Court has previously denied. (*See* ECF Nos. 55, 81, 83, 104, 107, 108, 117–19, 123, 131–34, 138–39, 143.) The remaining requests concern matters separate from the merits of the bankruptcy appeal currently before this Court. To the extent Appellant raises arguments relevant to the merits of her pending appeal, the Court will consider any properly preserved arguments in resolving that appeal. Appellant's requests to docket the notices are therefore DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to *pro se* Appellant Rosemary Helen Ziziros Walker at the address listed on ECF, note service on the docket, and terminate the motions at ECF Nos. 145 and 146.

Dated: September 29, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**Case No. 7:25-cv-09681-NSR**
Hon. Nelson S. Román

**MOTION FOR LEAVE TO FILE; NOTICE OF MATERIAL BA
DEVELOPMENTS; RENEWED REQUEST FOR EMERGENCY STAY
APPELLATE RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, Appellant Pro Se, a **QUALIFIE PAUPER**, moves for leave to file this notice pursuant to this Court's prior Or obtain leave before filing additional motions.

This filing does not ask this Court to adjudicate the Bankruptcy Court matter notice of **material new developments occurring in the Bankruptcy Court directly concern issues already implicated in Ms. Walker's pending appe** meaningful appellate review.

**I. MOTION FOR LEAVE TO FILE**

Ms. Walker requests **LEAVE TO FILE AND DOCKET THIS NOTICE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 10/02/2026

**MEMORANDUM ENDORSEMENT**
7:25-cv-09681-NSR
In Re: Purdue Pharma L.P.

*Pro se* Appellant Rosemary Helen Ziziros Walker ("Appellant") has filed two letter-motions seeking leave to file notices concerning the September 25, 2026 Bankruptcy Court filings of Richard S. Sackler and Lin Gao and Appellant's September 26, 2026 submission to the Bankruptcy Court. (ECF Nos. 147, 149.) Appellant also renews her requests for an emergency stay and an immediate hearing, seeks written determinations concerning her reconsideration request and Third-Party Release election, and requests preservation of her constitutional and appellate rights. (*Id.*) Her submissions further raise issues concerning accounting, Shareholder Settlement compliance, an asserted fiduciary conflict, and difficulties accessing electronic filing systems. (*Id.*)

The Court previously directed Appellant to seek leave before filing further motions. (*See* ECF Nos. 104, 109, 116, 120, 124, 129, 135, 142, 144.) Although Appellant has now sought leave, many of the requests described in her submissions repeat requests the Court has previously denied. (*See* ECF Nos. 55, 81, 83, 104, 107, 108, 117–19, 123, 131–34, 138–39, 143, 148.) The cited developments concerning other parties' Bankruptcy Court filings do not provide a basis to renew those requests or to schedule an immediate hearing in this appeal. The remaining requests concern matters separate from the merits of the bankruptcy appeal currently before this Court. Appellant's assertions concerning filing-system difficulties do not provide a basis for the emergency relief requested in these submissions. To the extent Appellant raises arguments relevant to the merits of her pending appeal, the Court will consider any properly preserved arguments in resolving that appeal. Appellant's requests for leave to file the notices, an emergency stay, an immediate hearing, and other relief sought in these submissions are DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to *pro se* Appellant Rosemary Helen Ziziros Walker at the address listed on ECF, note service on the docket, and terminate the motions at ECF Nos. 147 and 149.

Dated: October 2, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**IN RE: PURDUE PHARMA L.P., et al.**

**ROSEMARY HELEN ZIZIROS WALKER,**
Appellant Pro Se,

v.

**PURDUE PHARMA L.P., et al.,**
Appellees.

**Case No. 7:25-cv-09681-NSR**
Hon. Nelson S. Román

**MOTION FOR LEAVE TO FILE; NOTICE OF MATERIAL BANKRUPTCY COURT DEVELOPMENTS; RENEWED REQUEST FOR EMERGENCY STAY; AND PRESERVATION OF APPELLATE RIGHTS**

ROSEMARY HELEN ZIZIROS WALKER, Appellant Pro Se, a **QUALIFIED DISABLED PRO SE PAUPER**, moves for leave to file this notice pursuant to this Court's prior Orders requiring Ms. Walker to

First I appealed the purdue pharmaceutical lp bankruptcy plan confirmation almost an entire year ago.

I have requested emergency stay after emergency stay FOR VERY GOOD REASONS JUDGE RAMON.

11.18.25 transcript

23 MS. WALKER: Well, the stay -- a stay is, so that
24 everything is held right where it is when I applied for the
25 appeal and the stay.

Page 10

Veritext Legal Solutions

212-267-6868 www.veritext.com 516-608-2400

The question is why have you also delayed delayed delayed as the bankruptcy court did delayed delayed delayed until my ms walkers rights were denied quasi i have never even existed in this case since 2023 or early 2024 when davis polk not me joined my marion county oregon case 23CV33935 to the 19-23649 sdny bankruptcy, that violates harrington consent and my rights to pursue my sackler family law suit and that is the catch-22 since neither the court nor debtors kept their on record words to me ms walker.

11.14.26 transcript page 100 lines 4-21

4 THE COURT: Right.
5 MR. HUEBNER: We'll accept notices from someone
6 saying hey, you know, now that I understand things better, **I**
**7 previously opted either in or not opted in, I would like to**
**8 change that.** So it's a last chance to change what we
9 already did. It's not a whole new process for giving people
10 a new election deadline.
11 THE COURT: All right. And I think it's important
12 to point out when talking about meritorious claim, people
13 who are not bankruptcy, people think meritorious, think
14 trial, think evidence, ultimate conclusion. That's not what
15 that term means here. There's a standard set forth in the
16 plan that is purposefully low so as to avoid having
17 extensive time and money spent.
18 So the idea here is to satisfy the "meritorious
19 claim" standard, **the standard is exceedingly low. It is**
**20 evidence that you took the drugs in question, period, full**
**21 stop.**

I have requested a lawyer, you judge ramon responded i didn't show i tried to find legal aid so i provided them email after email…..and pretty sure filled out the form again but i was dropped in a malfunctioning elevator so don't count my memory on that for sure.
i have contacted every single organization, including disability rights oregon, all the bars, lawyers my aunt told me to try, every law school, my legal dream team lawyers, every constitutional lawyer on tv…..
if we can't afford the bills to enforce our rights….we have no rights and that can not be a thing judge ramon.

When one of these things isnot like the other it is not fair equal nor just….you are a bar member the debtors have lawyers i have no lawyer and am not a lawyer in the most complex case in her story.

I have requested the pacer waiver per pacer emailing me i had to get a waiver for the fees i have no pacer waiver being a qualified pauper.

I have requested a hearing since i filed my appeal to the bankruptcy plan confirmation that is almost a year ago. Debtors wrote in their brief to this court they can not trace $1.1 BILLION USD and you judge ramon have failed to do a thing to enforce the frbp code

I have requested per frpb Rule 3008. Reconsidering an Order Allowing or Disallowing a Claim to have my after effective denial of my claim due to the inconsistent treatment of late claims and pioneer that ms walker meets with evidence and had already been issued a tier 2 ms walker argues and appeals should be tier 1 judge ramon. MY RIGHTS CAN NOT SIMPLY BE DELAYED UNTIL EXTINGUISHED & MS WALKER AN AMERICAN VICTIM HAS NO RIGHTS AT ALL.

JUDGE RAMON PURDUE PHARMA NO LONGER EVEN EXISTS YET THE BANKRUPTCY COURT IS STILL HAVING LATE CLAIM HEARINGS AND THE SACKLERS HAVE YET TO EXECUTE DOCUMENTS.

THE DEBTORS WROTE IN THEIR BRIEF TO THIS COURT ON PAGE 26 THEY CAN NOT TRACE $1.1 BILLION USD AND YOU HAVE FAILED TO DO A THING TO ORDER AN ACCOUNTING THE BANKRUPTCY COURT HAS NOT DONE & IT IS A DISTRICT COURT DOCUMENT DEBTORS MADE THE STATEMENT WHEN THE ENTIRE POINT OF A BANKRUPTCY IS THE MONEY. IT IS ALL ABOUT MONEY.

THIS COURT TOO HAS DELAYED AND DENIED MS WALKER ME MY RIGHT TO AMENDMENT I AND TO DUE PROCESS. I AM NOT A LAWYER. I AM DOING THE VERY BEST I CAN WITH ONGOING MEDICAL CONDITIONS JUDGE RAMON.

Rule 9005 excuses what not reciprocal errors by disabled not lawyer paupers everyone can error and misrepresent me. That is not fair.



| | Related Parties | Action Type | State | Underlying Plaintiff(s) (Last, First) | Case Caption | Court/Case Number |
|---|---|---|---|---|---|---|
| 560. | Richard S. Sackler; the Estate of Jonathan D. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; the Estate of Beverly Sackler; Beverly Sackler; Theresa Sackler; David A. Sackler; Marianna Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974 | Individual | Oregon | Walker, Rosemary | Walker v. Purdue Pharmaceuticals L.P., et al. | Or. Cir. Ct., Marion Cnty. 23CV3393 |
| 561. | The Purdue Frederick Company Inc. | Third Party Payor | Pennsylvania | AFSCME District Council 33 Health & Welfare Fund | AFSCME District Council 33 Health & Welfare Fund v. Purdue Pharma L.P., et al. | C.P. Philadelphia 180302269 |
| 562. | The Purdue Frederick Company Inc. | Third Party Payor | Pennsylvania | AFSCME District Council 47 Health & Welfare Fund | AFSCME District Council 47 Health & Welfare Fund v. Purdue Pharma L.P., et al. | C.P. Philadelphia 180302255 |
| 563. | The Purdue Frederick Company Inc. | Third Party Payor | Pennsylvania | Bricklayers and Allied Craftworkers Local Union No. 1 of PA/DE Health and Welfare Fund | Bricklayers and Allied Craftworkers Local Union No. 1 of PA/DE Health and Welfare Fund v. Purdue Pharma L.P., et al. | C.P. Philadelphia 180302256 |

WRONG CASE #

158

I thought everything with the courts was fine now and proceeding.

Doc 9439 7.10.26

3 As explained in the Court's decision on her late filed claim motion, Ms. Walker retains any rights that she has to sue the Sacklers, who are not debtors in these bankruptcy cases. In re Purdue Pharma L.P., 2026 WL 1905691 (Bankr. S.D.N.Y. July 1, 2026) n.6 (noting that only claimants can participate in the Sackler settlement). 19-23649-shl Doc 9439 Filed 07/10/26 Entered 07/10/26 12:55:43 Main Document Pg 2 of 8
3

I AM A PARTY OF INTEREST $16K + USD OF INTEREST. I STILL GET A TRUST APPEAL AS EDGAR GENTLE AND THE PURDUE PI TRUST ISSUED ME A TIER 2. THE DEBTORS WERE GOING TO ALLOW MY CLAIM AS TIMELY ONLY IF I GAVE UP MY APPEAL RIGHTS.

Then there i the other case I had no idea about.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

Tammi M. Hellwig
Clerk of Court

May 27, 2026

Rosemary Helen Ziziros Walker
1111 Waller Street se
Salem, OR 97302

Re: 1:26-cv-03711-AS In Re: Purdue Pharma L.P.

Dear Rosemary Helen Ziziros Walker
This letter is to notify you that a Notice of Assignment/Reassignment has been entered in the above-entitled action to the **Hon. Arun Subramanian**

Tammi M. Hellwig
Clerk of Court

By: Brenton Cong
Deputy Clerk

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007
OFFICIAL BUSINESS

NEW YORK NY 100
29 MAY 2026PM 14

quadient
FIRST-CLASS MAIL
IMI
$000.74
05/28/2026 ZIP 10007
043M31233901
US POSTAGE

Rosemary Helen Ziziros Walker
1111 Waller Street se
Salem, OR 97302

97302-296211

I got that letter from this court. suddenly a dismissal was posted on kroll luckily i check even though the court will not accept any of my petitions as this court is doing. Ai noticed there was a different case number. I have never gotten any other document about this case number i am aware of. Not that i am not overwhelmed and none of this is helping my health at all. I am in a constant state of extreme stress and upset that aggravates my other issues. The arthritis in my hands make all of this almost impossible to keep up when when i have flare ups and my hands will not work. As you are aware if you have read my documents after i got the letter i was writing to you judge ramon and the new judge. Obviously this has all been VERY CONFUSING FROM MY FIRST FILING 25-9681 then i provided my brief in time there was a hearing scheduled AFTER 3.1.26 i was annoyed with wasn't right away as that also negated the point of the new deadline to change our consent.

Again debtors NEVER CHANGED IN THE PLAN i voted on the 13th amended plan yet we are on 18th…..how was there no new plan vote so the vote was bull shit and moot all along like the opt in if the court and debtors delay long enough the company no longer even exists so now what……then judge ramon you 'consolidated' us under my case that makes no sense at all when my case now is not just about the plan as no one did anything to stay tro halt pause the case in 2025 when it would have mattered and we would not be AFTER EFFECTIVE yet at this point hearings will go on in perpetuity. Yet in the 2nd circuit we are not consolidated at all. NONE OF THIS MAKES ANY SENSE AT ALL.

I have never given up trying to ensure i respond to every single thing then i am defamed and called names then if i do not respond debtors and court say or type 'no one responded or

objected' i can not win for losing even having very important yes consent so harrington issues with the bankruptcy plan WHY I APPEALED OBJECTED TO THE CONFIRMATION yet have yet to be heard before a jury of my peers.

Why can edgar gentle not answer the very simple question the bankruptcy court did verbal gymnastics just this month to avoid a response HOW MANY ALLOWED PURDUE PHARMA PI NON NAS CLAIMS IN TIER 1 & 2 & NAS CLAIMS ARE THERE? HOW MANY DISALLOWED CLAIMS?

I asked this question on record in a transcript i have yet to be provided judge ramon. THIS ISNOT DUE OR ANY PROCESS. MY RIGHT TO PETITION HAS BEEN INFRINGED WHEN I HAVE EVERY RIGHT TO APPEAL THE BANKRUPTCY COURT SAID SO ON RECORD NOT THAT SO FAR THE RECORD MEANS A THING.

WHERE ARE MY RIGHTS CONSTITUTIONAL ADA TITLE PRO BONO LAWYER PACER WAIVER ALL OF THEM JUDGE RAMON……MY LIVING TIME LEFT IS OF MY ESSENCE.

JUSTICE DELAYED IS JUSTICE DENIED i hear.

rosemary helen ziziros walker 10.24.26 8:27am
qualified disabled pro se pauper obviously totally confused about how law works in America

CERTIFICATE OF SERVICE

I, ROSEMARY HELEN ZIZIROS WALKER, certify that on 10.24.26 , I served a true and correct copy of the foregoing by email, pursuant to email-service permission, upon counsel for the parties at:
DAVIS POLK & WARDWELL LLP marshall huebner
AKIN GUMP STRAUSS HAUER & FELD LLP arik preis mitchell hurley sara brauner katherine porter theodore salven
HERBERT SMITH FREEHILLS KRAMER (US) LLP david blabey rachel ringer kenneth eckstein

The sdny dot gov website is still not functional for ms walker this isnot accessible.




Pro se Appellant Rosemary Helen Ziziros Walker ("Appellant") has filed a letter-motion seeking leave to file a renewed request for an emergency stay and an in-person hearing. (ECF No. 151.) Appellant also requests the appointment of pro bono counsel, faults the Court for not ordering an accounting, references her request for reconsideration of the disallowance of her late-filed claim, and reiterates her arguments concerning her Third-Party Release election. (Id.) Her submission further raises questions concerning a separate action bearing a different docket number and renews her assertions concerning difficulties accessing electronic filing systems. (Id.)
The Court previously directed Appellant to seek leave before filing further motions. (See ECF Nos. 104, 109, 116, 120, 124, 129, 135, 142, 144.) Although Appellant has again sought leave, many of the requests described in her submission repeat requests the Court has previously denied, most recently on October 2, 2026. (See ECF Nos. 55, 81, 83, 104, 107, 108, 117–19, 123, 131–34, 138–39, 143, 148, 150.)

Appellant identifies no new circumstances warranting a different result. Appellant's renewed request for pro bono counsel is DENIED without prejudice for the reasons previously stated. (See ECF No. 19.)
The remaining requests concern matters separate from the merits of the bankruptcy appeal currently before this Court, including matters pending in other proceedings. Appellant's assertions concerning filing-system difficulties do not provide a basis for the emergency relief requested in her submission. To the extent Appellant raises arguments relevant to the merits of her pending appeal, the Court will consider any properly preserved arguments in resolving that appeal. Appellant's request for leave to file, an emergency stay, an in-person hearing, and the other relief sought in her submission are DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Endorsement to pro se Appellant Rosemary Helen Ziziros Walker at the address listed on ECF, note service on the docket, and terminate the motion at ECF No. 151.

Dated: October 30, 2026
White Plains, NY 19

SO ORDERED:



NELSON S. ROMÁN
United States District Judge